IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                                    CIVIL DIVISION

       Plaintiff,                                       NO.    04-356 ERIE

v.                                                    Judge McLaughlin
                                                      **Electronically Filed**

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

       Defendants.

### PLAINTIFF'S MOTION TO COMPEL

    1.      The within case involves Plaintiff's claim of sexual discrimination as a result of being denied a promotion in violation of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-16(a).

    2.      On July 29, 2005, this Honorable Court established a Discovery Schedule provided that Discovery was to be concluded by September 29, 2005.

    3.      The Parties exchanged initial Discovery requests on August 3, 2005 and respective Responses were due by September 3, 2005.

    4.      Defendants' Responses were not forthcoming.

    5.      A Motion for Extension of Time was filed on September 2, 2005.  In response, this Honorable Court granted an Extension of Time to complete Discovery to October 29, 2005.

    6.      Defendant continued to fail to respond to Plaintiff's initial Discovery request and another Motion for Extension of Time was filed by Plaintiff on October 25, 2005.

    7.      In response to Plaintiff's Motion, this Honorable Court granted an Extension of Time to complete Discovery to December 28, 2005.

    8.      On November 9, 2005, Plaintiff served Defendant with Plaintiff's Second Set of

Interrogatories and Request for Production of Documents.  (Exhibit A)

9.       Defendant responded to Plaintiff's original Discovery request on November 17, 2005.  Responses to Plaintiff's second Discovery request were due on December 9, 2005 and Defendant did not respond as required.  Nor was there any contact from Defendant explaining the failure to respond.

10.      On December 14, 2005, Plaintiff  noticed the deposition of  Richard Soltan, Regional Director, of OSHA for December 28, 2005.  (Exhibit B)

11.      In order to avoid a Motion to Compel, the Notice to Mr. Soltan was made *duces tecum* so that he could bring the responses to Plaintiff's second Discovery request to the deposition.

12.      On December 19, 2005, Defendants' counsel contacted Plaintiff's counsel to discuss the depositions and notify Plaintiff's counsel that he had only partial responses to Plaintiff's second Discovery request from Defendant.  Defendants' counsel stated Defendant was questioning whether a complete response would be forthcoming.

13.       On December 22, 2005, Defendants' counsel advised that Mr. Soltan was not available for deposition until after January 2, 2006, and expressed an intent to file a Motion for Extension of Time to Complete Discovery. (Exhibit C)

14.      On December 23, 2005, counsel for the parties discussed Defendants' outstanding response to Plaintiff's second set of discovery requests and Defendants' counsel stated that Defendant would not provide answers on the basis of relevance.

15.      Plaintiff's second Discovery requestsdeal with an investigation by the Office of Inspector General of the United States Department of Labor into a sexually hostile atmosphere at the Erie Office of OSHA.  The requested information is relevant and essential to Plaintiff's

claims in that she alleges that John Stranahan, Area Director of the Erie Area Office,

discriminated against her because of her gender and the investigation will show that Mr.

Stranahan not only tolerated a sexually hostile atmosphere in the Erie Area Office but did not act

to protect the interests of women in regard to the sexually hostile atmosphere.

16.    The investigation is evidence of Mr. Stranahan's favoritism toward  and

protection of males to the detriment of females and it demonstrates a propensity to discriminate

against women by Mr. Stranahan.

17.    Plaintiff cannot complete the depositions without the responses to his second

Discovery request.

WHEREFORE, for all the above reasons, Plaintiff respectfully moves this Honorable

Court to order Defendant to respond to Plaintiff's second Discovery requests by January 15,

2006, and topermit Plaintiff time to conduct depositions until January 31, 2006.

Respectfully submitted,


Date:                                                    /s/ John R. Linkosky
                                                         John R. Linkosky, Esquire
                                                         Attorney for Plaintiff
                                                         **Pa. I.D. No. 66011**
                                                         JOHN LINKOSKY & ASSOC.
                                                         715 Washington Avenue
                                                         Carnegie, PA 15106
                                                         412 278-1280

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DEBORA NOVAKOWSKI,                                    CIVIL DIVISION

      Plaintiff,                                  NO.     04-356 ERIE

v.                                                   Judge McLaughlin
                                                     **Electronically Filed**


ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

      Defendants.

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that an original and one copy of the foregoing Plaintiff's Motion to

Compel was delivered by First Class, United States mail, postage prepaid, on the _____ day

of December 2005, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219


                      /s/ John R. Linkosky
                      John R. Linkosky, Esquire
                      Attorney for Plaintiff