IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                              CIVIL DIVISION

    Plaintiff,                                  NO.    04-356E

v.                                              Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.

## PLAINTIFF'S SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Plaintiff, Debora Novakowski, by and through her undersigned attorney and pursuant to Rule 33 of Federal Rules of Civil Procedure, serves these Interrogatories upon Defendants, Elaine Chao and the United States Department of Labor. These Interrogatories are to be answered fully and completely, in writing and under oath, within thirty (30) days from the date of service hereof.

## INSTRUCTIONS

These Interrogatories are continuing in nature. The Defendants are obligated to provide supplemental answers to each of these Interrogatories in the event that additional information is hereafter obtained or discovered by Defendants, their attorney, or any other person or entity for Defendants or on Defendant's behalf.

Whenever the answer to an Interrogatory requires the identification of any person, Defendants shall provide the following information with respect to each person; full legal name,

1

*Exhibit A*

complete home address, and complete business address, and nature of relationship to Defendants (e.g., friend, supervisor, peer, co-worker, subordinate).

Whenever the answer to an Interrogatory requires the identification of a document, the answer shall describe such document with sufficient particularity so that Plaintiff, by reasonable and appropriate means, can examine the document.

In lieu of identifying particular documents, said documents (or photocopies thereof) can be attached, at Defendants' option, provided that each document is appropriately marked to specify the Interrogatory or portion thereof to which it is responsive.

When the answer to an Interrogatory requires the identification and description of any acts, Defendants shall: (1) describe the substance of the event or events constituting such act and state the date when such act occurred; (2) identify each and every person participating in such act; and (3) identify each and every person witnessing such act.

Answer every Interrogatory.  NO question is to be left blank.  If the answer to an Interrogatory is "none" or "unknown", such statements must be written in the answer.  If the question is inapplicable, "N/A" must be written in the answer.

Whenever a date, amount or other computation or figure is requested, the full and exact date, amount computation or figure is to be given unless it is unknown.  If so, give the best estimate or approximation thereof and note that such answer is an estimate or approximation.

If Defendants are asserting any privilege in lieu of answering any Interrogatory, identify the reason for asserting the privilege, the general substance of the answer you consider to be privileged, the person(s) involved, and the date(s) involved.

## DEFINITIONS

The following Interrogatories are to be answered with reference to the definitions set forth below:

A.    "Plaintiff" means Debora Novakowski.

B.    "Defendants" means Elaine Chao and the United States Department of Labor. When used anywhere in this set of Interrogatories, unless otherwise specified, the word "Defendants" is intended to, and shall embrace and include "Defendants'" attorneys and all agents, servants, employees, consultants, independent contractors, representatives, and any other individual or entity associated with Defendants who may have obtained information for or on behalf of Defendants.

C.    "Person" shall mean any individual, partnership, joint venture, firm, association, corporation or business or any governmental or legal entity.

D.    "Documents" shall mean all written, typed, printed, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody, or control of Defendants, their officers, agents, employees and attorneys, or any of them, including, but not limited to letters correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, analyses, results of investigations, reviews bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, indices, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes,

3

notebooks, drafts, data sheets, specifications, statistical records, tapes, tape recordings, partial or complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, and any other writings, drawings, or records. If any documents were, but are no longer in Defendants' possession or subject to Defendants' control, identify the document.

      E.      "Any" shall also mean "all" and vice versa.

      F.      "Relate to" (or a form thereof), shall mean constituting, reflecting representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussion, evaluating, or relevant to. As indicated, the term necessarily includes information which is in opposition to, as well as in support of, the position(s) and claim(s) of Defendants in this action.

      G.      "Reflect" (or a form thereof), shall mean embody, contain, record, note, refer to, describe, be relevant to, state of mention.

      H.      "Support" (or a form thereof), shall mean advocate, affirm, aid allow, bulwark, confirm, contribute, corroborate, demonstrate, embrace, enable, establish, facilitate, foster, justify, permit maintain, prove promote, reinforce, sustain, verify or vouch.

      I.      The period of time covered by these Interrogatories (unless otherwise specified) is from January 1, 2001 through the present.

## INTERROGATORIES

1.      Please  state any whether any investigation of the Erie Pennsylvania office of OSHA has been conducted by the Office of Inspector General of the U.S. Department of Labor during the period January 2001 to present.

**ANSWER:**

2.      If the answer to Interrogatory No. 1 is yes, please state the purpose of the investigation.

**ANSWER:**

3.      If the answer to Interrogatory No. 1 is yes, please state the complete findings of the investigation.

**ANSWER:**

4.    If the answer to Interrogatory No. 1 is yes, please state the name, address and telephone number of any and all persons who conducted the investigation.

**ANSWER:**

Respectfully submitted,

_John R. Linkosky, Esquire_
**Attorney for Plaintiff**
**Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280

_11/9/05_
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,

    Plaintiff,

v.

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.

