IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356E |
| v. | Judge McLaughlin |
| | **Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

# **PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

AND NOW comes the Plaintiff, Debora Novakowski, by and through her counsel John R. Linkosky, Esquire and John Linkosky and Assoc., and files this Motion to Compel Discovery upon the following statement:

1.     On or about November 9, 2005, Plaintiff filed Plaintiff's Second Set of Interrogatories and Requests for Production of Documents.

2.     Defendants did not respond within the required thirty (30) day period and the Parties discussed Defendant's failure to respond on several occasions both orally and via written correspondence.

3.     Defendants ultimately, on December 30, 2005, responded to Plaintiff's Second Discovery Requests, objecting to both the Interrogatories and the Request for Production of Documents on the basis of relevance, that the documents requested to be produced were protected by the Privacy Act, were not available to Defendants because they were the property of and were in the custody and control of the Office of Inspector General of the U.S. Department of

1

Labor which was alleged to be independent of the authority of Defendant Chao (Exhibit A).

4. On or about December 28, 2005, Plaintiff had filed a Motion to Compel Discovery regarding Plaintiff's Second Set of Interrogatories and Request for Production of Documents.

5. Defendants did not respond to Plaintiff's Motion to Compel, but sought a Protective Order which was granted by this Honorable Court and on January 23, 2006, provided answers to Plaintiff's Second discovery requests subject to the Protective Order while maintaining its relevance and other objections.

6. Documents produced by Defendants arose from an investigation by the Office of Inspector General of the U.S. Department of Labor in response to a Complaint by Plaintiff that a sexually hostile atmosphere existed in the Erie Area Office of OSHA and that the sexually hostile atmosphere was tolerated by management.

7. Review of the documents produced indicated that they were incomplete and that they did not contain any copy of Plaintiff's Complaint.

8. In addition, the Investigative Report referred to interviews taken by the Investigators of other employees of the Erie Area Office but no copies of those interviews were produced. (Exhibit B).

9. In order to avoid another Motion to Compel Discovery, Plaintiff's counsel discussed the incomplete response with Defendants' counsel on several occasions, most recently on February 16, 2006, in the presence of his co-counsel, a U.S. Department of Labor Associate Solicitor. Defendants' counsel agreed to obtain Defendants' position in regard to providing the additional documents and advise Plaintiff's counsel. No response was forthcoming.

10. On February 21, 2006, Plaintiff's counsel wrote to Defendants' counsel establishing a deadline for the production of the missing documents.

11. During a conference call on February 21, 2006, with this Honorable Court regarding Defendants' Motion for an Extension of Time, the dispute over Defendants' response to Plaintiff's Second Discovery Request was raised.

12. Defendants' counsel objected to producing the documents on the basis of relevance, lack of custody and/or control by Defendants and that they involved a criminal investigation.

13. In order to resolve the matter, this Honorable Court ordered Plaintiff to file a Motion to Compel Discovery in which an argument regarding the relevance of the documents requested would be provided.

14. The within Motion to Compel and Memorandum of Law in Support thereof, complies with that Order.

WHEREFORE, Plaintiff respectfully moves this Honorable Court to Order Defendants to produce all documents which caused or resulted from the Investigation conducted by the Office of Inspector General of Plaintiff's Charge of a sexually hostile atmosphere existent in the Erie Area Office of OSHA.

Respectfully submitted,

Date:  3/2/06

s/ John R. Linkosky

**John R. Linkosky, Esquire**
**Attorney for Plaintiff**
**Pa. I.D. No. 66011**
JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.    04-356 ERIE |
| v. | Judge McLaughlin<br>**Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the<br>UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing Plaintiff's Motion to Compel Discovery

was *electronically filed*, on the 2nd day of March, 2006, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219


    s/ John R. Linkosky
    John R. Linkosky, Esquire
    Attorney for Plaintiff