IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-356E |
| ) | |
| ELAINE CHAO, SECRETARY, ) | JUDGE McLAUGHLIN |
| AND THE UNITED STATES ) | |
| DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SET OF
INTERROGATORIES AND SECOND REQUEST
FOR PRODUCTION OF DOCUMENTS**

AND NOW, comes the Defendants, Elaine Chao, Secretary, and the United States Department of Labor, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said District, and respectfully responds to Plaintiff's Second Set of Interrogatories and Second Request for Production of Documents as follows:

I. **GENERAL OBJECTIONS**

1.       Defendants object to the "Definitions and Instructions" section of Plaintiff's second set of Interrogatories and Production of Documents to the extent that it purports to require Defendants to undertake any obligation beyond those imposed by the Federal Rules of Civil Procedure or other rules applicable to this action.

EXHIBIT A

2.   Defendants object to Plaintiff's second set of Interrogatories and Production of Documents to the extent that the Request for Production of Documents purports to elicit information beyond the scope of the Complaint filed in this action. Defendants further object to Plaintiff's second set of Production of Documents to the extent that the Request for Production of Documents purports to elicit information which is neither relevant to any issue in such action, nor calculated to lead to the discovery of admissible evidence.

3.   Defendants' investigation into the facts and discovery is continuing in nature. Accordingly, with respect to the responses and objections made herein, Defendants expressly reserve the right to supplement any such response or objection. Each of the specific responses and objections below is expressly made subject to the foregoing general objections.

## II. ANSWERS TO INTERROGATORIES

1.  Please state whether any investigation of the Erie, Pennsylvania, office of OSHA has been conducted by the Office of Inspector General of the U.S. Department of Labor during the period January 2001 to present.

**Answer:** OBJECTION, based on the following grounds: (1) this Interrogatory seeks information not relevant to the non-selection at issue in this matter, information of an internal investigation into the affairs of a co-employee who was not involved in any way with the non-selection of Plaintiff and/or Plaintiff's admissions that the co-employee's activities did not affect Plaintiff's ability to do her duties (see copies of Deposition of Debora Chiz Novakowski, April 22, 2003, pp. 45-50; and copies of EEO hearing testimony, May 20, 2003, pp. 63-66, attached hereto); and (2) the Privacy Act prevents release of the information since any

2

findings would be retrievable by the name of the co-employee, not the Plaintiff.

Without waiving said objections and pursuant to F.R.C.P. 33(b), there was an investigation.

2. If the answer to Interrogatory No. 1 is yes, please state the purpose of the investigation.

**Answer**: OBJECTION, based on the following grounds: (1) this Interrogatory seeks information not relevant to the non-selection at issue in this matter, information of an internal investigation into the affairs of a co-employee who was not involved in any way with the non-selection of Plaintiff and/or Plaintiff's admissions that the co-employee's activities did not affect Plaintiff's ability to do her duties (see copies of Deposition of Debora Chiz Novakowski, April 22, 2003, pp. 45-50; and copies of EEO hearing testimony, May 20, 2003, pp. 63-66, attached hereto); and (2) the Privacy Act prevents release of the information since any findings would be retrievable by the name of the co-employee, not the Plaintiff.

Without waiving said objections and pursuant to F.R.C.P. 33(b), the investigation focused on the illegal and/or improper use of a government computer by a co-employee of Plaintiff's to access pornographic material.

3. If the answer to Interrogatory No. 1 is yes, please state the complete findings of the investigation.

**Answer**: OBJECTION, based on the following grounds: (1) this Interrogatory seeks information not relevant to the non-selection at issue in this matter, information of an internal investigation into the affairs of a co-employee who was not involved in any way with the non-selection of Plaintiff and/or Plaintiff's admissions that the co-employee's activities did not affect Plaintiff's ability to do her duties (see copies of Deposition of Debora Chiz Novakowski, April 22, 2003, pp. 45-50; and copies of EEO hearing testimony, May 20, 2003, pp. 63-66, attached hereto); and (2) the Privacy Act prevents release of the information since any findings would be retrievable by the name of the co-employee, not the Plaintiff.

3

4. If the answer to Interrogatory No. 1 is yes, please state the name, address, and telephone number of any and all persons who conducted the investigation.

**Answer:** OBJECTION, based on the following grounds: (1) this Interrogatory seeks information not relevant to the non-selection at issue in this matter, information of an internal investigation into the affairs of a co-employee who was not involved in any way with the non-selection of Plaintiff and/or Plaintiff's admissions that the co-employee's activities did not affect Plaintiff's ability to do her duties (see copies of Deposition of Debora Chiz Novakowski, April 22, 2003, pp. 45-50; and copies of EEO hearing testimony, May 20, 2003, pp. 63-66, attached hereto); and (2) the Privacy Act prevents release of the information since any findings would be retrievable by the name of the co-employee, not the Plaintiff.

Without waiving said objections and pursuant to F.R.C.P. 33(b), the investigators were Office of Inspector General Special Agents Steve Wilburn and Tracy L. Hapeman, Room 408, 1000 Liberty Avenue, Pittsburgh, PA 15222.

### III. RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce any and all documents which are in any way related to or resulting from any investigation of the Erie, Pennsylvania, office of OSHA conducted by the Office of Inspector General of the United States Department of Labor referred to in Interrogatory No. 1.

**Response:** OBJECTION, based on the following grounds: (1) this request is for information not relevant to the non-selection at issue in this matter, information of an internal investigation into the affairs of a co-employee who was not involved in any way with the non-selection of Plaintiff and/or Plaintiff's admissions that the co-employee's activities did not affect Plaintiff's ability to do her duties (see copies of Deposition of Debora Chiz Novakowski, April 22, 2003, pp. 45-50; and copies of EEO hearing testimony, May 20, 2003, pp. 63-66, attached hereto); (2) the Privacy Act prevents release of the information since any findings would be retrievable by the name of the co-employee, not the Plaintiff; and, (3) to the extent any additional documents exist, they are not available to the Department of Labor. The Office of the Inspector General for the Department of Labor (OIG) is an independent entity within the Department of Labor. The OIG conducts investigations and audits of Department of Labor

programs, operations, and employees. The OIG maintains its own records, and responds directly to any requests for access to its records. The Inspector General is the official custodian for all OIG records and documents, and decisions to release OIG documents are solely within the discretion of the Inspector General. The Defendant does not have control nor possession of materials related to the OIG investigation referred to in Interrogatory No. 1, and the Defendant cannot, under the Inspector General Act, compel the OIG to provide it with such access. Consequently, since the Defendant does not have access to the requested records, any such records cannot be produced.

                                  Respectfully submitted,

                                  MARY BETH BUCHANAN
                                UNITED STATES ATTORNEY

                                */s/ Paul E. Skirtich*
                                PAUL E. SKIRTICH
                                Assistant U.S. Attorney
                                Western District of PA
                                700 Grant Street, Suite 4000
                                Pittsburgh, PA 15219
                                412-894-7418
                                PA ID No. 30440