| Investigative Report | U.S. Department of Lab<br>Office of Inspector General<br>Office of Investigations |  |

Page 1 of 2

| Subject<br>James R. Watson<br>Occupational Safety and Health Administration<br>Compliance Officer<br>Erie, PA | Violation Character<br>DLMS 9, Chapter 1208 (b), (e)(2), (g)<br>Standard of Ethical Conduct | File No. 32-1201-0001 PC |
|---|---|---|
| | | Report Type: Investigative Memorandum |
| | | By: Stephen L. Wilburn |
| | | At: Erie, PA |
| | | Date: April 29, 2005 |
| | | Approved By: |
| | | Reviewed By: |

Distribution                                                     OIG Form 110 (OI - 1/98)

SYNOPSIS:

This investigation was predicated on a July 15, 2004 complaint filed with the Office of Inspector General's Complaint Analysis office by Deborah NOVAKOWSKI, Occupational Safety and Health Administration (OSHA) Compliance Officer, Erie, PA. NOVAKOWSKI alleged that James R. WATSON, OSHA Compliance Officer, Erie, PA, routinely viewed pornographic materials in the Erie, PA OSHA office on his Government issued computer, printed pornographic images using the office printer, viewed pornographic videos using the office TV and VCR, and has been witnessed in a state of undress in the office. NOVAKOWSKI also alledged that OSHA Area Director, John STRANAHAN has not appropriately addressed the issue. NOVAKOWSKI stated WATSON is unstable and may become violent.

Between August 10, 2004 and October 19, 2004, various Erie, PA OSHA employees and managers were interviewed regarding the aforementioned. All persons interviewed had some degree of knowledge that WATSON did in fact use his Government issued computer to view pornographic materials. However, only one employee could provide evidence that they infact witnessed first hand the pornographic material WATSON was viewing. This piece of evidence was in the form of a printed image of a nude male and female engaged in a sexually explicit act. One employee alledged to have seen WATSON watching a pornographic video in the office, however no evidence could be provided to substantiate that allegation. The remainder of the employees interviewed stated they had not actually witnessed WATSON viewing pornographic videos, being in a state of undress, or viewing and printing pornographic images from his office computer.

In his written statement to USDOL/OIG/OLRFI Agents, WATSON admitted to having been seen by a member of the buildings cleaning staff several years ago. WATSON could not recall the specifics surrounding the incident, but believes he would have been changing his cloths to either go into the field for an inspection, or changing to attend some event after work. WATSON and others in the office stated it was not uncommon for employees to change their cloths during the day.

WATSON further admitted in his written statement, to having viewed pornographic images and videos on his Government issued computer, in his cubical, and admitted to printing pornographic images from his computer using printers in the Erie OSHA office. According to WATSON, he began using his Government issued computer to view pornography after Internet services was made available to the Erie OSHA office. WATSON even admitted to having used at least two other employees computers to view pornographic materials subsequent to his computer being seized by USDOL/OIG/OLRFI Agents on October 19, 2004. WATSON

stated he made every attempt to ensure others were not affected by what he termed an addiction to pornography. WATSON denied having ever viewed a pornographic video on the office TV and VCR.

On October 19, 2004, WATSON'S Government issued computer was seized from his desk, in the OSHA office, 3939 West Ridge Road, Erie, PA. At that time WATSON advised USDOL/OIG/OLRFI Agents that upon analysis, evidence he had been viewing pornographic materials would be discovered. The harddrive from WATSON'S Government issued computer was imaged and the contents analysed by a USDOL/OIG/OLRFI Seized Computer Evidence Recovery Specialist (SCERS). The SCERS Agent found that the computer was used to access web sites containing sexually explicit materials. The SCERS Agent also noted that no evidence of child pornography was found.

Specifically, the SCERS Agent found that pornographic images were not stored on the harddrive, but found numerous instances of pornographic images in the temporary Internet cache folders. This occurs when images are accessed on various Internet web sites by the computer operator. More than 600 file images of an adult nature, ranging from provocative nude posing to hard-core images of sex acts were found. A "key word" text search was performed on the various browser and cache files. The "key-word" search disclosed numerous web site addresses the user visited, along with thousands of hits on the word "sex" and "mature". These "key word" hits provide strong evidence that the user, in this case "jwatson" searched for and/or accessed inappropriate web sites to view pornographic images or video files.

This matter was presented to the United States Attorney's Office for the Western District of Pennsylvania, Erie, PA on March 17, 2005. Assistant United States Attorney (AUSA) Christian A. TRABOLD, declined criminal prosecution due to lack of evidence indicating child pornography had been viewed. AUSA TRABOLD also declined to prosecute a time and attendance case, believing the loss to the Government would be insignificant.

This document contains neither recommendations nor conclusions of the Office of Inspector General (OIG). It is the property of the OIG and is loaned