IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356E |
| v. | Judge McLaughlin |
| | **Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY

AND NOW comes the Plaintiff, Debora Novakowski, by and through her counsel John R. Linkosky, Esquire and John Linkosky and Assoc., and files this Memorandum in Support of Plaintiff's Motion to Compel Discovery.

### I.  BACKGROUND

1.      This case involves Plaintiff's claim of gender discrimination in regard to her failure to be selected for promotion in favor of a less qualified male pursuant to Title VII of the Equal Opportunity in Employment Act of 1964 as amended, and the Pennsylvania Human Relations Act.

2.      Plaintiff has made a prima facia case of discrimination.  The case falls when the burden shifting analysis of McDonald Douglas v. Green, 411 U.S. 792 (1973).

3.      Defendants' contend that the male selectee was the best qualified candidate and there was no gender discrimination in his selection.

4.      In order to meet her burden of proof that Defendants' response is pretextual and

that her gender was a factor in her non selection, Plaintiff has engaged in discovery to demonstrate the respective qualifications of the selectee and her and to demonstrate gender based animus on the part of the selecting official.

5.  The documents which are the subject of this Motion to Compel resulted from an investigation of the sexually hostile atmosphere at the Erie Area Office of OSHA conducted by the Office of Inspector General of the U.S. Department of Labor, and are intended to be part of the evidence to show the discriminatory animus of the selecting official and the existence of a discriminatory culture in the Erie Area Office and Philadelphia Region of OSHA.

## II.  ARGUMENT

Parties are permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.  Fed. R. Civ. P. 26(b)(1).

Information sought in discovery need not be admissible at trial if it "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed R. Civ. P. 26(b)(1).

It is well recognized that the federal rules allow broad and liberal discovery.  <u>Pacetti v. Macy's</u>, 193 F.3d 766, 777 (3d Cir. 1999).

Relevance of information sought in discovery is to be construed broadly, <u>Oppenheimer Fund Inc., v. Sanders</u>, 437 U.S. 340, 351 (1978) citing <u>Heckman v. Taylor</u>, 329 U.S. 495, 501 (1947).

The documents sought by Plaintiff are likely to contain information relevant to and essential to Plaintiff demonstrating the pretextual nature of Defendants' reasons for her non-selection for promotion.

1.  **Evidence of a discriminatory culture in the Erie Area Office is relevant to Plaintiff's**

**claims**.

Evidence of discriminatory statements made by managers, decision makers and non-decision makers alike which indicate a discriminatory culture where the employment decisions are made is relevant in a discrimination analysis. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1214 (3d Cir. 1995).

In Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326 (3d Cir. 1995), the Court held that a statement in a company newsletter by the company's Chairman of the Board indicating a favorable attitude toward younger employees was considered to be "probative evidence of the corporate culture in which a company makes its employment decisions." The statement was used to build a circumstantial case of discrimination. Brewer at 72 F.3d 333. In Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), the Supreme Court held that age related comments by a person who was not involved in the employment decision affecting the Plaintiff, were relevant, and evidence of an atmosphere in which the employment decision was carried out. Discriminatory comments even by non-decision makers or statements temporally remote from the decision at issue may be properly used to build a circumstantial case of discrimination. Abrams v. Lightoiler, Inc., 50 F.3d 1204, 1214 (3d Cir. 1995); Lockhart v. Westinghouse, 879 F.2d 43, 54 (3rd Cir. 1989); Roebuck v. Drexell University, 852 F.2d 715, 733 (3rd Cir. 1988); Walden v. Georgia-Pacific Corp., 126 F.3d 506, 520 (3d Cir. 1997).

In the within case, the conduct and statements of John Stranahan, the Area Director of the Erie Area Office of OSHA and the selecting official, regarding complaints of females in the Area Office about the sexually hostile atmosphere in that office are probative of his attitude toward the rights of females.

The interviews of employees by the Office of Inspector General Investigators may contain information regarding Mr. Stranahan's conduct and statements. The Office of Inspector General Report also refers to knowledge by other managers of the viewing of pornography and exposure of pornography by the male employee. The reaction of management other than Mr. Stranahan, or the failure of managers to react to the complaints of female employees is relevant to the culture of discrimination which existed in the Erie Area Office. (Exhibit B, Plaintiff's Motion to Compel).

**2.     The Office of Inspector General Investigation, including statements taken from employees which had been withheld by Defendant is also relevant as to whether a sexually hostile atmosphere existed in the Erie Area Office.**

In Aman v. Cort Furniture Rental Corp., 83 F.3d 1074, 1086 (3d Cir. 1979), the Court held that evidence of a hostile environment to be probative of whether the Plaintiff had been fired due to her race.

