AFFIDAVIT

City: Erie
State: Pennsylvania
Date: 4/11/05
Time: 9:20 AM

JAMES R. WATSON, being duly sworn, deposes and states:

I have been advised by Special Agent Stephen L. Wilburn, Office of Inspector General, Department of Labor, of my duty to respond to questions pursuant to an official investigation as follows:

> I AM GOING TO BE ASKED A NUMBER OF SPECIFIC QUESTIONS CONCERNING THE PERFORMANCE OF MY OFFICIAL DUTIES;
>
> I HAVE A DUTY TO REPLY TO THESE QUESTIONS AND DEPARTMENT DISCIPLINARY PROCEEDINGS RESULTING IN MY DISCHARGE MAY BE INITIATED AS A RESULT OF MY ANSWERS; HOWEVER, NEITHER MY ANSWERS NOR ANY INFORMATION OR EVIDENCE WHICH IS GAINED BY REASON OF SUCH STATEMENTS CAN BE USED AGAINST ME IN ANY CRIMINAL PROCEEDINGS, EXCEPT THAT I MAY BE SUBJECT TO CRIMINAL PROSECUTION FOR ANY FALSE ANSWERS THAT I MAY KNOWINGLY GIVE TO THE QUESTIONS ASKED ME;
>
> I FURTHER UNDERSTAND THAT FAILURE TO ANSWER QUESTIONS OR KNOWINGLY FURNISHING FALSE AND/OR MISLEADING INFORMATION COULD BE A BASIS FOR DISMISSAL.

I have read this notice of my duty as a Federal employee. It has been read to me and I understand my responsibilities and rights with regard to this statement.

The following is my response to Agent Wilburn + Agent Hapeman's questions regarding my viewing of pornographic materials on the Government issued computer. While I was a Clerk/Typist with this office, I was involved in an incident that a cleaning person came in as I was changing my clothes. I was counseled by the building owner concerning this.

After becoming a compliance officer with this office, the internet was installed in our office. I started at that time to view pornographic material on the computer. I did this of my own accord and did not

Case Number: 32-1201-0001-BC    Page 1 of 5    Deponent's Initials JRW

EXHIBIT B

Statement of James R. Watson                    Date: 4/11/05

include any other coworkers in these activities. I did occassionally print pictures off of the computer.

A couple of years ago, my Supervisor, Barry Burbage, confronted me and counselled me concerning a printed pornographic picture found on the printer. He advised me to stop and also to seek counseling. I contacted a doctor in Erie through the Government's EAP. When I arrived at the office, the doctor shared the office with another doctor and receptionist that I personally knew. This was awkward and I did not go back after the initial visit. I believed that I could stop on my own, but I eventually could not. I continued to view pornographic material on the computer up until I was confronted by Agents Wilburn + Hageman. Concerning the incident above, I believe that the Area Director, John Stranahan, was aware of this.

Regarding the incident with the female cleaning person, I believe John Stranahan was made aware of this. I believe that I was partially undressed at that time.

During the course of these events, I realize that this was wrong and did several times attempt to stop on my own. These would last a few days or weeks, but would eventually go back to doing it again. As time went on, I viewed the sites more and more. One course of action was to try and stay out of the office so I could not be tempted.

Case Number: 32-1201-0001 RC   PAGE 2 OF 5         Deponent's Initials: JW

Statement of James R. Watson          Date: 4/11/05

I never E-mailed any sites or pictures to anyone else in the office or out of the office. I never saved any sites or pictures to any hard drive. I would bookmark the sites and then delete them. None of this was ever shared with anyone else in the office or out of the office. I muted the sound on the computer and "minimized" the screen whenever anyone approached my cubicle. There was never any set time for this viewing and was done throughout the day. I averaged probably 1-2 hrs. a day. Some days could be more or less.

Concerning my one visit to a counselor, the counselor stated to me that this is an addiction and have to stop on own. I believed I could stop on my own, but found out I could not.

Pictures that I did print out, I took them home for my own personal use. After I was confronted by Agents Wilburn + Hageman last October, I got rid of these pictures through the trash. I also discussed this with my wife for the first time. She did not have any knowledge of this before.

After the October confrontation, I have actually looked at a site on another coworkers computer. I realize this has to be stopped, but I do find it difficult.

I am not aware of anyone else in this office that looks at pornographic sites on the computer.

Case Number: 32-1201-0001 PC   PAGE 3 OF 5          Deponent's Initials JRW

Statement of James R. Watson          Date: 4/11/05

While I was viewing pornographic materials, I did not do any physical activities with myself.

During the years of my viewing these sites, I was very careful to be discrete and not subject other coworkers to any of these activities. To my best knowledge, no one else in this office was subjected to my actions.

As to this whole affair, I am sorry this has happened. I am open to getting outside help to deal with this problem. I do believe that if I can solve this problem, I will not go back to doing it again. I do have too much to lose. JRW

Case Number: 32-130-0001 PC   PAGE 4 OF 5          Deponent's Initials JRW

Statement of James R. Watson          Date: 4/11/05

_[page body crossed out with large diagonal strikethrough and initials "JRW"]_

I have read this statement consisting of 5 pages. I have been given an opportunity to make corrections. This statement is true and correct to the best of my knowledge.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　deponent's signature

Subscribed and sworn before:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Special Agent

　　　　　　　　　　　　　　　　　　Date: 4/11/05

Witnessed by: _____

Title: Special Agent          Case Number: 32-1201-0001 PC

USDOC/OIG