```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    CIVIL ACTION NO. 04-356E
                                )
ELAINE CHAO, SECRETARY, AND THE )    JUDGE McLAUGHLIN
UNITED STATES DEPARTMENT        )
OF LABOR,                       )    ELECTRONICALLY FILED
                                )
          Defendants.           )
```

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ORDER COMPELLING DISCOVERY

AND NOW, come Defendants, Elaine Chao, Secretary, and the United States Department of Labor (DOL), by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said District, and files this Response in Opposition to Plaintiff's Motion for an Order of Court Compelling Discovery.

I. **PLAINTIFF'S MOTION TO COMPEL**

A. **Defendants' Responses to Specific Averments Set Forth in Plaintiff's Motion to Compel**

1. Defendant admits the averments set forth in paragraph 1 of Plaintiff's Motion to Compel Discovery (Plaintiff's Motion).

2. Defendant admits the averments set forth in paragraph 2 of Plaintiff's Motion.

3. Defendant admits the averments set forth in paragraph 3 of Plaintiff's Motion.

4. Defendant admits the averments set forth in paragraph 4 of Plaintiff's Motion.

5. Defendant admits the averments set forth in paragraph 5 of Plaintiff's Motion.

6. Defendant denies the averments set forth in paragraph 6 of Plaintiff's Motion.

7. Defendant denies the averments set forth in paragraph 7 of Plaintiff's Motion.

8. Defendant admits the averments set forth in paragraph 8 of Plaintiff's Motion.

9. Defendant denies the averments set forth in paragraph 9 of Plaintiff's Motion.

10. Defendant denies the averments set forth in paragraph 10 of Plaintiff's Motion.

11. Defendant admits the averments set forth in paragraph 11 of Plaintiff's Motion.

12. Defendant admits the averments set forth in paragraph 12 of Plaintiff's Motion.

13. Defendant admits the averments set forth in paragraph 13 of Plaintiff's Motion.

14. Defendant is without knowledge or belief sufficient to form a belief as to the accuracy of the averments set forth in paragraph 14 of Plaintiff's Motion.

Defendant avers that the paragraph beginning "Wherefore" following paragraph 14 is in the nature of Plaintiff's prayer for relief; that this Court should deny Plaintiff's request; that Plaintiff is not entitled to production of the documents generated during the investigation conducted by the Office of the Inspector General of the alleged unauthorized use of a government computer by an employee; and that Plaintiff is not entitled to any relief whatsoever.

## II.  ARGUMENT

### A.  Statements Taken by OIG Are Not Relevant and Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

In Rule 26(b)(1) of the Fed. R. of Civil Procedure, it is written, "[P]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....[R]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence...."  Plaintiff has failed to make a threshold showing of how the OIG statements are relevant to this non-selection case or could be reasonably calculated to lead to the discovery of admissible evidence.  She has not because she cannot.

Plaintiff has requested that the Department of Labor turn over in this gender based non-selection discrimination action any and all statements taken as a result of an investigation

conducted by the Office of Inspector General (OIG) into the alleged unlawful use of a government computer by an employee at the Erie Occupational Safety and Health Administration (OSHA) Office.  Plaintiff's request must be summarily denied.

At the initial case status conference with this Court and in a subsequent telephonic hearing with this Court, counsel for Plaintiff expressly and unequivocally stated that this case does **not** involve a hostile work environment.  Just as clear is Plaintiff's claim:  an alleged discrete act of gender discrimination concerning her non-selection to a promotion within the Erie OSHA Office.

