# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI,<br>Plaintiff<br><br>vs.<br><br>U.S. DEPARTMENT OF LABOR<br>Defendant | CIVIL DIVISION<br><br>No. 04-356E |

## DECLARATION OF HOWARD L. SHAPIRO

I, Howard L. Shapiro, declare and say:

1. I am the Counsel to the Inspector General of the United States Department of Labor ("DOL" or "The Agency"). I have held this position within the Office of the Inspector General ("OIG") since January, 2003. Previously, I was the Acting Counsel to the Inspector General (during 2002), and I was an Assistant Counsel in this office since 1987. As the Counsel to the Inspector General, I am responsible for a wide range of activities, including providing legal advice to the Inspector General and all other OIG staff, and representing the OIG and its staff in certain proceedings. The statements made in this declaration are based upon my personal knowledge or upon information that is available to me in my official capacity, and are true and correct to the best of my knowledge.

2. By the Act of Congress entitled the Inspector General Act of 1978, Public Law 95-452, the Office of the Inspector General for the Department of Labor, along with similar offices for other cabinet-level departments, was created as an independent entity within DOL, primarily to detect and prevent fraud, waste, and abuse. The OIG generally fulfills this role by conducting investigations and audits of DOL programs, operations, and employees. See P.L. 95-452, §§ 2, 4(a)(1). The OIG acts as an "independent and objective unit" within DOL, and not even the Secretary of Labor can "prevent or prohibit [the OIG] from initiating, carrying out, or completing any audit or investigation ...." See P.L. 95-452, §§ 2, 3(a).

3. To maintain this statutory independence, the OIG maintains its own records, and responds directly to any requests for access to its records. Such requests may come from the Secretary of Labor (or other Department officials acting on her behalf), or through Freedom of Information and Privacy Act requests, third party discovery requests, or other types of document requests. The Inspector General is the official custodian for all OIG records and documents, and decisions to release OIG documents are solely within the discretion of the Inspector General.

4. I have been informed by Assistant United States Attorney Paul Skirtich that the Plaintiff has filed a lawsuit against the U.S. Department of Labor, claiming discrimination by the Agency. I have also been informed by AUSA Skirtich that, as part of the Plaintiff's discovery request to the Agency in this case, the Plaintiff has requested certain documents associated with an investigation conducted by the OIG. This investigation involved allegations made against James Watson, an employee with the Occupational Safety and Health Administration (OSHA).

5. As the Counsel to the Inspector General, I am aware that the OIG provided selected documents concerning its investigation to OSHA management, to assist them in their consideration of possible administrative action against Mr. Watson. I have been informed by AUSA Skirtich that these documents have been provided to the Plaintiff as part of the discovery in this case.

6. To the best of my knowledge, the Agency does not have control nor possession of any other materials or documents related to the OIG's investigation. Further, the Agency cannot, under the Inspector General Act, compel the OIG to provide it with such access.

7. AUSA Skirtich has provided me with a copy of the Plaintiff's Motion to Compel Discovery and the Plaintiff's Memorandum in Support of this Motion. The Plaintiff states (on page 5) of her Memorandum, "The fact that Defendants were able to obtain the documents from the [OIG] to the extent they had been produced indicates that Defendants have the means to obtain the documents to which this Motion to Compel Discovery refers." This statement is incorrect. As indicated in paragraph 3, supra, the release of OIG investigative documents to the Agency is solely within the discretion of the Inspector General, and the Defendants in this case do not have the means to obtain any other documents, even if they are related to the same matter, unless the Inspector General consents to their release. In this case, the Inspector General provided only those documents that were needed for

the Agency's administrative process. Among the documents not provided to the Agency are documents which raise individual privacy concerns, as well as documents which may be otherwise privileged. As noted in the Plaintiff's Memorandum, the "under the general supervision of the Secretary" language found in the Inspector General Act refers to purely administrative matters, and not to substantive OIG audit and investigative activities.

8. The Plaintiff's Memorandum also states (pages 5-6), "Defendants' claim that the alleged independence of the [OIG] precludes the Defendants from having access to the investigation results is directly contrary to fact." The Plaintiff then refers to certain information found on the OIG web site. This statement misinterprets the information found on the OIG web site, which refers to certain procedures utilized with respect to OIG audits, wherein the OIG normally advises Agency officials of their proposed findings and recommendations and obtains comments from the Agency before issuing a final audit report. There are no analogous procedures for OIG investigations.

Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_Howard L. Shapiro_
Howard L. Shapiro
Counsel to the Inspector General
U.S. Department of Labor

_Mar. 23_, 2006
Washington, D.C.

-3-