IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA CHIZ NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | Judge McLaughlin |
| | **Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

AND NOW, comes the Plaintiff, Debora Chiz Novakowski, by and through her counsel John R. Linkosky and John Linkosky & Assoc., and files this Memorandum of Law in Support of Plaintiff's Motion to Amend the Complaint.

### Background

1. On December 7, 2004, Plaintiff Debora Chiz Novakowski filed a Complaint of sex discrimination pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e-16)(a). That action is currently pending before this Honorable Court.

2. Beginning with a change in management at the Erie Area Office of the Occupational Safety and Health Administration of the United States Department of Labor ("OSHA"), Plaintiff was subjected to accusations of misconduct in the performance of her duty and has been the only employee in the Erie Area Office of OSHA subjected to such scrutiny of her conduct. Such scrutiny has been in the past, a precursor to discipline of employees and could be used as a basis for suspension or termination of her employment. (Exhibits A and B).

3.      The conduct of the management of the Erie Area Office has been directed solely at Plaintiff and can have no other basis except to be in retaliation for her assertion of her rights and filing of the within lawsuit.

4.      As the result of the conduct of management of the Erie Area Office, Plaintiff has suffered substantial emotional distress and anxiety requiring attendance by a physician and is fearful that unless the unwarranted harassment stops, her performance could actually be affected.

## Argument

The Federal Rules of Civil Procedure provide that a party may amend the party's pleading once as a matter of course any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty (20) days after it is served.  Fed. R. Civ. Pro. 15(a).  Rule 15(a) also provides that a party may otherwise amend its pleadings only by leave of Court or by written consent of the adverse party; leave to amend shall be freely granted when justice so requires.  Fed. R. Civ. Pro. 15(a).

While leave to amend a Complaint pursuant to Rule 15(a) is generally within the discretion of the trial court, "Courts have shown a strong liberality... in allowing amendments ...," Three Moore's Federal Practice para. 15.08(2) quoted in Heyl & Patterson Intern. v. F.D. Rich Housing, 663 F.2d 419, 425 (3d Cir. 1981).  Also quoted in Boileau v. Bethlehem Steel Corporation, et al., 730 F.2d 929 (3d Cir. 1984).  The Supreme Court of the United States in Folman v. Davis, 371 U.S. 178, 182 (1962), indicated the general presumption in favor of allowing a party to amend pleadings.  In addition, the commentaries on Rule 15 amendments support not only a liberal interpretation of the Rule but specifically address the liberal use of

Rule 15 to amend Complaints so as to state additional causes of action. Wright & Miller, Federal Practice and Procedures, § 1474 (1975).

Amendment to the pleadings is to be allowed unless Plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the defending party, or fails to cure jurisdictional defect. Berkshire Fashions, Inc., v. M.V. Hakusan II, 954 F.2d 874, 885 (3d Cir. 1992). See also Folman, supra.

None of the elements to preclude the granting of amendment of the Complaint which are stated in Folman and Berkshire are present in the within matter. Plaintiff's Motion to Amend the Complaint has been filed within days of the retaliatory conduct she has experienced. Her Motion to Amend is clearly made in good faith and there is no possibility of prejudice to the defending party or jurisdictional defect to be cured.

Neither should the requirement that prospective Plaintiffs exhaust their administrative remedies with the United States Equal Opportunity Commission before filing in the Court be a bar to allowing Plaintiff to amend her Complaint to add a Charge of retaliation, when the original Complaint was filed pursuant to the Civil Rights Act of 1964, as amended. The Third Circuit Court of Appeals has explained that the relevant test in determining whether a Plaintiff was required to exhaust administrative remedies when amending a Complaint, is whether the Acts allegedly in the subsequent Title VII suit are fairly within the scope of the prior EEOC Complaint or the investigation arising therefrom. Waiters v. Parsons 729 F.2d 233, 237 (3d Cir. 1984). In Waiters the Third Circuit held that the relevant test in determining whether Plaintiff was required to exhaust administrative remedies is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC Complaint or the investigation arising

therefrom." See also Hicks v. ABT Associates, 572 F.2d 960, 966 (3d Cir. 1978); Ostapowicz v. Johnson, 541 F.2d 394, 399 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041, (1977).

Requiring a new EEOC filing for each and every discriminatory act would not serve the purposes of the statutory scheme where the latter discriminatory acts fall squarely within the scope of the earlier EEOC Complaint or Investigation. Antol v. Perry, 82 F.3d 1291 (3d Cir. 1996).

Courts have held that an Act committed by an employer in retaliation for the filing of an EEOC Complaint is reasonably related to that Complaint, obviating the need for a second EEOC Complaint, Brown v. Hartshorne Public School District #1, 864 F.2d 680 (10th Cir. 1988); Kirkland v. Buffalo Bd. Of Edu. 622 F.2d 1066, 1068 (2d Cir. 1980).

Numerous courts, including the Third Circuit in Waiters, have held that discriminatory acts occurring after the filing of a Complaint are considered part of the Complaint. Gupta v. East Texas State University, 654 F.2d 411 (5th Cir. Unit A 1981); Payne v. Travenol Laboratories, Inc., 673 F.2d 798, 814n.19 (5th Cir.) rehearing denied, 683 F.2d 417, *cert denied*, 459 U.S. 1038 (1982); Oubichon v. North American Rockwell Corp., 42 F. 2d 569, 571, (9th Cir. 1973).

The purpose of requiring the exhaustion of administrative remedies is to afford the EEOC the opportunity to settle disputes through a conference, conciliation and persuasion, avoiding unnecessary action in Court. Antol v. Perry, 82 F.3d 1291 (3d Cir. 1996). In the within case, despite the fact that there is an opening for the promotion of Plaintiff in the Erie Area Office which would satisfy her claim that she was denied a promotion for gender related reasons, Defendants have made no attempt to resolve her basic claim and therefore, the likelihood that her retaliation claim can be resolved through conciliation or mediation is non-existent. An

amendment of her Complaint to include a retaliation Charge is justified.

    WHEREFORE, for all the above reasons, Plaintiff respectfully requests this Honorable Court to grant her Motion to amend her Complaint to add a Charge of retaliation and to seek damages and equitable relief.

                          Respectfully submitted,

| April 18, 2006 | s/ John R. Linkosky |
|---|---|
| Date | John R. Linkosky, Esquire |
| | Attorney for Plaintiff |
| | |
| | Pa. I.D. No. 66011 |
| | |
| | JOHN LINKOSKY & ASSOC. |
| | 715 Washington Avenue |
| | Carnegie, PA 15106 |
| | 412 278-1280 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA CHIZ NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.  04-356 ERIE |
| v. | Judge McLaughlin<br>**Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the<br>UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law in Support of Plaintiff's Motion to Amend the Complaint was *electronically filed* on the ___18th___ day of April, 2006, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

s/ John R. Linkosky
John R. Linkosky, Esquire
Attorney for Plaintiff
