## AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA ) SS:
             )
COUNTY OF ERIE        )

Before me, the undersigned, a Notary Public in and for said County and Commonwealth, personally appeared **Debora Chiz Novakowski**, who after being duly sworn, states as follows:

I, Debora Chiz Novakowski, who resides at 11192 Townline Road, North East, Erie County, Pennsylvania 16428, state as follows:

I have been employed by the United States Department of Labor Occupational Safety and Health Administration as an Industrial Hygienist since 1990. During my entire period of employment to date, my performance has been deemed by my superiors to be satisfactory and at times exemplary. I have never been disciplined for any failure in my performance.

On December 7, 2004, I filed a Complaint of sex discrimination pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-16(a).

That Action is pending in the United States District Court for the Western District of Pennsylvania, Erie Division at No. 04-356E.

On or about January 3, 2006, upon the retirement of Area Director John Stranahan, Barry Burbage became Acting Area Director of the Erie Area Office of OSHA.

On March 7, 2006, Mr. Burbage, held a meeting with me to review the investigations which I had currently open. It is a practice in the Erie Area Office that each employee who conducts investigations, spend one day in the office answering telephone inquiries from the

1

public. It has been the practice in the Erie Area Office that when an employee assigned to such duty is late to get into the office, or when the employee must leave the duty site for personal reasons or meals, that informal arrangements were to be made with other employees to cover the time of the duty employee's absence. That practice has been in existence in the Erie Area Office during the entire period in which I have been assigned there and was done with the approval of John Stranahan, former Area Director.

During the meeting on March 7, 2006, Mr. Burbage accused me of not being available when I was the duty person at "numerous times". At that time, Mr. Burbage had been the Acting Area Director for only a few weeks and would have had no knowledge whatsoever of my conduct during my duty days.

I challenged Mr. Burbage to state specifically as to which days and times he referred and he replied "I don't know, but it happened many times." I informed Mr. Burbage that I had always assured that my duty time was covered and that he was making accusations without having any specific incidents to cite.

These accusations by Mr. Burbage were very disturbing to me. I later learned that no such accusations had been made against any other employee of the Erie Area Office and I concluded that Mr. Burbage was attempting to create a deficiency in my performance with the intent of disciplining me or ultimately attempting to dismiss me from my position.

On or about March 13, 2006, Gary McKinney from the Charleston, West Virginia Office of OSHA was assigned to assist Mr. Burbage in the management of the Erie Area Office.

On March 13, 2006, as required, I followed the accepted procedure to notify my supervisors that I was doing inspections on Tuesday, March 14, 2006 and Wednesday, March 15, 2006 respectively. I also notified my supervisors that I would be working at home on March 16, 2006 in order to write the reports of the investigations conducted on the previous two days.

On March 14, 2006, and March 15, 2006, I conducted investigations pursuant to the Occupational Safety and Health Act in Bradford, Pennsylvania and Cochranton, Pennsylvania.

On March 16, 2006, I was working at home preparing my reports on the above referenced investigations and was contacted by telephone at 8:30 a.m. by Mr. Gary McKinney who questioned as to if I had actually conducted the investigations that I had represented I would perform. I informed Mr. McKinney that the investigations were completed and that I was working on the reports as I had indicated. At that time, Mr. McKinney informed me that whenever I would go out in the field to do investigations in the future, I would be required to call in to the Erie Area Office to "check in". He told me to make those calls using a pay telephone and a government credit card.

Upon returning to the Erie Office, I learned that no other employee of the Erie Area Office has been required to call in to the Area Office when they are out in the field. The call-in requirement was imposed solely on me. Prior to this incident there has never been a call in requirement imposed on any employee of the Erie Area Office to check their whereabouts when they are in the field. It has been my experience during my tenure of employment with the United States Department of Labor that such restrictions are placed on employees who work in the field only on the suspicion that the employee is not performing as indicated or when an employee has been found to be deficient in his/her performance, and is on a Performance Improvement Plan.

3

The requirement placed on me by Mr. McKinney and the accusations by Mr. Burbage on March 7, 2006, indicate to me that I have been singled out for scrutiny of my performance without any justification whatsoever. Mr. Burbage and Mr. McKinney have made accusations and imposed restrictions on me in an attempt to find some reason to discredit my performance without any cause to do so.

These actions by Mr. Burbage and Mr. McKinney are in retaliation for my asserting my rights under Title VII of the Civil Rights Act of 1964, as amended, and filing an Action in the United States District Court for the Western District of Pennsylvania in order to redress my claims of sex discrimination.

As a result of the conduct of Mr. Burbage and Mr. McKinney, I am fearful of being disciplined with the intent that I be terminated from employment. Consequently, I have suffered substantial emotional distress, and have experienced physical symptoms which required attendance by a physician. These conditions which resulted from the anxieties caused by the conduct of Mr. Burbage and Mr. McKinney are ongoing and require medication and ultimately could affect my performance in my position.

Date _4/4/06_ _____        _Debra Chiz Novakowski_
                               **Debora Chiz Novakowski**

Sworn to and subscribed before me on this
_4th_ day of _April_ _____ 2006

_Jennifer R Funk_
NOTARY PUBLIC

NOTARIAL SEAL
JENNIFER R. FUNK, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNA.
MY COMMISSION EXPIRES ON JUNE 9, 2007

MY COMMISSION EXPIRES:

_June 9 2007_

4