IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA CHIZ NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | **Judge McLaughlin** |
| ELAINE CHAO, SECRETARY, and the UNITED STATES DEPARTMENT OF LABOR, | **Electronically Filed** |
| Defendants. | |

## AMENDED COMPLAINT

AND NOW, comes the Plaintiff Debora Chiz Novakowski, by and through her attorneys John R. Linkosky, Esquire and John Linkosky and Assoc., and files the following Complaint:

## SEX DISCRIMINATION

1.   Plaintiff, Debora Novakowski is an individual who resides at 11192 Townline Road, North East, Erie County, Pennsylvania 16428.

2.   Defendant, Elaine Chao, Secretary, United States Department of Labor is an employer engaged in the exercise of the powers and duties of her office throughout the United States and Western Pennsylvania.

3.   Defendant, United States Department of Labor has conducted business throughout the United States and Western Pennsylvania and maintains an office and place of business at the U.S. Department of Labor, Occupational Safety and Health Administration Area Office, Suite B-12, 3939 West Ridge Road, Erie, Erie County, Pennsylvania 16506.

1

4. This Action is to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(a). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-(5)(3).

5. Plaintiff has filed charges against Defendants Chao and the U.S. Department of Labor with the United States Equal Employment Opportunity Commission complaining of the acts of sex discrimination alleged herein. Plaintiff has fully complied in all respects with the administrative prerequisites to filing this Action.

6. Defendants Chao and the U.S. Department of Labor are employers engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e-(h).

7. The unlawful employment practices complained of occurred within the Western District of Pennsylvania, venue is therefore proper within this Western District of Pennsylvania.

8. Plaintiff, Debora Novakowski is an employee of the Occupational Safety and Health Administration of the United States Department of Labor from July 2, 1990 to present. She is employed in a position of Compliance Officer G.S.-0018-12, under the supervision of Local and Regional Managers who exercise their managerial authority pursuant to their appointment by Defendant Chao and pursuant to the policies and direction of Ms. Chao.

9. Plaintiff is a female.

10. Plaintiff at all pertinent times had a good employment record on the job and was qualified and competent to perform her duties.

11. Defendant, Elaine Chao was appointed to the post of Secretary of Labor by President George W. Bush following the election of November 2000 and took office in the year

2001. By virtue of her office she was and is in effective control of the employment policies of the Office of Secretary of Labor of the United States. All personnel actions regarding employees of the United States Department of Labor were ultimately accomplished through her authority.

12.    On or about January 16, 2001, a Merit Staffing Vacancy Announcement No. PH-01-063 was posted for the position of Safety and Occupational Health Specialist GS-0018-13, in the Erie area office of the Occupational Safety and Health Administration of the United States Department of Labor. Simultaneously, Merit Staffing Vacancy Announcement No. PH-01-066, was posted for a position of Industrial Hygienist GS-0018-13, in the Erie Area Office of the Occupational Safety and Health Administration of the United States Department of Labor.

13.    Plaintiff Novakowski applied for both positions and was listed on the Certified List of Eligibles for the Industrial Hygienist position with two other employees, both males.

14.    Ms. Novakowski was also listed on the Certified List of Eligibles for the position of Safety and Occupational Health Specialist with one other male candidate.

15.    On or about May 21, 2001, John Stranahan, Area Director of the Occupational Safety and Health Administration's Erie, Pennsylvania Area Office, as the selecting official acting under authority granted to him by Defendant Chao, selected Joseph Chmielewski, a male who applied for and was certified only on the Industrial Hygienist Certificate of Eligibles for the vacancy in Announcement PH-01-066 to be promoted to the Compliance Assistant position.

16.    Mr. Chmielewski was the lesser qualified candidate than Plaintiff for the position for which he was selected by virtue of comparison of his latest Performance Review and Evaluation to that of Plaintiff Novakowski and the performance requirements of the position.

17.    Mr. Stranahan, a selecting official, did not objectively evaluate the relative

capabilities of Plaintiff and Mr. Chmielewski as they were before him at the time of selection, but selected Mr. Chmielewski on the basis of him being a male.

     18.    As Area Director of the Erie Area Office of the Occupational Safety and Health Administration, Mr. Stranahan has a history of bias against female employees evidenced by his tolerance of discriminatory behavior by male employees directed against female employees and his tolerance of a sexually hostile atmosphere in the Erie Area Office.

     19.    Mr. Stranahan's selection of the lesser qualified male over Plaintiff for the position of Compliance Assistant was due to sex discrimination as prohibited by Title VII of the Civil Rights Act of 1964, as amended.

**RETALIATION**

     20.    Paragraphs 1 through 19 are incorporated herein by reference as if fully set forth at length.

     21.    On December 7, 2004, Plaintiff Debora Chiz Novakowski filed the within Complaint of sex discrimination pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e-16)(a). That action is currently pending before this Honorable Court.

     22.    Beginning with a change in management at the Erie Area Office of the Occupational Safety and Health Administration of the United States Department of Labor ("OSHA"), Plaintiff was subjected to vague accusations of misconduct in the performance of her duty and has been the only employee in the Erie Area Office of OSHA subjected to such scrutiny of her conduct. Such scrutiny has been in the past, a precursor to discipline of employees and could be used as a basis for suspension or termination of her employment.

23. The conduct of the management of the Erie Area Office has been directed solely at Plaintiff and can have no other basis except to be in retaliation for her assertion of her rights and filing of the within lawsuit.

24. As the result of the conduct of management of the Erie Area Office, Plaintiff has suffered substantial emotional distress and anxiety requiring attendance by a physician and is fearful that unless the unwarranted harassment stops, her performance could actually be affected.

## DAMAGES AND PRAYER FOR RELIEF

25. As a proximate result of Defendants' willful and deliberate practice of sex discrimination and retaliation, Plaintiff has sustained economic loss both present and future.  As a proximate result of Defendant's willful and deliberate pattern of sex discrimination, Plaintiff has lost back pay, front pay, retirement, and other fringe benefits.  As a result of Defendants' willful and deliberate pattern of the practice of sex discrimination, Plaintiff prays for immediate appointment to the position which she was denied with all back pay and other benefits which would have accrued to her if she were not discriminated against on the basis of sex, from the date of the appointment of Mr. Chmielewski to the date of her promotion.  As a proximate result of Defendants' willful and deliberate act of retaliation, Plaintiff has suffered emotional distress and is subject to potential disciplinary action.

WHEREFORE, Plaintiff, Debora Novakowski requests judgment in her favor against Defendant Elaine Chao, Secretary of Labor, United States of America, and the United States Department of Labor, including back pay, retirement and other fringe benefits, and immediate promotion to the position for which she was denied as a result of the sex discrimination that she

suffered, along with punitive damages, damages for emotional distress, attorneys fees, court costs, equitable relief to enjoin Defendants from continuing their retaliatory conduct, and other such damages as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

April 18, 2006                                             s/ John R. Linkosky
Date                                                              John R. Linkosky, Esquire
                                                                     Attorney for Plaintiff

                                                                     Pa. I.D. No. 66011

                                                                     JOHN LINKOSKY & ASSOC.
                                                                     715 Washington Avenue
                                                                     Carnegie, PA 15106
                                                                     412 278-1280

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA CHIZ NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | **Judge McLaughlin** <br> **Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the <br> UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Amended Complaint was *electronically filed* on the   18th   day of April, 2006, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

                                              s/ John R. Linkosky
                                              John R. Linkosky, Esquire
                                              Attorney for Plaintiff