```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                  )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )   CIVIL ACTION NO. 04-356E
                                    )
ELAINE CHAO, SECRETARY, AND THE     )   JUDGE McLAUGHLIN
UNITED STATES DEPARTMENT            )
OF LABOR,                           )
                                    )   ELECTRONICALLY FILED
     Defendants.                    )
```

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

AND NOW, come the Defendants, Elaine Chao, Secretary, and the United States Department of Labor (the "Defendants"), by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said district and file the following Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint:

    **I.   <u>DEFENDANTS' SPECIFIC RESPONSES TO PLAINTIFF'S
         AVERMENTS IN HER MOTION TO AMEND</u>**

    1.    Defendants admit the averments set forth in paragraph 1 of Plaintiff's Amended Complaint.

    2.    Defendants admit the averments set forth in paragraph 2 of Plaintiff's Amended Complaint.

    3.    Defendants are without information or knowledge sufficient to form a belief as to the veracity of the averments set forth in paragraph 3 of Plaintiff's Amended Complaint.

4.   Defendants admit the averments set forth in paragraph 4 of Plaintiff's Amended Complaint.

5.   Defendants deny the averments set forth in paragraph 5 of Plaintiff's Amended Complaint.

6.   Defendants deny the averments set forth in paragraph 6 of Plaintiff's Amended Complaint.

7.   Defendants deny the averments set forth in paragraph 7 of Plaintiff's Amended Complaint.

8.   Defendants deny the averments set forth in paragraph 8 of Plaintiff's Amended Complaint.

The averments set forth in the paragraph beginning "Wherefore" is in the nature of Plaintiff's prayer for relief, to which Defendants state that Plaintiff is not entitled to amend her Complaint to add a charge of retaliation or to seek damages and equitable relief or relief of any kind whatsoever.

## II.   STATEMENT OF CASE

On December 7, 2004, Plaintiff filed her Complaint alleging Department of Labor officials committed gender discrimination when she was not selected for a position in the Erie Occupational Safety and Health Administration (OSHA) Office pursuant to Title VII.  42 U.S.C. § 2000e *et seq*.

On April 8, 2005, Defendants filed their Answer.  (Docket at No. 3).

On April 18, 2006, Plaintiff filed a Motion for Leave to Amend Her Complaint, to add a charge of retaliation. (Docket at No. 38; Plaintiff's Motion for Leave, "Wherefore" clause). Plaintiff claims that OSHA Acting Area Director Barry Burbage discredited her job performance on March 7, 2006. Further, she claims that a phone call of March 16, 2006 to her house by Acting Supervisor McKinney to check on her whereabouts and to inform her of a "field phone-in" requirement are retaliation for the filing of this action. (See, Affidavit of Debora Novakowski, dated April 4, 2006, attached hereto and marked as Exhibit 1, unnumbered para. 7, 8, 14, 16, 17).

### III.  STATEMENT OF ISSUES

Leave to amend should not be granted in this matter because Plaintiff fails to meet the standards of Rule 15(a) or (c) of the Fed. R. Civ. P., that is, amendment of the retaliation claim on the eve of trial would cause undue prejudice to the Defendant, and moreover, the amendment would be futile, since Plaintiff cannot show a prima facie case of retaliation. Specifically, Plaintiff was not subject to an adverse employment action and also cannot show a causal connection between the filing of her Complaint in 2004 and the alleged activities in March 2006. Further, even if the alleged acts of Acting Director Burbage and Supervisor McKinney are retaliation, though strenuously denied, they are separate actionable unlawful employment practices and did not arise out of her 2001 non-selection, the basis of the original Complaint in this case.

### IV.  LEGAL ARGUMENT

**A.  Standards Applicable to Amendment**

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice requires. Fed.R.Civ.P. 15(a).  Leave to amend is however, not automatic. <u>Little v. Liquid Air Corp.</u>, 952 F.2d841, 846 (5th Cir. 1992). Rather, the grant or denial of leave to amend a Complaint is discretionary with the trial court.  <u>Foman v. Davis</u>, 371 U.S. 178 (1962).  In exercising this discretion, Courts generally consider five factors: 1) undue delay, 2) bad faith, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the non-moving party, and 5) futility of the amendment. <u>Foman</u>, <u>supra</u> at 182.  <u>See</u> <u>also</u> <u>Addington v. Farmer's Elevator Mut. Ins. Co.</u>, 650 F.2d 663, 666-667 (5th Cir. 1981); <u>Borough of Ellwood City, Pa. v. Pa. Power Co.</u>, 570 F.Supp. 553, 556 (W.D. Pa 1983).

To advance a <u>prima</u> <u>facie</u> case of retaliation under Title VII, an employee must show that: 1) she engaged in a protected employee activity;  2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and 3) a causal link exists between the employee's protected activity and the employer's adverse employment action. <u>Farrell v. Planters Lifesavers Co.</u>, 206 F.3d 271 (3d Cir. 2000).

