# Exhibit 1

Case 1:04-cv-00356-SJM   Document 39-2   Filed 05/04/2006   Page 2 of 12
Apr 04 06 01:24p   Case 1:04-cv-00356-SJM   Document 37   Filed 04/13/2006   Page 1 of 11
John Linkosky & Assoc   4122780282

# AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA ) SS:
)
COUNTY OF ERIE )

Before me, the undersigned, a Notary Public in and for said County and Commonwealth, personally appeared **Debora Chiz Novakowski**, who after being duly sworn, states as follows:

I, Debora Chiz Novakowski, who resides at 11192 Townline Road, North East, Erie County, Pennsylvania 16428, state as follows:

I have been employed by the United States Department of Labor Occupational Safety and Health Administration as an Industrial Hygienist since 1990. During my entire period of employment to date, my performance has been deemed by my superiors to be satisfactory and at times exemplary. I have never been disciplined for any failure in my performance.

On December 7, 2004, I filed a Complaint of sex discrimination pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-16(a).

That Action is pending in the United States District Court for the Western District of Pennsylvania, Erie Division at No. 04-356E.

On or about January 3, 2006, upon the retirement of Area Director John Stranahan, Barry Burbage became Acting Area Director of the Erie Area Office of OSHA.

On March 7, 2006, Mr. Burbage, held a meeting with me to review the investigations which I had currently open. It is a practice in the Erie Area Office that each employee who conducts investigations, spend one day in the office answering telephone inquiries from the

1

EXHIBIT A

Case 1:04-cv-00356-SJM   Document 39-2   Filed 05/04/2006   Page 3 of 12
Apr 04 06 01:24p   John Linkosky & Assoc   412-278-0282   p.2
Case 1:04-cv-00356-SJM   Document 37   Filed 04/18/2006   Page 2 of 12

public. It has been the practice in the Erie Area Office that when an employee assigned to such duty is late to get into the office, or when the employee must leave the duty site for personal reasons or meals, that informal arrangements were to be made with other employees to cover the time of the duty employee's absence. That practice has been in existence in the Erie Area Office during the entire period in which I have been assigned there and was done with the approval of John Stranahan, former Area Director.

During the meeting on March 7, 2006, Mr. Burbage accused me of not being available when I was the duty person at "numerous times". At that time, Mr. Burbage had been the Acting Area Director for only a few weeks and would have had no knowledge whatsoever of my conduct during my duty days.

I challenged Mr. Burbage to state specifically as to which days and times he referred and he replied "I don't know, but it happened many times." I informed Mr. Burbage that I had always assured that my duty time was covered and that he was making accusations without having any specific incidents to cite.

These accusations by Mr. Burbage were very disturbing to me. I later learned that no such accusations had been made against any other employee of the Erie Area Office and I concluded that Mr. Burbage was attempting to create a deficiency in my performance with the intent of disciplining me or ultimately attempting to dismiss me from my position.

On or about March 13, 2006, Gary McKinney from the Charleston, West Virginia Office of OSHA was assigned to assist Mr. Burbage in the management of the Erie Area Office.

On March 13, 2006, as required, I followed the accepted procedure to notify my supervisors that I was doing inspections on Tuesday, March 14, 2006 and Wednesday, March 15, 2006 respectively. I also notified my supervisors that I would be working at home on March 16, 2006 in order to write the reports of the investigations conducted on the previous two days.

On March 14, 2006, and March 15, 2006, I conducted investigations pursuant to the Occupational Safety and Health Act in Bradford, Pennsylvania and Cochranton, Pennsylvania.

On March 16, 2006, I was working at home preparing my reports on the above referenced investigations and was contacted by telephone at 8:30 a.m. by Mr. Gary McKinney who questioned as to if I had actually conducted the investigations that I had represented I would perform. I informed Mr. McKinney that the investigations were completed and that I was working on the reports as I had indicated. At that time, Mr. McKinney informed me that whenever I would go out in the field to do investigations in the future, I would be required to call in to the Erie Area Office to "check in". He told me to make those calls using a pay telephone and a government credit card.

