```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
DEBORA NOVAKOWSKI,                )
                                  )
       Plaintiff,                 )
                                  )
       v.                         )  CIVIL ACTION NO. 04-356E
                                  )
ELAINE CHAO, SECRETARY, AND THE   )  JUDGE McLAUGHLIN
UNITED STATES DEPARTMENT          )
OF LABOR,                         )  ELECTRONICALLY FILED
                                  )
       Defendants.                )
```

### **DEFENDANTS' PRETRIAL STATEMENT**

AND NOW come the Defendants, Elaine Chao, Secretary, and the United States Department of Labor, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said District, and file the following Pretrial Statement.

### I.  **DEFENDANTS' NARRATIVE**

**A.   Statement of Claims**

This case involves a current employee, Debora Novakowski ("Novakowski"), of the Occupational Safety and Health Administration ("OSHA"), Erie Area Office, U.S. Department of Labor ("DOL").  Ms. Novakowski claims that she was denied a promotion because of her gender.  By filing this Complaint in District Court, Ms. Novakowski is appealing the Equal Employment Opportunity Commission ("EEOC") decision of September 14, 2004, which denied her claim of discrimination.  It is the DOL's position that her claim is without merit.

DOL's defense is that although Ms. Novakowski can likely establish a *prima facie* case of unlawful discrimination, DOL can articulate legitimate non-discriminatory reasons for Ms. Novakowski's non-selection.  Further, Ms. Novakowski, to date, has not established any evidence that her qualifications were plainly superior to those of the selectee, a necessary element to show that the Agency's reasons for her non-selection are a pretext.

    B.   **Position of Compliance Assistance Specialist**

Vacancy Announcement Number (VAN) PH-01-066 for the position of Industrial Hygienist and (VAN) PH-01-063 for the position of Safety and Occupational Health Specialist were posted at the Erie Area OSHA Office from approximately January 16, 2001 through the closing dates of January 26, 2001.  Though DOL posted two (2) vacancy announcements, the selection to be made was for a single, new position in the Erie Area Office, the Compliance Assistance Specialist (CAS).  The two announcements were made together to provide the opportunity for persons currently working in either the Health division or Safety division to compete for the Compliance Assistance Specialist position.  The CAS position was a GS-13 grade, an increase from Plaintiff's GS-12 Industrial Hygienist job.  The position of CAS was non-management, and the selected party could still remain in the bargaining unit at Erie.

Three applicants were found to meet the general requirements under the Health announcement ((VAN) PH-01-066), and three applicants were found to meet the general requirements under the

Safety announcement ((VAN) PH-01-063). Each was listed on the appropriate Certificate of Eligibles.

The three candidates listed on the Certificate of Eligibles under the Health announcement ((VAN) PH-01-066) were: Joseph Chmielewski (male), Plaintiff (female), and Cyril Pyle (male). The three candidates listed on the Certificate of Eligibles under the Safety announcement ((VAN) PH-01-063) were: Plaintiff (female), Jack Whalen (male), and Mark Harmon (male). Four of the five individuals were employees of the Erie Area OSHA Office: Joseph Chmielewski, Plaintiff, Jack Whalen, and Mark Harmon. Mr. Chmielewski and Plaintiff were Industrial Hygienists, whereas Mr. Whalen and Mr. Harmon were Industrial Health Inspectors. All Industrial Hygienists in the Erie Area OSHA Office and elsewhere would have qualified under both vacancy announcements upon application to each, although Plaintiff was the only one to do so.

    C.   **Selecting Official**

Area Director John H. Stranahan was the Agency official responsible for making the selection of the Compliance Assistance Specialist in May 2001. At trial, the Secretary will show that Mr. Stranahan considered the following factors in determining which candidate to choose for the Compliance Assistance Specialist: each candidate's knowledge of OSHA policies, procedures, and programs; each candidate's knowledge of OSHA safety and health standards and their application; each candidate's familiarity with a wide range of industrial

operations and processes and their hazards; and each candidate's communication skills. Further, Mr. Stranahan will testify that he knows the work product and habits of the Plaintiff, Mr. Chmielewski, Jack Whalen, and Mark Harmon since all worked in the Erie Area Office.

Overall, Mr. Stranahan determined that Joseph Chmielewski rated higher than the other four candidates with respect to the criteria he considered. It will be shown that Mr. Stranahan chose Mr. Chmielewski over Novakowski because of his broader OSHA experience and superior communication skills. Specifically, Mr. Stranahan relied upon Mr. Chmielewski's 20 years of OSHA experience, his many inspections, and his knowledge and extensive use of OSHA standards to determine that Mr. Chmielewski was the best selection from a good field of candidates, including Plaintiff. Moreover, it will be shown at trial that Ms. Novakowski was not the best candidate for this new position because of her lesser years of experience, fewer site inspections, and fewer number of standards cited. Additionally, it will be shown that several area employers praised Mr. Chmielewski's communication skills. Mr. Stranahan will state unequivocally that the candidates' sex did not play a role in his selection. Based on his extensive first-hand observations and the results of the selection process, Joe Chmielewski was projected as the best fit for the initial CAS selectee. Without any doubt, Mr. Stranahan concluded Ms. Novakowski was not the best candidate.

