IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORA NOVAKOWSKI, | ) | |
| | ) | Civil Action No. 04-356E |
| Plaintiff, | ) | |
| | ) | Judge McLaughlin |
| v. | ) | |
| | ) | Electronically Filed |
| ELAINE CHAO, SECRETARY, and The | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF LABOR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING A SEXUALLY HOSTILE ENVIRONMENT AND/OR IRRELEVANT BAD ACTS OF MISCELLANEOUS MALE EMPLOYEES**

**I. Background**

The sole issue in this case is whether Defendants discriminated against Plaintiff, based on her gender, when they did not select her for a promotion but, instead, selected a male employee, Joseph Chmielewski. Plaintiff, however, intends to muddy this discrete issue and to engage in a smear campaign against the selecting official, John H. Stranahan, and other miscellaneous male employees, because she has been unable to establish evidence to discredit Defendants' legitimate nondiscriminatory reasons for their selection. Specifically, in her pretrial statement, Plaintiff states that Mr. Stranahan's "attitude toward females and bias in favor of males, is evidenced by his long standing tolerance and failure to address a sexually hostile atmosphere in the Erie Area Office." (Pl.'s Pretrial at 6.) Plaintiff intends to call multiple witnesses who will testify that a male employee, who has no relation whatsoever to the promotion or this case, was accused of possessing pornography at work and, on a different occasion, was seen by a building maintenance worker partially disrobed while he changed clothes

in the office.  Because this male employee was not "disciplined" in the manner Plaintiff thought appropriate, such as separation, Plaintiff intends to make the tenuous and tortured argument that this evidence will discredit Mr. Stranahan's legitimate nondiscriminatory reasons for selecting Mr. Chmielewski for the promotion to the Compliance Assistance Specialist position plaintiff sought.

As discussed in more detail below, this evidence is highly prejudicial to Defendants and is irrelevant to the sole issue in this case - whether Plaintiff was denied the promotion based on her gender.

**II. Argument**

    **A. Evidence Regarding Bad Acts of a Miscellaneous Male Employee and the Discipline He Received is Irrelevant to the Instant Action Under Federal Rules of Evidence 401 and 402**

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  The Third Circuit has explained that "relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994)(citing Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992)).  Federal Rule of Evidence 402 states that "evidence which is not relevant is not admissible."

In the instant case, any evidence or testimony regarding the bad acts and/or discipline of a miscellaneous employee is irrelevant.  Specifically, Plaintiff wishes to muddy this trial by arguing that a male employee, who has no relation to this case, was not properly

disciplined by Mr. Stranahan after being discovered possessing pornography at work and, on a separate occasion, being observed in a state of partial undress by a building maintenance worker while he changed clothes in the office.  The sole issue in this case, however, is whether Plaintiff's gender played a role in Defendants' decision to choose Mr. Chmielewski for a promotion.  It is important to note that this case does not, in any way, involve a claim for disparate treatment with regard to discipline.  Additionally, evidence regarding the bad acts and discipline of a miscellaneous male employee does not make it more probable that Plaintiff was denied a promotion based on her gender, and Plaintiff's attempt to make a contrary argument is, at best, tenuous and tortured.  Rather, Plaintiff wishes to introduce this evidence for the sole purpose of smearing the Defendants, as Plaintiff has discovered no evidence to discredit Defendants legitimate nondiscriminatory reasons for selecting Mr. Chmielewski for the promotion.

       Moreover, and critically, should the Court permit this evidence to be admitted, a long separate mini-trial will take place on this irrelevant issue.  Defendant will be forced to call multiple witnesses to rebut this evidence and to further prove that, with regard to discipline in the workplace, women are treated similarly to men.  This could include multiple witnesses who will testify as to each time a woman violated an office policy and how she was subsequently disciplined.  Furthermore, additional evidence will be needed to establish who was responsible for issuing the discipline - Mr. Stranahan or some other management official.