CIVIL DIVISION

NO.   04-356E

Judge McLaughlin

## **CERTIFICATE OF SERVICE**

I hereby certify that an original and one copy of the foregoing Plaintiff's Second Set of

Interrogatories Directed to Defendants was delivered by First Class, United States mail, postage

prepaid, on the _____9th_____ day of November 2005, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

            John R. Linkosky, Esquire
            Attorney for Plaintiff

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                                    CIVIL DIVISION

    Plaintiff,                                       NO.    04-356E

v.                                                    Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.

## PLAINTIFF'S SECOND REQUEST
## FOR PRODUCTION OF DOCUMENTS

Plaintiff, Debora Novakowski, by and through her undersigned attorney and pursuant to Rule 34 of Federal Rules of Civil Procedure, requests that Defendants produce the items described hereafter for inspection and copying at the law offices of Plaintiff's attorney, John R. Linkosky, within thirty (30) days from the date of service hereof.

### DEFINITIONS AND INSTRUCTIONS

The word "document" as used herein means the original or any copy of a writing or other form of record preserving information which is or may be in or subject to Defendants (or their counsel or other agent) possession, custody or control. The word "document" also refers to any writing or other form of record of which Defendants have knowledge, whether or not claimed to be privileged against discovery on any ground. "Document" includes, but is not limited to, statement, records, notes, reports, memoranda, correspondence, telegrams, communications, letters, bills, invoices, estimates, schedules, photographs, plans, sketches, drawings, charts, films, microfilm, computer data, and any and all other methods of preserving information. If asserting

that a document is "privileged", you are instructed to provide the following identification

information with regard to each such document: the date, the author, to whom the document was

addressed, the privilege asserted, and a general statement as to the nature of the document.

All documents produced shall be segregated and identified by the paragraph to which they

are primarily responsive. In the event that more than one copy of any document exists, the

original shall be produced as well as every copy of which appears any notations or markings of

any sort not appearing on the original.

## REQUESTS FOR PRODUCTION

1.    Please produce any and all documents which are in any way related to or resulting

from any investigation of the Erie Pennsylvania office of OSHA conducted by the Office of

Inspector General of the United States Department of Labor referred to in Interrogatory No. 1.

Respectfully submitted,

John R. Linkosky, Esquire
**Pa. I.D. No. 66011**
JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
(412) 278-1280
Attorney for Plaintiff

Dated: 11/9/05

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,

    Plaintiff,

v.

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.

CIVIL DIVISION

NO.   04-356E

Judge McLaughlin

## CERTIFICATE OF SERVICE

I hereby certify that the original and one copy of the foregoing Plaintiff's Second Request

for Production of Documents has been served upon the following by First Class, U.S. mail,

postage prepaid this ___9th___ day of November 2005.

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

John R. Linkosky, Esquire
Attorney for Plaintiff

# JOHN LINKOSKY & ASSOC.

ATTORNEYS AT LAW

**715 WASHINGTON AVE.
CARNEGIE, PA 15106
(412) 278-1280
(412) 278-1282 (FAX)**

December 14, 2005

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department Of Justice
Office of the U.S. Attorney
for the Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

*Via Fax & Regular Mail
Fax No. 412 644-6995*

RE:     Debora Novakowski v. Elaine Chao, et al.
        Civil Action No. 04-356E

Dear Mr. Skirtich:

Enclosed please find Notices of Deposition for John Stranahan and Richard Soltan for December 28 , 2005, the last date on which we can conduct Discovery in the above matter. I have requested that Mr. Soltan provide the documents requested in the Plaintiff's Second Request for Production of Documents because I have not received the response that was due on December 9, 2005 to those requests.

Please advise me promptly as to whether Mr. Stranahan and Mr. Soltan are available on that date here in Pittsburgh so that the depositions can either be conducted or I will file a Motion to Compel in regard to Plaintiff's Second Set of Interrogatories and Request for Production of Documents and additional time for the Plaintiff to conduct depositions.

Sincerely yours,

John R. Linkosky, Esquire

JRL/alo

Enclosure

*Exhibit B*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                         CIVIL DIVISION

    Plaintiff,                             NO.    04-356E

v.                                         District Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.


Type of Pleading:

**NOTICE OF DEPOSITION**

Filed on behalf of:
Debora Novakowski, Plaintiff

Counsel of Record for this Party:

**John R. Linkosky, Esquire**
**Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
(412) 278-1280

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                          CIVIL DIVISION

     Plaintiff,                          NO.   04-356E

v.                                          District Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

     Defendants.

## NOTICE OF DEPOSITION

To:    John Stranahan
     c/o Paul E. Skirtich, Esquire
     Assistant U.S. Attorney
     U.S. Post Office & Courthouse
     700 Grant Street, Suite 400
     Pittsburgh, PA 15219

     PLEASE TAKE NOTICE that the deposition of **John Stranahan** will be taken on

**Wednesday, December 28, 2005 at 10:00 a.m.**, at the offices of John Linkosky & Associates,

715 Washington Avenue, Carnegie, PA 15106, for use at trial and for any other purpose

permitted under the Federal Rules of Civil Procedure, before a court reporter duly assigned and

authorized by law to administer oaths. The oral examination will continue day to day until

completion.