Plaintiff contends that Mr. Stranahan disregarded the interests of women by permitting the existence of a sexually hostile atmosphere in the Erie Area Office despite the protests of the women. A supervisor's attitude toward members of a protected class (older workers) and the manner in which he treated them was relevant to whether the supervisor "harbored a discriminatory attitude toward the class and if credited, made the existence of an improper motive for the discharge (an employment decision) more probable". Abrams v. Lightolier, Inc., 50 F.3d 1204, 1214-15 (3d Cir. 1995).

The statements of the employees interviewed by the Office of Inspector General Investigation may provide evidence of their specific complaints of a sexually hostile atmosphere

and Mr. Stranahan's reaction to those complaints and are therefore relevant to Plaintiff's claims.

3. **Evidence that an employer has a history of discriminatory treatment or hostility toward a protected class is relevant to a discrimination claim**.

Mr. Stranahan's tolerance of the sexually hostile atmosphere and the treatment of women in the Erie Area Office is indicative of discriminatory treatment or hostility toward women as a protected class.

Evidence of hostility toward a protected class in the workplace is relevant circumstantial evidence. Estes v. Dick Smith Ford, Inc., 856 F.2d 1097 (8th Cir. 1988); citing Riordan v. Kepiner, 831 F. 690 (7th Cir. 1987). Plaintiff's establishment of a hostile work environment might help a jury decide whether or not the reason for an employment action was pretextual. Glass v. Phila. Elec. Co., 34 F.3d 188, 195 (3d Cir. 1994) quoting Estes at 856 F.2d 1103.

4. **Defendant's allegation of lack of custody or control of the requested documents is contradicted by Defendant's conduct and misleading.**

In response to Plaintiff's previous Motion to Compel regarding the investigation of the Office of Inspector General, Defendants originally refused to provide the documents but then did so under a Protective Order issued by this Honorable Court. The fact that Defendants were able to obtain the documents from the Office of the Inspector General to the extent they had been produced indicates that Defendants have the means to obtain the documents to which this Motion to Compel Discovery refers.

Furthermore, Defendants' claim that the alleged independence of the Office of the Inspector General precludes the Defendants from having access to the investigation results is directly contrary to fact.

The Office of Inspector General (OIG) is under the general supervision of the Secretary and Deputy Secretary of Labor for administrative issues. The OIG staff advises DOL management of the findings of an investigation as they are developed during its course and before issuing a report agency managers are advised of the results to obtain their comments. Prior to a final report, management is requested to comment on the facts, conclusions and OIG recommendations, (Exhibit A, see highlighted sections). Department of Labor document, Exhibit A, clearly demonstrates that Defendants have substantial oversight and control over the investigations conducted by the OIG and must have all the evidence collected, including statements taken, in order to comment as the procedure indicates.

**5.     Defendants claim that the documents requested were involved in a criminal investigation is contradicted by the Report of the Office of Inspector General**.

During the hearing with this Honorable Court on February 21, 2006, Defendants' counsel, as part of Defendants' objection to producing the documents, raised the issue that the Office of Inspector General Investigation was of a criminal nature. The Investigation Report clearly demonstrates that no criminal charges were filed and in fact, conditional immunity from criminal charges was given to Mr. Watson prior to his making any statement. (Exhibit B; see also Exhibit B, Plaintiff's Motion to Compel). There is no evidence that Mrs. Watson's conduct rose to any criminal level nor was the investigation intended to result in a criminal finding.

All of Defendants' reasons for withholding the documents requested by Plaintiff in her Second discovery requests are baseless and contradicted by authority and the facts.

WHEREFORE, for all the above reasons, Plaintiff respectfully requests that this Honorable Court order Defendants to produce all the documents resulting from the Investigation of the Office of Inspector General in the Erie Area Office of OSHA.

                                              Respectfully submitted,

Date:   3/2/06                                      s/ John R. Linkosky

                                              **John R. Linkosky, Esquire**
                                              **Attorney for Plaintiff**
                                              **Pa. I.D. No. 66011**

                                              JOHN LINKOSKY & ASSOC.
                                              715 Washington Avenue
                                              Carnegie, PA 15106
                                              412 278-1280

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | Judge McLaughlin **Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing Plaintiff's Memorandum of Law in Support of Motion to Compel Discovery was *electronically filed*, on the 2nd day of March, 2006, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219


      s/ John R. Linkosky
      John R. Linkosky, Esquire
      Attorney for Plaintiff