Plaintiff wants alleged statements of other OSHA employees taken by OIG agents concerning a third-party OSHA employee's unauthorized use of a government computer to be produced. This investigation involves allegations totally unrelated, even remotely, to Plaintiff's non-selection.  Since statements concerning an employee's improper use of a computer will not lead to the discovery of admissible evidence concerning Plaintiff's non-selection, Plaintiff's request must be denied.  Plaintiff has failed to show how these statements are relevant or are reasonably calculated to lead to relevant evidence.  Plaintiff's claim is about her non-selection; it is important to note that the OSHA employee subject to the OIG investigation was <u>not</u> an applicant for the promotion Plaintiff sought and was not involved

in any way with the selection process. Rather, the OIG investigation looked into the unauthorized and unlawful use of a government employee to access pornographic sites for possible criminal referral and/or administrative sanction. (See Declaration of Howard L. Shapiro, dated March 20, 2006, attached hereto and marked as Exhibit 1, para. 4, 5). Statements of OSHA employees about the activities of an OSHA employee illegally using his computer will not lead to admissible evidence which is relevant to Plaintiff's non-selection case.

Plaintiff's references to cases cited in her Motion also fail to support the granting of her Motion. Those cases are different in kind from the instant action since all concern complaints of harassment and/or hostile work environments.

    **B.**    **Alternatively, Defendant Does Not Have Possession and Control of the Requested Documents.**

By Act of Congress, the Inspector General Act of 1978, Public Law 95-452, the Office of the Inspector General for the Department of Labor is tasked to operate as an independent entity within the DOL to detect and prevent fraud, waste, and abuse, among other duties. (See Declaration of Howard L. Shapiro, dated March 20, 2006, attached hereto and marked as Exhibit 1, para. 2). The OIG fulfills its role by conducting investigations and audits of DOL programs, operations, and employees, including OSHA area offices. (Exhibit 1, para. 2). In the course of conducting

investigations and audits, the OIG acts as an "independent and objective unit" within the DOL and not even the Secretary of Labor can "prevent or prohibit [the OIG] from initiating, carrying out, or completing any audit or investigation...." (Exhibit 1, para. 2). To maintain actual and statutory independence, the OIG keeps its own system of records and has the sole responsibility to respond directly to any request for access to it. (Exhibit 1, para. 3). Since it keeps its own records, the Inspector General is the official custodian for all OIG records and documents, and any and all decisions to release these documents are solely within the discretion of the Inspector General. (Exhibit 1, para. 3).

   Plaintiff seeks any and all statements allegedly given by employees of the Erie OSHA Office to investigators of OIG during the course of the investigation into the unlawful use of a government computer by an employee at the Erie OSHA Office. These statements have never been turned over to employees of the Erie OSHA Office or counsel for the DOL. (Exhibit 1, para. 6). The OIG has not provided these requested statements or any other additional documents to the agency since the OSHA office and/or the Agency Counsel did not have any need to use the documents in its administrative process. Further, some of the documents are otherwise privileged. (Exhibit 1, para. 7).

Therefore, since neither the Erie OSHA Office nor agency counsel have access and control over the requested documents, they cannot turn over what they do not possess.  As such, this Court should deny Plaintiff's Motion for the production of these alleged statements since (1) the OIG has sole control of these documents separate and apart from the Erie OSHA Office and/or agency counsel and (2) the documents are not relevant to Plaintiff's claim and are not reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, based upon the above, this Court should summarily deny Plaintiff's Motion to Compel Discovery.

                              Respectfully submitted,

                              MARY BETH BUCHANAN
                              UNITED STATES ATTORNEY

                              s/Paul E. Skirtich
                              PAUL E. SKIRTICH
                              Assistant U.S. Attorney
                              Western District of PA
                              U.S. Post Office & Courthouse
                              700 Grant Street, Suite 4000
                              Pittsburgh, PA 15219
                              (412) 894-7418
                              PA ID No. 30440

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2006, a true and correct copy of the within Defendants' Response in Opposition to Plaintiff's Motion for Order Compelling Discovery was electronically filed and/or served by postage-paid U.S. Mail, to and upon the following:

        John R. Linkosky, Esquire
        John Linkosky & Associates
        715 Washington Avenue
        Carnegie, PA 15106


        s/Paul E. Skirtich
        PAUL E. SKIRTICH
        Assistant U.S. Attorney

Dated: March 23, 2006