4

Plaintiff's attempt to add a claim of retaliation fails as a matter of law because none of the harm that Plaintiff has alleged in her Motion to Amend, Brief in Support and/or attachments rises to the level of an adverse employment action.  Additionally, the Motion to Amend should be denied because her evidence fails to establish a causal connection between the filing of the Complaint in this case in 2004 and the alleged March 2006 retaliatory acts.

**B.**   **Plaintiff's Proposed Retaliation Claim Fails Because None Of The Harm That She Has Alleged Rises To The Level Of An Adverse Employment Action.**

The gravamen of Plaintiff's claims for retaliation concern two (2) events occurring in March 2006.  On March 7, 2006, Acting Area Director Burbage accused Plaintiff of not properly performing the "duty officer's" role in the office.  (Ex. 1, para. 7-10).  On March 16, 2006, Acting Supervisor McKinney called Plaintiff at home to see if she had completed on-site investigations, and allegedly impose a future requirement to check-in by phone.  (Ex. 1, para. 14).  Plaintiff concludes that the requirement of Mr. McKinney and the accusations of Mr. Burbage are an attempt to discredit her performance and/or terminate her.

In order to make out a claim of retaliation, Plaintiff must plead and prove as an element of her prima facie case that she suffered harm that rises to the level of an adverse employment action.  The United States Supreme Court defines an "adverse

employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). The Supreme Court stated that materially adverse changes that would meet the test of an adverse employment action include "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities." In contrast, "a bruised ego," a demotion without a change in pay, benefits, duties or prestige, or a reassignment to a more inconvenient job is insufficient. Id at 761.

The Third Circuit has also addressed the issue of the gravity of the conduct needed to constitute an adverse employment action. The Court clarified that: "not everything that makes an employee unhappy" constitutes an adverse employment action. "[O]therwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like" could possibly "form the basis of a discrimination suit." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997).

The kinds of change in an employee's status sufficient to constitute an adverse employment action generally take the form of a termination, demotion or transfer. Taylor v. Cameron Coca-

Cola Bottling Co., No. 96-1122, 1997 WL 719106, *16 (W.D. Pa. Mar. 27, 1997). Although other conduct can also qualify as an adverse employment action, such conduct must be sufficiently serious and tangible so as to alter the plaintiff's "compensation, terms, conditions, or privileges of employment." Robinson, 120 F.3d at 1300 (citing McDonnell v. Cisneros, 84 F.3d 256, 258 (7th Cir. 1996)); see also Valentin v. Crozer-Chester Med. Ctr., No. 95-3722, 1997 WL 736142, at *8 (E.D. Pa. Nov. 3, 1997); Reese v. Reading Hosp. & Med. Ctr., No. 96-7147, 1997 WL 688808, at *4 (E.D. Pa. Oct. 24, 1997), aff'd., 159 F.3d 1353 (3d Cir. 1998).

In light of this standard, the Third Circuit has held that activities such as unsubstantiated oral reprimands, and unnecessary derogatory comments are not "adverse employment actions" that can support a claim under Title VII. Robinson, 120 F.3d at 1301.[1] Similarly, other courts have found that "adverse employment actions" do not exist where an employee is subjected to "mere criticism and counseling," Simmerman v. Hardee's Food Systems, Inc., No. 94-6906, 1996 WL 131948, at *14 (E.D. Pa. Mar. 22, 1996), aff'd, 118 F.3d 1578 (3d Cir. 1997), where an employee

---

[1] Although Robinson involved a claim of retaliation under Title VII, what constitutes an "adverse employment action" is equally applicable in the context of traditional discrimination claims. See, e.g., Reese v. Reading Hosp. & Med. Ctr., No. 96-7147, 1997 WL 688808, at *4 n.10 (E.D. Pa. Oct. 24, 1997), aff'd., 159 F.3d 1353 (3rd Cir.1998).

is simply reprimanded, even if the reprimand is unjust, Victor v. Runyon, No. 96-5711, 1997 WL 461562, at *2 (E.D. Pa. July 31, 1997), aff'd., 151 F.3d 1027 (3rd Cir.1998), Leisen v. City of Shelbyville, 968 F. Supp. 409, 421 (S.D. Ind. 1997), aff'd., 153 F.3d 805 (7th Cir.1998), where an employee is given undesirable work assignments, Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 554 (5th Cir. 1997), where an employee is subjected to a mere inconvenience or slight alteration of job responsibilities, Smith v. Brown, 978 F. Supp. 806, 811 (N.D. Ill, 1997), or where an employee is subjected to a negative performance evaluation, Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996). Such actions are simply not concrete or direct enough to be protected under the applicable discrimination laws. Id.