Upon returning to the Erie Office, I learned that no other employee of the Erie Area Office has been required to call in to the Area Office when they are out in the field. The call-in requirement was imposed solely on me. Prior to this incident there has never been a call in requirement imposed on any employee of the Erie Area Office to check their whereabouts when they are in the field. It has been my experience during my tenure of employment with the United States Department of Labor that such restrictions are placed on employees who work in the field only on the suspicion that the employee is not performing as indicated or when an employee has been found to be deficient in his/her performance and is on a Performance Improvement Plan.

The requirement placed on me by Mr. McKinney and the accusations by Mr. Burbage on March 7, 2006, indicate to me that I have been singled out for scrutiny of my performance without any justification whatsoever. Mr. Burbage and Mr. McKinney have made accusations and imposed restrictions on me in an attempt to find some reason to discredit my performance without any cause to do so.

These actions by Mr. Burbage and Mr. McKinney are in retaliation for my asserting my rights under Title VII of the Civil Rights Act of 1964, as amended, and filing an Action in the United States District Court for the Western District of Pennsylvania in order to redress my claims of sex discrimination.

As a result of the conduct of Mr. Burbage and Mr. McKinney, I am fearful of being disciplined with the intent that I be terminated from employment. Consequently, I have suffered substantial emotional distress, and have experienced physical symptoms which required attendance by a physician. These conditions which resulted from the anxieties caused by the conduct of Mr. Burbage and Mr. McKinney are ongoing and require medication and ultimately could affect my performance in my position.

Date 4/4/06

Debora Chiz Novakowski

Sworn to and subscribed before me on this 4th day of April 2006.

NOTARY PUBLIC

NOTARIAL SEAL
JENNIFER R. FUNK, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNA.
MY COMMISSION EXPIRES ON JUNE 9, 2007

MY COMMISSION EXPIRES:
June 9, 2007

4

# Exhibit 2

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

---

DEBORA CHIZ NOVAKOWSKI, :
:
　　　　Plaintiff, :
:
v. : Civil Action
:
ELAINE CHAO, SECRETARY, and the : No. 04-356 ERIE
UNITED STATES DEPARTMENT OF LABOR, :
: Judge McLaughlin
　　　　Defendants. :

---

### DECLARATION OF BARRY L. BURBAGE

I, Barry L. Burbage, hereby state the following:

1. I am over the age of eighteen, have personal knowledge of the facts set forth herein, and am otherwise competent to testify.

2. I am the Acting Area Director, Occupational Safety and Health Administration, U.S. Department of Labor ("OSHA"), in the Erie, Pennsylvania Area Office. I have held this position since Area Director John Stranahan retired in January 2006.

3. I understand that Debora Chiz Novakowski seeks to amend her Complaint in this matter to include an allegation that she was retaliated against by me and Gary McKinney based on actions allegedly taken by Mr. McKinney and me in March 2006.

4. I have never taken any disciplinary action against Ms. Novakowski and have not requested that any record of disciplinary action against her be placed in her Official Personnel File ("OPF") since March 2006.

5. Ms. Novakowski recently requested to review her OPF. Pursuant to her request, the Erie Area Office received Ms. Novakowski's OPF from the Office of the Assistant Secretary

for Administration and Management, in Philadelphia, where her OPF is maintained. In accordance with standard procedure, I remained with Ms. Novakowski while she reviewed her OPF. This occurred last month, in April 2006. I also reviewed Ms. Novakowski's OPF at that time. Based on my review, there is no record in Ms. Novakowski's OPF of any disciplinary action being taken against her as a result of any actions by any manager in OSHA's Erie Area Office in March 2006 or since then.