Richard Soltan was the Approving Official of the selection of Joe Chmielewski. He will testify that he assured that John Stranahan, Selecting Official, conducted a proper selection process of Mr. Chmielewski. Additionally, Mr. Soltan knew Mr. Chmielewski as an employee of DOL and agreed with Mr. Stranahan that he was a better fit for the CAS position than Plaintiff.

With regard to sex discrimination, Ms. Novakowski testified repeatedly under oath at her deposition and before the Administrative Judge that she was unable to produce any documents, witnesses, or evidence to establish that she was denied this promotion because she was a woman. Instead, she repeatedly stated that she felt she was more qualified than Mr. Chmielewski and that, therefore, he must have been chosen over her because he was a man.

## II. **WITNESSES**

1. John H. Stranahan, Area Director
   Occupational Safety and Health Administration
   West Ridge Commons, Suite B-12
   3939 West Ridge Road
   Erie, PA 16506
   (814) 833-5758

2. Richard D. Soltan, Regional Administrator
   Occupational Safety and Health Administration
   170 S. Independence Mall West, Room 740W
   Philadelphia, PA 19106
   (215) 861-4900

3. Joseph Chmielewski, Compliance Assistance Specialist
   Occupational Safety and Health Administration
   West Ridge Commons, Suite B-12
   3939 West Ridge Road
   Erie, PA 16506
   (814) 833-5758

```
4.      Plaintiff

5.      Barry Burbage
        Acting Area Director
        Occupational Safety and Health Administration
        West Ridge Commons, Suite B-12
        3939 West Ridge Road
        Erie, PA 16506
        (814) 833-5758

6.      Jill Brown, Administrative Manager
        Occupational Safety and Health Administration
        West Ridge Commons, Suite B-12
        3939 West Ridge Road
        Erie, PA 16506
        (814) 833-5758

7.      Marcy Levan, Safety and Health Assistant
        Occupational Safety and Health Administration
        West Ridge Commons, Suite B-12
        3939 West Ridge Road
        Erie, PA 16506
        (814) 833-5758

8.      Beverly Spare, CSHO
        Occupational Safety and Health Administration
        West Ridge Commons, Suite B-12
        3939 West Ridge Road
        Erie, PA 16506
        (814) 833-5758

9.      Sandy Weaver, DOL Human Relations Officer

10.     Any witnesses listed by the Plaintiff in her
        Pretrial Narrative.
```

### III. RELEVANT DOCUMENTS (ATTACHED HERETO)

1a.     Vacancy Announcement PH-01-066 and Position Description

1b.     Vacancy Announcement PH-01-063 and Position Description

2.      Department of Labor personnel regulations and procedures

3. Debora Novakowski
   a. Official Personnel File
   b. EEO transcript of April 22, 2003
   c. Deposition transcript of January 27, 2006

4. Joseph Chmielewski
   a. Official Personnel File
   b. Letters of Recommendation

5. John Stranahan
   a. CAS interview documents
   b. EEO transcript of April 22, 2003
   c. Deposition transcript of January 27, 2006

6. Richard Soltan
   a. EEO deposition transcript
   b. Deposition transcript

7. May 20, 2003 Hearing Transcript before Administrative Judge Polito

8. EEOC Complaint File

9. EEOC Administrative File, including hearing documents

## IV. MISCELLANEOUS

Defendants, Elaine Chao, Secretary, and the United States Department of Labor, may also offer into evidence some and/or all of the exhibits to be set forth in Plaintiff's Pretrial Narrative Statement, or any other exhibit which may subsequently become known to the Defendants, or may be set forth, appear, or be referred to in the pleadings, depositions, interrogatories or any other part of the records pertaining to this action.

Defendants, Elaine Chao, Secretary, and the United States Department of Labor reserve a right to file an amended and/or supplemental Pretrial Narrative Statement prior to the trial of this action.

Defendants, Elaine Chao, Secretary, and the United States Department of Labor, also reserve a right to call as witnesses any of the parties of this action and/or any of the persons listed in the Pretrial Narrative Statement of Plaintiff, and/or any other persons who may subsequently become known to the Defendants and/or any of the persons who may otherwise be named, appear or are referred to in the pleadings, depositions, interrogatories or any other part of the record of this action.

In connection with the above, the Defendants also reserve a right to use rebuttal and impeachment evidence. Defendants, Elaine Chao, Secretary, and the United States Department of Labor, reserve a right to file additional list of witnesses and exhibits.

>Respectfully submitted,
>
>MARY BETH BUCHANAN
>United States Attorney
>
>s/Paul E. Skirtich
>PAUL E. SKIRTICH
>Assistant U.S. Attorney
>Western District of Pennsylvania
>U.S. Post Office and Courthouse
>700 Grant Street, Suite 4000
>Pittsburgh, PA 15219
>(412) 894-7418
>PA ID No. 30440
>
>Counsel for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2006, Defendants' Pretrial Narrative was electronically filed and/or served via United States mail, postage-prepaid, on:

    John R. Linkosky, Esquire
    John Linkosky & Associates
    715 Washington Avenue
    Carnegie, PA 15106


    s/Paul E. Skirtich
    PAUL E. SKIRTICH
    Assistant U.S. Attorney