       An irrelevant mini-trial of this nature will convolute the issues, considerably lengthen the trial and confuse the jury on the relevant issues in this case.  As stated above, this case does not include a claim for disparate treatment with regard to discipline in the workplace and, accordingly, the Court should not permit a separate mini-trial on this unrelated issue.

### B. This Evidence Should Be Excluded Because it is Prejudicial and Will Confuse the Jury

The evidence discussed above should also be excluded pursuant to Federal Rule of Evidence 403. Rule 403 states, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." When determining the probative value of the evidence, a court "must consider not only the extent to which it tends to demonstrate the proposition which it has been admitted to prove, but also the extent to which that proposition was directly at issue in the case." Spain, 26 F.3d at 453.

In the instant case, evidence regarding an employee's responsibility for possession of pornography in the work place and, on a separate occasion, being discovered partially disrobed while he changed clothes will be highly prejudicial to Defendants and will offer no probative evidence to the only issue in this case - whether gender played a role in the selection of Mr. Chmielewski. Plaintiff's sole purpose in introducing this evidence is to obtain "shock value" and to smear the Defendants' reputation. Accordingly, under Rule 403, this evidence must be excluded.

Additionally, a long drawn-out mini trial on this issue will certainly confuse and mislead the jury into believing that bad acts and/or discipline in the workplace are the pertinent issues to be decided. In short, to the extent this evidence has any probative value, which it does not, it is more than substantially outweighed by its prejudicial nature and the likelihood of misleading and confusing the jury.

### C. A Claim for Hostile Work Environment is Not Part of this Lawsuit

Hostile work environment is a distinct and separate theory of recovery under the federal discrimination laws. Plaintiff's District Court complaint does not include, and has never included, a claim for hostile work environment. To the contrary, Plaintiff's counsel has admitted that this civil action is <u>not</u> about a hostile work environment: on the record at the initial pretrial conference with this Court and, again, at a subsequent conference with this Court (concerning Plaintiff's Motion to Compel Employee Statements taken by the Office of Inspection General). Plaintiff, however, stated in her pretrial statement that Mr. Stranahan's "attitude toward females and bias in favor of males, is evidenced by his long standing tolerance and failure to address a sexually hostile atmosphere in the Erie Area Office." Despite the absence of a hostile work environment claim in this lawsuit, Plaintiff now intends to present evidence and attempt to prove a hostile work environment at trial.

Because hostile work environment has never been a claim in this lawsuit by Plaintiff's own choosing, Defendants did not conduct discovery on this issue and should not be forced now, on the eve of trial, to defend against this claim. Moreover, as stated previously, should the Court permit this type of evidence, this will create a separate mini-trial on the hostile work environment issue which will considerably lengthen this trial, confuse the jury and prejudice Defendants. This case involves only a single and discrete issue regarding a promotion and, thus, Plaintiff should not be permitted to introduce any testimony of a hostile work environment.

**III. Conclusion**

        For the foregoing reasons, Plaintiff should be precluded from offering evidence of a hostile work environment and/or evidence of bad acts of employees who have no relation to this case.

Dated:  May 30, 2006                                Respectfully Submitted,

                                                      MARY BETH BUCHANAN
                                                      UNITED STATES ATTORNEY

                                                      s/ Paul E. Skirtich
                                                      PAUL E. SKIRTICH
                                                      Assistant U.S. Attorney
                                                      Western District of Pennsylvania
                                                      700 Grant Street, Suite 4000
                                                      Pittsburgh, PA 15219
                                                      (412) 894-7418
                                                      PA ID No. 30440

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Memorandum in Support of Motion in Limine was served electronically or via First Class U.S. Mail on this 30th day of May, 2006, on the following:

>John R. Linkosky, Esquire
>John Linkosky & Associates
>715 Washington Avenue
>Carnegie, PA 15106

>>s/Paul E. Skirtich
>>PAUL E. SKIRTICH
>>Assistant U.S. Attorney