     Respectfully submitted,

     John R. Linkosky, Esquire
     Attorney for Plaintiff

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                          CIVIL DIVISION

    Plaintiff,                              NO.    04-356E

v.                                          District Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Notice of Deposition of John

Stranahan has been served upon the following by First Class, United States mail, postage

prepaid, this ___14th___ day of December 2005.

 Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219


John R. Linkosky, Esquire
Attorney for Plaintiff

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                         CIVIL DIVISION

      Plaintiff,                           NO.    04-356E

v.                                         District Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

      Defendants.

Type of Pleading:

**NOTICE OF DEPOSITION
DUCES TECUM**

Filed on behalf of:
Debora Novakowski, Plaintiff

Counsel of Record for this Party:

**John R. Linkosky, Esquire
Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
(412) 278-1280

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                        CIVIL DIVISION

    Plaintiff,                            NO.    04-356E

v.                                        District Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.

## NOTICE OF DEPOSITION DUCES TECUM

To:    Richard Soltan
    c/o Paul E. Skirtich, Esquire
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 400
    Pittsburgh, PA 15219

TAKE NOTICE, that counsel for Plaintiff will take the deposition of **Richard Soltan**, upon oral examination on **Wednesday, December 28, 2005 at 2:00 p.m.** and continuing thereafter until completed. The deposition will be taken at the offices of John Linkosky & Associates, 715 Washington Avenue, Carnegie, PA 15106.

The deponent should bring and produce for purposes of copying the documents listed below:

1.    Document is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 4009(a)(1) of the Pennsylvania Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

2

2.     "You" or "your" refers to Richard Soltan.

## INSTRUCTIONS

1.     You are required to provide all documents available to you, including but not limited to documents in the possession of your attorneys, agents and others under your control and those you have deposited or furnished them.

2.     If you object to providing any information or documents requested below, please state the specific nature of the privilege relied upon, each and every fact giving rise to said privilege, and describe fully the extent to which the privilege is being asserted as to each particular document and describe the document, the author, addressee, all parties copied or furnished a copy, or to whom it is shown to read.

3.     If you are unable to respond to any document request fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state, and answer each such document request to the extent possible.

4.     "And" or "or" as used herein shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to being within the scope of these document requests any information which would otherwise not be within their scope.

5.     All document requests relate to the period January 1, 2001 to present.

## DUCES TECUM

1.      All documents in your possession or control including but not limited to, any documents in response to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents served on November 9, 2005.

John R. Linkosky, Esquire
Attorney for Plaintiff

**Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                              CIVIL DIVISION

    Plaintiff,                                  NO.    04-356E

v.                                              District Judge McLaughlin

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Notice of Deposition Duces

Tecum has been served upon the following by First Class, United States mail, postage prepaid,

this _____*14th*_____ day of December 2005.

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

                        John R. Linkosky, Esquire
                        Attorney for Plaintiff

5



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

PES:caf

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*

*412/644-3500*

December 22, 2005

John Linkosky
John Linkosky & Associates
715 Washington Avenue
Carnegie, PA 15106

**RE:** **Debora Novakowski v. Chao**
      <u>**Civil Action No. 04-356E**</u>

Dear Mr. Linkosky:

As we discussed on Monday, December 19, 2005, enclosed is the Notice of Deposition for the Plaintiff, Debora Novakowski. You will read that the date of the deposition is for Wednesday, December 28, 2005, at noon, at the offices of the U.S. Attorney in Erie, Pennsylvania, but please recall our discussions of this past Monday. Initially, as I told you on Monday, Plaintiff's counsel in another case has already noticed a deposition for December 28, 2005, at 10:00 a.m. at the V.A. Medical Center in Butler; this deposition was noticed before the one in this case. Thus, I will not be available for deposition on December 28, 2005.

Further, as I stated, I agreed that you can take the depositions of both Richard Soltan and John Stranahan outside the period of discovery as I stated I would do with Ms. Novakowski. I offered December 29, 2005, but late yesterday, I learned that Mr. Soltan is not available until after January 2, 2006. Mr. Stranahan is available next week. As to the location of the depositions, I offered our offices in Erie, Pennsylvania, for all three (3) depositions. Added to the mix is my mistaken belief that you were available today and leaving on Friday; my apologies for this error as I realize now that you have departed on holiday. An added problem for my schedule is the fixed date of a jury trial on January 17, 2006 (J. Hardiman) that will garner my attention in the next few weeks.

*Exhibit C*

December 22, 2005
Page 2


In light of the above, I am going to move for a one-month
extension to finalize discovery.  We should be able to conclude
discovery after the trial.  I will send a copy of my motion to
your offices.  In the interim, I hope to be in contact with you
by telephone to discuss this plan.

Very truly yours,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY


PAUL E. SKIRTICH
Assistant U.S. Attorney

Enclosure