Indeed, the Third Circuit recently decided that two written reprimands placed in an employee's personnel file did not constitute an adverse employment action. The Court reasoned that because they were of a temporary nature, and did not result in a "reduction in pay, reassignment, firing or any similar employment action," the reprimands did not change or alter the plaintiff's employment status in any material way. Weston v. Pennsylvania, 251 F.3d 420, 431 (3d Cir. 2001).

In Robinson v. BT Financial Corporation, 2003 WL 288402 (W.D.Pa. Feb. 11, 2003), the District Court held that a former

bank teller supervisor was not the subject of an adverse employment action when she was required to transfer to another location without sustaining any loss of title, salary or benefits. The Court explained that purely subjective feelings, on their own, regarding the transfer were insufficient for the purposes of establishing an adverse employment action. Id. at *5. See also Riding v. Kaufmann's Department Store, 220 F. Supp. 2d 442,465-466 (W.D.Pa. 2002) (employee's reassignment was not adverse employment action even though change bruised plaintiff's ego and was subjectively degrading); Pimentel v. City of New York, 2002 WL 977535, *4 (S.D.N.Y. May 14, 2002)("purely subjective feelings about a transfer which, by objective standards,[do] not negatively alter the terms and conditions of [the plaintiff's] employment in any respect have no bearing on whether an adverse employment action has occurred"; interference with sleeping, therapy eating and medication schedules are purely subjective matters that [unrelated discrimination statutes] do not address")(citations and internal quotations omitted, emphasis added).

    Similarly, in Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997), cert. denied, 522 U.S. 932 (1997), a case with some similarity to that pled here, the court found that an employer's visit to the plaintiff's **home** during her sick leave, a verbal threat of being fired, a reprimand for not being at her assigned station, a missed pay increase, and being placed on

"final warning" did <u>not</u> constitute "adverse employment actions" because of their lack of consequence.

Plaintiff does not allege that she lost any salary or benefits or that there was a change in her work schedule, job duties or title as a result of the incidents that took place in March 2006. (See, generally, Plaintiff's Motion to Amend, Brief in Support, and Exhibits). At best, Plaintiff has shown that on March 16, 2006, her employer imposed a requirement to call the office from the field. (Ex. 1, para. 14). Or, that Plaintiff has shown that on March 7, 2006, her Acting Area Director accused her of failing to handle "duty officer's duties." Plaintiff was not disciplined on either occasion. Further, no discipline is contemplated. (See, Declaration of Barry L. Burbage, attached hereto and marked as Exhibit 2, para. 4, 5; See, Declaration of Gary McKinney, attached hereto and marked as Exhibit 3, para. 15, 16). As such, at most, Plaintiff suffered no more than a slight inconvenience in her job but not any adverse employment action. (<u>See</u>, <u>Southard</u>, 114 F.3d at 554).

Contrary to Plaintiff's claims of retaliation, Supervisor McKinney did not know that Plaintiff was on flexi-place on March 16, 2006, and called her at home that day. (Ex. 3, para. 8, 9). Plaintiff justified her presence at home and was reminded of getting prior approval from her supervisor in the future. (Ex. 3, para. 10). Mr. McKinney also notified another OSHA employee of the requirement to seek prior approval for working flexi-

place, in accord with the union contract. (Ex. 3, para. 7, 13). Mr. McKinney has not and does not intend to file any discipline concerning the March 16, 2006 phone call.

Mr. Burbage's interaction with Plaintiff on March 7, 2006 are, likewise, far short of an adverse employment action. (<u>See</u>, <u>Simmerman</u>, 1996 WL 131948 at *14). Rather, they evince an effort by a manager to assure that employees are doing their job. (<u>See</u>, <u>McCoy v. Macon Water Auth.</u>, 966 F. Supp. 1209, 1221 (M.D. Ga. 1997) ("it is not harassment for supervisors to monitor the performance of their employees...").

Accordingly, no factfinder could reasonably find that the Department of Labor took any tangible adverse employment actions against Plaintiff. As a result, Plaintiff's claim of retaliation must fail as a matter of law. This Court should deny Plaintiff's Motion to Amend on that basis.

C.  **Plaintiff's Proposed Retaliation Claim Fails as a Matter of** Law Because Plaintiff Has Failed to Show a Causal **Connection.**

Plaintiff's Motion to Amend should also be denied for futility since Plaintiff cannot show a causal connection between her December 2004 lawsuit and the events of March 2006. A plaintiff must also show the third element for a retaliation claim: a causal link between the protected activity and the adverse employment action. The third element may be satisfied by "'evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by

11

adverse action.'" Id. (citing Madden v. Runyon, 899 F. Supp. 217, 222 (E.D. Pa. 1995). However, the "'mere fact that adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events.'" Reese v. Reading Hosp. & Med. Ctr., No. 96-7147, 1997 WL 688808, at *6 (E.D. Pa. Oct. 24, 1997), aff'd, 159 F.3d 1353 (3d Cir. 1998)(citing Robinson, 120 F.3d at 1302); see also Banner v. Albert Einstein Med. Ctr., No. 94-6722, 1995 WL 262537, at *2 (E.D. Pa. Apr. 27, 1995), aff'd, 70 F.3d 1254 (3d Cir. 1995)(finding no causal link were there was a five-month time gap and no other evidence supporting a causal link of discrimination).