    I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Date: May 3, 2006

Barry L. Burbage

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 04-356E
)
ELAINE CHAO, SECRETARY, AND THE ) JUDGE McLAUGHLIN
UNITED STATES DEPARTMENT )
OF LABOR, )
)
Defendants. )

## DECLARATION OF GARY McKINNEY

I, GARY McKINNEY, declare under penalty of perjury as follows:

1. I am over the age of 18 years and if called upon to testify, I would testify in accordance with this Declaration.

2. I am employed as an Assistant Area Director for the Erie Office of Occupational Safety and Health Administration. My permanent work-duty station is Charleston, West Virginia.

3. I have served in this capacity since ___December 1, 2005___.

4. On March 13, 2006, I was sent on temporary duty to the Erie OSHA Office as an Assistant Area Director. Since that date, I have split time between the Erie Area Office and my permanent work-duty station in Charleston, West Virginia.

5. Prior to a grievance being filed by Debora Novakowski, Acting Area Director Barry Burbage informed me that Ms. Novakowski had filed a lawsuit against the Department of Labor for her non-selection in the Erie Office.

6. As Assistant Area Director, I coordinate and monitor the activities of all enforcement officers at the Erie Area Office, including Ms. Novakowski. Enforcement officers must perform their duties at either the office in Erie, at various inspection sites or, with prior approval, at home (flexi-place).

7. To abide by the union contract, enforcement officers must get prior approval from their supervisors to work at home (flexi-place). Approval is given upon assurance that there is sufficient work to be performed at home, usually after conducting site inspections.

8. On Thursday, March 16, 2006, Ms. Novakowski did not report to work at her Erie Office. Upon inquiry, I learned that Ms. Novakowski had written in an office logbook that she would be on flexi-place duty on March 16th, but she failed to notify and receive my approval for that date.

9. On March 16, 2006, at or about 8:30 a.m., I called Ms. Novakowski at her residence to find out why she was on flexi-place.

10. The phone call was short and pleasant. Ms. Novakowski had visited two job sites, and her summary of her visits satisfied that she had adequate paperwork that could be done at home. I verbally approved her request for flexi-place and reminded her of her duty to inform me of seeking prior approval before working flexi-place.

11. Subsequent to this date, Ms. Novakowski sought permission to work at home on flexi-place. Ms. Novakowski informed Barry Burbage at the Erie Office of her desire for flexi-place, and he directed her to me. I approved Ms. Novakowski's request since she had adequate reason to perform her duties at home.

12. Several other employees at the Erie Office have sought and received approval for flexi-place from me, including Bev Spare, Chris Sneddon, Mark Harmon, and Brendan Claybaugh.

13. One other employee, Theresa Sipple, failed to notify me of working flexi-place. I gave the same directions to Ms. Sipple as I had to Ms. Novakowski; Ms. Sipple apologized, stating that she did not know that she had to get prior approval.

14. During my brief time as an Assistant Area Director at the Erie Area Office, no other employees failed to get prior approval for flexi-place. Again, every employee's request for flexi-place given to me since I have been at the Erie Area Office has been approved.

15. I did not file any discipline, informal or formal, unwritten or written, against Debora Novakowski for her failure to seek and obtain prior approval for flexi-place work station on Thursday, March 16, 2006. Further, I have no plan or intention of filing discipline or seeking discipline against Ms. Novakowski for that day. I adequately addressed the situation and considered the matter closed.

16. I am not aware of any other management official at the Erie Area Office or within the Department of Labor who has filed discipline of any kind against Debora Novakowski for her failure to seek prior approval for flexi-place work station on March 16, 2006. Additionally, I have no knowledge of any management official's intention to seek discipline for her failure to obtain flexi-place approval.

17. During the week of March 20, 2006 to March 24, 2006, I became aware of Ms. Novakowki's grievance against the Department of Labor for my alleged retaliation against her. Mark Harmon gave a copy of the grievance to me, which I forwarded to Barry Burbage. Additionally, Ms. Novakowski apologized to me for including me in the grievance.

*Gary C. McKinney*
Gary McKinney