Generally, the fact that an adverse action occurs after protected activity has occurred, standing alone, is generally insufficient to support a finding of retaliation for participation in EEO activity. Nguyen v. City of Cleveland, 229 F.3d 559, 566-67 (6th Cir. 2000); See also Hafford v. Seidner, 183 F.3d 506, 515 (6th Cir. 1999) (finding causal connection to be tenuous where plaintiff only showed disciplinary actions occurred two to five months after EEO activity without producing additional evidence of reprisal; Cooper v. City of North Olmsted, 795 F.2d 1265, 1272 (6th Cir. 1986) (finding that adverse employment decision occurring four months after Plaintiff filed an EEO complaint was insufficient to establish case of retaliation); Wheelwright v. Clairol, Inc., 770 F.Supp. 396, 401

12

(S.D. Ohio 1991) (holding discharge of employee four weeks after EEO complaint by itself was insufficient to establish causal connection); Edwards v. Whirlpool Corp. Aviation Dept., 678 F.Supp. 1284, 1291-92 (W.D. Mich. 1987) (explaining that discharge of employee one month after filing an EEO complaint, and two weeks after supervisor was notified of EEO complaint, was, absent other facts, insufficient to establish causal connection.

In this case, Plaintiff speculated on causation but offered no evidence. Other than the meeting of March 7, 2006 and the phone call of March 16, 2006 fifteen (15) months after filing a Complaint in District Court on December 7, 2004, there are no facts demonstrating reprisal based on the filing of the federal lawsuit in 2004, and denial of amendment on that basis alone is warranted.

**D.    Plaintiff's Proposed Retaliation Claim Does Not Fall Within the Scope of the Original Complaint.**

The cases Ms. Novakowski cites in support of the notion that this retaliation claim falls within the scope of her original District Court Complaint thereby obviating the need to exhaust administrative remedies are outdated and no longer good law. In Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the plaintiff attempted to avoid the statutory filing deadlines by conflating various alleged discriminatory acts into one under a continuing violation theory. The Court rejected this. Id.,

110-113. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Subsequent court decisions have relied on Morgan to abrogate or call into question the two most on-point cases cited by Ms. Novakowski, Brown v. Hartshorne Public School District #1, 864 F.2d 680 (10th Cir. 1988), and Kirkland v. Buffalo Bd. of Ed., 622 F.2d 1066 (2d Cir. 1980). The holding in Brown, on which Ms. Novakowski relies, was subsequently rejected by Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir. 2003) ("Morgan abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."). Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 148-50 (D.D.C. 2005), acknowledged the holding of Kirkland but stated that Morgan rejected the continuing violation theory that the Kirkland court relied upon in its holding.

  Plaintiff fails to discuss or support how the 2006 retaliatory acts are within the scope of the prior EEOC complaint (herein the 2001 non-selection) or the investigation arising therefrom. She has not because she cannot. Clearly, the initial EEOC complaint did not involve any allegations of retaliation; it

focused on the 2001 non-selection.  Further, the complaint and investigation dealt with the supposedly discriminatory actions of the Area Director John Stranahan and Regional Administrator Richard Soltan in a job selection while the March 2006 allegations accuse different supervisors, Barry Burbage and Gary McKinney, of altering or changing Plaintiff's employment duties.  Without question, this latest activity was not within the parameters of the original complaint.  Consequently, this Court should deny Plaintiff's Motion to Amend.

                                           Respectfully submitted,

                                           MARY BETH BUCHANAN
                                           United States Attorney

                                           s/Paul E. Skirtich
                                           Paul E. Skirtich
                                           Assistant U.S. Attorney
                                           Counsel for Defendant
                                           U.S. Post Office & Courthouse
                                           700 Grant Street, Suite 4000
                                           Pittsburgh, PA 15219
                                           (412) 894-7418
                                           PA ID No. 30440

                                           Counsel for Defendants

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint was electronically filed and/or served by first-class mail, postage-prepaid on this 4th day of May, 2006, to the following:

        John R. Linkosky, Esquire
        John Linkosky & Associates
        715 Washington Avenue
        Carnegie, PA 15106


                        s/Paul E. Skirtich
                        PAUL E. SKIRTICH
                        Assistant U.S. Attorney