IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,

      Plaintiff,

      v.

ELAINE CHAO, SECRETARY OF LABOR,
and the UNITED STATES DEPARTMENT
OF LABOR,

      Defendants.

Civil Action No. 04-356E

Judge Sean J. McLaughlin
**Electronically Filed**

JURY TRIAL DEMANDED

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

AND NOW, comes the Plaintiff to the above-captioned action, by and through her

undersigned attorney, and respectfully submit the following Proposed Jury Instructions.


**John R. Linkosky, Esquire**
**Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280
412 278-1282 (Fax)

Counsel for Plaintiff
Debora Novakowski

**Table of Contents**

1.   Opening Instructions –
     Nature of Case, General Instructions

2.   General Introduction

3.   Jurors Duty to Deliberate

4.   Court's Questions To Witnesses

5.   Jury Not To Take Cue From Judge

6.   Defendant Status Does Not Infer Liability

7.   All Persons Equal Before the Law-Organizations

8.   Evidence to be Considered

9.   Evidence - Direct, Indirect or Circumstantial

10.  Inadmissible and Stricken Evidence

11.  The Nature of the Claim

12.  Burden of Proof

13.  Number of Witnesses

14.  Single Witness

15.  Witness Credibility

16.  Proper Party

17.  Intentional Discrimination Claim

18.  Claims of Intentional Sex Discrimination in this Case

19.  Elements of Intentional Discrimination Claim

20.  Definition of "Adverse Employment Action"

21.    Definition of "Determinative Effect"

22.    Colgan Instructions

23.    Stray Remarks

24.    Pretext; Smith/Watson Instruction

25.    Management Decisions

26.    Requirement of a Determinative Effect

27.    Jury to Determine Credibility of Witnesses

28.    Communications Between Court and Jury
       During Jury's Deliberations

## PLAINTIFF'S PROPOSED INSTRUCTIONS

1.  Nature of Claim

2.  Pretext/Aman instruction

3.  Colgan Instruction: Part 2:

4.  Stray Remarks: Continued

5.  Desert Palace Instruction

6.  Effect of Instruction As To Damages

7.  Back Pay

8.  Compensatory Damages

1.    **Proposed Jury Instruction**

**Opening Instructions - Nature of Case, General Instructions**

Members of the jury, you are about to begin the trial of the case about which you heard

some details during the process of jury selection. Before the trial begins, however, there are

certain instructions you should have in order to better understand what will be presented before

you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called a plaintiff. In this action, the plaintiff is Debora

Novakowski. The party against whom the suit is brought is called a defendant. In this action, the

defendants are Elaine Chao, Secretary of the United States Department of Labor and the United

States Department of Labor.

Your role in this trial will be to decide issues where there is a conflict in the facts. I will

decide all questions of law that arise during the trial, and before you retire to deliberate at the

close of the case, I will instruct you on the law that you must follow and apply in deciding upon

your verdict.

Since you will be called upon to decide the facts of this case, you should give careful

attention to the testimony and evidence presented for your consideration, bearing in mind that I

will instruct you at the end of the trial concerning the manner in which you should determine the

credibility or "believability" of each witness and the weight to be given his or her testimony.

During the trial, however, you should keep an open mind and should not form or express any

opinion to anyone about the case one way or the other until you have heard all of the testimony

and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable

law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, and it is your duty to inform the court should anyone discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should be prejudiced against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment that I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain on objection to a questions that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedures that require consideration by the Court alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly at times.[1]

---

[1] Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions § 70.01 (hereinafter designated as "Devitt, Blackmar & Wolff, §__").    ").

2.    **Proposed Jury Instruction**

**General Introduction**

Members of the Jury, now that you have heard the all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law as stated by me.

I caution you that nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what my opinion is. It is not my function to determine that facts, but rather yours. However, from time to time, I may refer to the parties' contentions. I do this only as an aid to the jury to place the evidence and arguments in perspective. You are not to read into either the fact that or in the manner in which I phrase the parties' contentions that I believe the factual predicate of those contentions has or has not been established. This is for you to determine.

You must perform your duties as jurors without bias or prejudice as to any party. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.[2]

---

[2]  Devitt, Blackmar & Wolff § 71.01 (4th ed. 1987)

**3.**    **Proposed Jury Instruction**

<u>**Jurors Duty to Deliberate**</u>

It is your duty as jurors to consult with one another after you have heard the entire case, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to your individual judgment. To each of you I would say that you must decide the case for yourself but you should do so only after discussing it with your fellow jurors, and you should not hesitate to change an opinion when you are convinced that it is erroneous. You should not be influenced to vote in any way on any question submitted to you by the single fact that a majority of the jurors, or any one of them, favor a particular decision or hold an opinion at variance with your own. In other words, you should not surrender your honest convictions concerning the effect or weight of evidence for the mere purpose of returning a verdict or solely because of the opinion of the other jurors.[3]

---

[3]    Standardized Civil Jury Instructions for D.C., § 1-4.

4.    **Proposed Jury Instruction**

**Court's Questions To Witnesses**

During the course of a trial, I may have asked questions of a witness in order to obtain information or bring out some fact or facts not fully developed by the testimony. You should not take my questions to witnesses as any indication of the Court's opinion as to how you should determine the issues of fact. Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.[4]

---

[4]    Devitt, Blackmar & Wolff, §70.13; Standardized Civil Jury Instructions for D.C., § 1-7.

**5.    Proposed Jury Instruction**

<u>**Jury Not To Take Cue From Judge**</u>

You are not to permit yourself to be influenced by anything the Court has said or done which you might think suggested to you that I am inclined to favor the claims or positions of either party. I am duty bound to remain neutral and leave the decision to you.

I have not intended to express or to intimate, any opinion as to which witnesses are worthy of belief or disbelief; what facts are established; which facts have not been established; or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard any such expression, as misleading.[5]

---

[5]  Standardized Civil Jury Instructions for D.C., § 1-8. <u>See also</u> Devitt, Blackmar & Wolff, § 71.11.

**6.    Proposed Jury Instruction**

**<u>Defendant Status Does Not Infer Liability</u>**

Simply because a defendant is sued does not mean that the defendant is liable.  Anyone can file a lawsuit or a discrimination charge.  The fact that the plaintiff has filed this lawsuit does not, in itself, mean that the defendant has done anything that the law prohibits.  That is for you to decide on the basis of the evidence.[6]

---

[6]  Standardized Civil Jury Instructions for D.C., § 1-8. <u>See also</u> Devitt, Blackmar & Wolff, § 71.11.

7.    **Proposed Jury Instruction**

## All Persons Equal Before the Law-Organizations

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A government employee, is entitled to the same fair trial at your hands as a Secretary of Labor and the United States Department of Labor. That is, all parties, including government organizations, are to be dealt with as equals in a court of justice.[7]

---

[7] Adapted from Devitt, Blackmar & Wolff § 71.04

**8.    Proposed Jury Instruction**

<u>**Evidence to be Considered**</u>

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Statements, objections and arguments made by the lawyers are not evidence in the case. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, you should rely solely upon your memory of them.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact, but you must consider the witnesses answer, unless you do not believe the witness. The lawyer's statement is not evidence, the witness' answer is.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as seem justified in light of your own experience. An inference is a deduction or conclusion which reason and common sense lead you to make from facts which have been proved.[8]

---

[8]   Devitt, Blackmar & Wolff, §§ 71.08, 71.12; Standardized Civil Jury Instructions for D.C., § 2-2.

-10-

9.    **Proposed Jury Instruction**

**Evidence - Direct, Indirect or Circumstantial**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence--such as the testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As an example, if you look out the window and see that it is raining, that would be direct evidence that it is raining. If someone walks into the Courtroom wearing a wet raincoat and carrying a dripping umbrella, that would be circumstantial evidence that it is raining. Here, you would correctly draw the reasonable inference that it was raining out, upon seeing only the wet raincoat and umbrella.

The law makes no distinction between direct or circumstantial evidence. The reason for treating circumstantial and direct evidence alike is both clear and deep-rooted: "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." [9] As in any lawsuit, the plaintiff may prove his case by direct or circumstantial evidence. The trier of fact should consider all the evidence, giving it whatever weight and credence it deserves. Plaintiff is not required to submit direct evidence of discriminatory intent. The McDonnell Douglas formula does not require direct proof of discrimination". [10]

---

[9]    Rogers v. Missouri Pacific R. Co.,352 U.S. 500, 508, n. 17, (1957).

[10]    International Brotherhood of Teamsters v. United States, 431 U.S. 324, 358 n. (1977).

The law only requires that the jury find in accord with the preponderance of all the evidence in the case, both direct and circumstantial.[11]

---

[11]  Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 714, n. 3, (1983).

10.    **Proposed Jury Instruction**

<u>**Inadmissible and Stricken Evidence**</u>

It is the duty of counsel on each side of a case to object when the other side offers testimony or other evidence which counsel believes is not properly admissible.

If, during the course of the trial the Court sustained an objection by one counsel to a question asked by the other counsel, you are to disregard the question and you must not speculate as to what the answer would have been. If, after a question was asked and an answer given by the witness, the Court ruled that the answer should be stricken from the record, you are to disregard both the question and the answer in your deliberations.

Likewise, exhibits to which the Court has sustained an objection, or which the Court has ordered stricken, are not evidence and you must not consider them.[12]

---

[12]   Standardized Civil Jury Instructions for D.C., § 2-4.

11.    **Proposed Jury Instruction**

**The Nature of the Claim**

This case arises out of the plaintiff's claim that the defendant intentionally discriminated against her during the course of her employment with the United States Department of Labor.

The plaintiff claims that the defendant failed or refused to promote her to an Compliance Assistant Specialist position because of her sex.

The defendant denies all of the plaintiff's allegations and asserts that it had legitimate business reasons for all of its actions concerning the plaintiff.

In particular, the defendant asserts that the plaintiff was not selected to the Compliance Assistant Specialist position because the selecting official did not find that she was the most qualified applicant for the job. That is, the defendant denies that the plaintiff's sex played any role in the its decision not to promote the plaintiff.

It will be your responsibility to decide whether the plaintiff has proven each and every essential element of her claim against the defendant by a preponderance of the evidence.[13]

---

[13]   Adapted from Devitt, Blackmar & Wolff, § 104.01.

12.    **Proposed Jury Instruction**

<u>**Burden of Proof**</u>

As indicated, in a civil case such as this, the plaintiff, Debora Novakowski, has the burden of proving every essential element of her claim by a preponderance of the evidence.

To establish by "preponderance of the evidence" means to prove that a fact is more likely to have occurred, than not to have occurred. In other words, a preponderance of the evidence in the case means evidence that, when considered and compared with the evidence opposed to it, has more convincing force. It should produce in your minds, for example in this case the belief that unlawful discrimination or retaliation is more likely true than not true. You are required to apply only this standard and not any personal standard of absolute certainty. If we visualize evidence as something weighed in an ordinary balance scale, and if the evidence admitted in support of a claim made by the party having the burden of proof has just enough weight in probative value when compared to the evidence offered in opposition to it that it just tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance. In other words anything more than 50%, no matter how sleight, is sufficient to tip the scales in favor of the party with the slightly greater evidence. On the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in support of the claim, it can be said there has been a failure to carry the burden of proof imposed by law.[14]

In determining whether any fact in issue has been proven by a preponderance of the

---

[14] Adapted from jury instructions in <u>Spangle v. United States Postal Service</u>, C.A. No. 91-1479 (W.D. Pa. 1993)(Standish, J.) .

evidence in the case, you may, unless I instruct you otherwise, consider the testimony of all witnesses, regardless of which party may have called them and all exhibits received in evidence, regardless of which party produced them.

If a preponderance of the evidence does not support each essential element of a claim, then you should find against Plaintiff as to that claim.[15]

Again, it is plaintiff, Debora Novakowski, who at all time bears the ultimate burden of persuasion in this lawsuit.[16]

---

[15]  Devitt, Blackmar & Wolff, § 72.01.

[16]  St. Mary's Honor Center v. Hicks. _ U.S._, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

**13.    Proposed Jury Instruction**

<u>**Number of Witnesses**</u>

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds a belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such a belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.[17]

---

[17]    Adapted from Devitt, Blackmar & Wolff § 5.03.

14.    **Proposed Jury Instruction**

**<u>Single Witness</u>**

The testimony of a single witness which produces in your minds belief in the likelihood of truth, is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary.  If, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness,[18] than you do in the other witnesses, you may find for the party supported by that testimony.

---

[18] Devitt, Blackmar & Wolff, § 72.14.

## 15.    Proposed Jury Instruction

## Witness Credibility

You have had an opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness' testimony.

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his/her demeanor - that is, his/her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us. For example, were the witnesses answers specific and detailed facts or vague and general conclusions?

You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things

about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[19]

---

[19]  Modern Federal Jury Instructions, Sand, Siffert, Volume 3, § 76-1.

16.    **Proposed Jury Instruction**

**Proper Party**

Under the law, when a federal agency is alleged to have discriminated against an employee, the head of that agency must be named as the defendant; it is for that reason that Elaine Chao, Secretary of Labor of the United States Department of Labor, is a named defendant in this action.[20] Elaine Chao is a nominal party. It is the United States Department of Labor that is the real party in interest here.

The United States Department of Labor, as an agency, can act only through its officers, agents and employees, and any act of an officer, agent or employee of the agency that is performed within the scope of his or her duties of employment would be considered to be the act of the agency.

---

[20]   See Brown v. General Service Admin., 425 U.S. 820 (1976) See also Forbes v. Reno, 893 F. Supp. 476, 481 (W.D. Pa. 1995)(Ambrose, J.), aff'd, 91 F. 3d 123 (1996); Bertha v. United States Postal Service, 729 F. Supp. 31 (E.D. Pa. 1990); McCoin v. Secretary of Veterans Affairs, No. 96-4104-SAC, 1996 WL 772602 (D. Kan. Dec. 20, 1996); King v. Dalton, 895 F. Supp. 831, 843 (E.D. Va. 1995).

17.    **Proposed Jury Instruction**

**Intentional Discrimination Claim**

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to intentionally discriminate against any employee because of the employee's sex.

Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or other innocent reason.[21] Thus, to recover on an intentional discrimination claim, it is not enough for the plaintiff to show that an employment decision was a mistake,[22] or unwise,[23] or unfair; the employment decision must have resulted because of impermissible discrimination.[24]

---

[21]    Adapted from Devitt & Blackmar § 106.06 (1987)

[22]    Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not, in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination."); Pollard v. Rea Magnet Wire Co. Inc., 824 F.2d 557, 559 (7th Cir. 1987), cert. denied, 484 U.S. 977 (1987) ("A reason honestly described but poorly founded is not a pretext, as that term is used in the law of discrimination.")

[23]    Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1507-08 (5th Cir. 1988) ("The ADEA cannot protect older employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated."); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 n.3 (8th Cir. 1985) ("It is an employer's business prerogative to develop as many arbitrary, ridiculous and irrational rules as it sees fit. Our only concern is that the employer must apply its rules in an evenhanded, nondiscriminatory manner."), cert. denied, 475 U.S. 1050 (1986).

[24]    Wilson v. Belmont Homes, Inc., 970 F.2d 53, 57 (5th Cir. 1992) ("Title VII. . .does not require that an employer terminate its employees only for good cause); Risher v. Aldriae, 889 F.2d 592, 597 (5th Cir. 1989) ("[A]n agency's disregard of its own hiring system does not of itself conclusively establish (continued ... ...continued) that improper discrimination occurred . . . ."); Gaballah v. Johnson, 629 F.2d 1191, 1197 (7th Cir. 1980) ("[P]re-selection [for promotion] would violate the rules of [the] Merit Promotion Program. . . But a violation of that rule does not indicate discrimination . . .")

18.     **Proposed Jury Instruction**

**Claims of Intentional Sex Discrimination in this Case**

In the present case, the plaintiff claims that the defendant violated Title VII and intentionally discriminated against her on the basis of her sex (female) when it failed to promote her to the Compliance Assistant Specialist's position.

As I indicated to you earlier, the defendant denies that the plaintiff's sex played any role in its employment decision regarding the plaintiff. Instead, the defendant contends that the plaintiff was not selected to the position at issue because she was not the most qualified candidate.

19.    **Proposed Jury Instruction**

**Elements of Intentional Discrimination Claim**

In order to succeed on her claim of intentional sex discrimination in connection with her non-selection, the plaintiff must prove the following elements by a preponderance of the evidence as to each one of her claims:

First, that she was actually subjected to an adverse employment decision; and

Second, that the plaintiff's sex had a determinative effect on the defendant's employment decision at issue.

If the plaintiff fails to prove either of these elements by a preponderance of the evidence, then your verdict must be for the defendant.[25]

---

[25] Watson v. SEPTA, 207 F.3d 207 (3d Cir. 2000); Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997); Gomez v. Allegheny Health Services. Inc., 71 F.3d 1079, 1083-84 (3d Cir. 1995); Wilson v. PPL Elec. Utilities Corp., No. 02-CV-4662, 2004 WL 764803, at *3 n.2 (E.D. Pa. Mar. 31, 2004); see also Hill v. Lockheed Martin Logistics Mtg., Inc., 354 F.3d 277, 285-86 (4th Cir. 2004).

20.    **Proposed Jury Instruction**

**Definition of "Adverse Employment Action"**

An "adverse employment action" is defined as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[26]

You should keep in mind, however, that when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is also violated.[27]

---

[26]    Weston v. Commonwealth of Pa., 251 F.3d 420, 430 (3d Cir. 2001)(citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998)); Durham Life Ins. Co. v. Evans, 166 F.3d 139, 152-53 (3d Cir. 1999).

[27]    Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) (citations omitted)

**21.    Proposed Jury Instruction**

<u>Definition of "Determinative Effect"</u>

In order to prove the second element of her intentional sex discrimination claim in connection with her non-selection, the plaintiff must prove by a preponderance of the evidence that her sex had a "determinative effect" on the defendant's alleged adverse employment decision at issue. A "determinative effect" means that "but for" the plaintiff's sex, the alleged adverse employment decisions would not have occurred.[28]

---

[28] <u>Watson</u>, 207 F.3d at 213-14; <u>see also</u> <u>Reeves v. Sanderson Plumbing Products, Inc.</u> 530 U.S. 133, 141 (2000. ), <u>Hernandez v. Hughes Missle Systems Co.</u>, No. 01-15512, 2004 WL 556706, at *3 (9th Cir. Mar. 23. 2004); <u>Sanghvi v. City of Claremont</u>, 328 F.3d 532 (9th Cir. 2003); <u>McNulty v. Citadel Broadcasting Co.</u>, 58 Fed. Appx. 556, 2003 WL 500171, at *7 (3d Cir. 2003).

22.    **Proposed Jury Instruction**

**Colgan Instruction: Part 1**[29]

Members of the jury , in this case, Ms. Novakowski has contended that one of the principal means by which the Department of Labor created a hostile work environment is by ignoring its own rules an regulations regarding pornography and abusive behavior in the workplace, and ignoring the complaints of female employees about it. You should be aware that an agency's failure to adhere to its own rules is evidence of discriminatory intent.[30]

---

[29]  See Plaintiff's Instruction for Part 2.

[30]  See Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1422-23 (3d Cir.) (in banc), cert. denied, 502 U.S. 941, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991).

**23.    Proposed Jury Instruction**

## Stray Remarks

Members of the jury, you should also know that stray remarks in the workplace do not

constitute direct evidence of discrimination.[31]

---

[31]    Price Waterhouse v. Hopkins, 409 U.S. 228 (1984); Valentin v. Crozer-Chester Med. Ctr., 986 F. Supp. 292, 301 (E.D. Pa. 1997).

24.    **Proposed Jury Instruction**

**Pretext; Smith/Watson Instruction**

As I have indicated, on her claim of intentional sex discrimination, it is the plaintiff's

burden to establish by a preponderance of the evidence that she was subjected to an adverse

employment decision because of her sex. Under the law, you are entitled to infer, but need not

infer, that the plaintiff has met this burden if she has proven that she was subjected to an adverse

employment action under circumstances that make you believe that the action occurred because

of the plaintiff's sex and you do not believe the defendant's proffered reason as to why it

subjected the plaintiff to the alleged adverse employment action.[32]

Keep in mind, however, that you cannot find for the plaintiff simply because you believe

that the defendant's explanation for it's actions is more likely to be false, or mistaken, than true,

because it is not a violation of the federal discrimination laws to give an explanation which is

false or mistaken.[33]  Thus, although your disbelief of the defendant's reasons for the employment

---

[32]    Watson, 207 F.3d at 221-222; Smith v. Borough of Wilkinsbura, 147 F.3d 272, 280
(3d Cir. 1998).

[33]    Mesnick v. General Electric, 950 F.2d 816, 824 (1st Cir.1991), cert. denied, 504
U.S. 985 (1992)("it is not enough for a plaintiff merely to impugn the veracity of the employer's
justification; he must elucidate specific facts which enable a jury to find that the reason given is
not only a sham, but a sham intended to cover up, the employer's real motive:     age
discrimination."); Reeder-Baker v. Lincoln National Corp.,834 F.2d 1373, 1377 (7th Cir.
1987)("The employee thus bears the burden not only of persuading the trier of fact that the
employer dissembled, but also that the employer's pretextual reason hides an unlawful one.");
Clark v. Huntsville City Board of Education, 717 F.2d 525, 529 (11th Cir. 1983) ("[A] simple
finding that the defendant did not truly rely on its proffered reason, without a further finding that
the defendant relied instead on race, will not suffice to establish Title VII liability.") St. Mary's
Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 2752 (1993) ("But a reason cannot prove
to be 'a pretext for discrimination' unless it is shown both that the reason was false and that
discrimination was the real reason."; Hicks, 113 S.Ct. at 2754 ("It is not enough, in other words,
to disbelieve the employer; the fact finder must believe the plaintiff's explanation of intentional

decisions at issue may allow you to infer intentional discrimination, an inference of intentional discrimination is not required because the plaintiff has the ultimate burden of proving that her sex caused the employment actions to occur.[34]

In short, to find for the plaintiff, you must find that the plaintiff has proven, by a preponderance of evidence, not only that the defendant's reasons for its actions in not promoting the plaintiff were false, or otherwise unworthy of belief, but also that discrimination was the real reason for those actions. Put differently, it is not enough for you simply to disbelieve the reasons offered by the defendant for its actions; rather, you must believe that it is more likely than not that its the real explanation for the defendant's actions was intentional sex discrimination.[35]

---

discrimination.") (emphasis in original).

[34]    Smith v. Borough of Wilkinsburg, 147 F.3d 272, 280 (3d Cir. 1988); Armbruster v. Erie Civic Center Auth., 937 F. Supp. 484, 489 (W. D. Pa. 1995) (McLaughlin, J.) aff'd, 100 F. 3d 946 (3d Cir. 1996).

[35]    Id.

**25.    Proposed Jury Instruction**

**Management Decisions**

You may also not find for the plaintiff on her claim that she was not promoted because of her sex simply because you believe that the defendant made unwise or unfair management decisions regarding the plaintiff. Title VII does not require that employment decisions be impeccable or always correct. The mere fact that you may believe that the defendant misjudged the plaintiff does not in and of itself expose the defendant to Title VII liability.[36] An employer has the right to make business decisions for good reasons, bad reasons, or no reason at all, so long as the reason is not due to intentional discrimination.[37] Title VII only prohibits employment decisions made by an employer that are based on impermissible factors, such as sex. As a result, in order to recover in this case, the plaintiff must demonstrate that intentional sex discrimination had a determinative effect on her failure to receive the promotion to the Compliance Assistance Specialist position.[38]

---

[36]    Burdine, 450 U.S. at 259.

[37]    Walker v. AT & T Technologies, 995 F.2d 846, 849-50 (8th Cir. 1993).

[38]    See Winston v. Smithsonian Science Info. Exchange, Inc., 437 F. Supp. 456, 473 (D.D.C. 1977); Milton v. Weinberger, 696 F.2d 94, 100 (D.C. Cir. 1982).

**26.    Proposed jury instruction**

<u>**Requirement of a Determinative Effect**</u>

Whatever the defendant's decision-making process, you should keep in mind that the plaintiff's claims that she was discriminated against because of her sex cannot succeed unless the fact that the plaintiff is a woman actually played a role in the management decision at issue and had a determinative effect on the outcome.[39]

---

[39]   <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 610 (1993); <u>Reeves</u>, 430 U.S. at 141; <u>Hill</u>, 354 F.3d at 286.

27.    **Proposed jury Instruction**

**Jury to Determine Credibility of Witnesses**

You must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witnesses and the extent to which any witness should be believed. If there is any conflict in the testimony, it is your function to resolve the conflict and to determine where the truth lies.

In reaching a conclusion as to the credibility of any witness, and in weighing the testimony of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand, the witness manner of testifying; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters concerning which he has testified; whether the witness has any interest in the outcome of the case, or friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether he has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and determine whether such bias or

-33-

prejudice has colored the testimony of such witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.[40]

---

[40]    Standardized Civil Jury Instruction for D.C. § 3-1.

**28.    Proposed Jury Instruction**

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to the Court, how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.[41]

---

[41]    DeVitt, Blackmar & Wolff, § 74.08.

## Plaintiff's Proposed Instructions

**Plaintiff's Proposed Instruction No. 1**

### The Nature of the Claim

This case arises out of the plaintiff's claim that the defendant intentionally discriminated against her during the course of her employment with the United States Department of Labor.

The plaintiff claims that the defendant failed or refused to promote her to a Compliance Assistant Specialist position because of her sex in violation of Title VII of the Civil Rights Act of 1964.

The defendant denies the plaintiff's allegations and asserts that it had legitimate business reasons for all of its actions concerning the plaintiff.

In particular, the defendant asserts that the plaintiff was not selected to the Compliance Assistant Specialist position because the selecting official did not find that she was the most qualified applicant for the job. That is, the defendant denies that the plaintiff's sex played any role in the its decision not to promote the plaintiff.

It will be your responsibility to decide whether the plaintiff has proven each and every essential element of her claim against the defendant by a preponderance of the evidence.[42]

---

[42]    Adapted from Devitt, Blackmar & Wolff, § 104.01.

**Plaintiff's Proposed Instruction No. 2**

**<u>Pretext/Aman instruction</u>**

Evidence of a hostile work environment is relevant to "whether one of the principal

non-discriminatory reasons asserted by [an employer] for its actions was in fact a pretext for ...

discrimination." [43]; "Evidence of prior acts of discrimination is relevant to an employer's motive

even where this evidence is not extensive enough to establish discriminatory animus itself."[44]

Alleged sexual harassment of other employees other than plaintiff is relevant to prove employer's

motive [45]; Evidence of employer's sexual harassment of female employees other than the

plaintiff and evidence of disparaging remarks about women in general were relevant to determine

motive[46].

---

[43]  Aman v. Cort Rental Furniture, 85 F.3d 1074, 1086 (3d cir 1996); Glass v.
Philadelphia Elec. Co., 34 F.3d 188, 194. (3d Cir.1994)

[44]  Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1104 (8th Cir.1988)

[45]  Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir.1995)

[46]  EEOC v. Farmer Bros. Co., 31 F.3d 891, 897-98 (9th Cir.1994)

**Plaintiff's Proposed Instruction No. 3**

**Colgan Instruction:  Part 2**

Departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role. Substantive departures too may be relevant, particularly if the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached. [47]

---

[47] Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 267 (1977);  Dailey v. City of Lawton, 425 F.2d 1037 (10th Cir. 1970)

**Plaintiff's Proposed Instruction No. 4**

<u>Stray Remarks: Continued</u>

Members of the jury, you should also know that stray remarks in the workplace do not

constitute direct evidence of discrimination.[48] This means that statements made by non-

supervisors "are inadequate to support an inference of discrimination by the employer"[49] unless

the supervisor has notice of the remarks and fails to take prompt effective corrective action.[50] If

the employer knows of the harassment, it is obligated to take prompt remedial action. However,

if you find that Ms. Novakowski's allegations regarding the sex discriminatory attitude of a

decision-maker regarding her true, then the law did require management personnel to take

remedial action. [51]

Moreover, statements or actions by decision makers that are not related to the plaintiff,

but which countenance a hostile work environment in which unlawful employment

discrimination is likely to occur constitute direct evidence that the plaintiff's sex  was a factor in

the defendant's employment decisions, or are evidence that it is more likely than not that the

reasons given by the employer to justify its actions or failures to act are a pretext for unlawful

discrimination. [52] On the other hand, evidence that an individual involved in the selection

---

[48]    Price Waterhouse v. Hopkins, 409 U.S. 228 (1984); <u>Valentin v. Crozer-Chester</u>
<u>Med. Ctr.</u>, 986 F. Supp. 292, 301 (E.D. Pa. 1997).

[49]    <u>Valentin</u>, 986 F. Supp. at 301.

[50]    <u>Spain v. Gallegos</u>, 26 F.3d 439, 450 (3d Cir. 1994)

[51]    Id.

[52]    <u>Aman v. Cort Furniture Rental</u>, 85 F.3d 1074, 1086 (1996)

process had an adverse attitude toward members of a protected class and the manner in which he treated them is relevant to whether the supervisor harbored a discriminatory attitude toward the class and if credited, makes "the existence of an improper motive for the employment decision more probable." [53]

---

[53]  <u>Abrams v. Lightholier, Inc.</u>, 50 F.3d 1204,  (3d Cir. 1995)

**Plaintiff's Proposed Instruction No. 5**

**<u>Desert Palace Instruction</u>**

A plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that "race, color, religion, sex, or national origin was a motivating factor for any employment practice." Because direct evidence of discrimination is not required in mixed-motive cases. i.e. those cases where the employer had both legitimate as well as unlawful motives for its action or inaction. . . [54]

---

[54]   <u>Desert Palace, Inc. v. Costa,</u> 539 U.S. 90, 101-02 (2003)

**Plaintiff's Proposed Instruction No. 6**

**Effect of Instruction As To Damages**

The fact that I will instruct you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of plaintiff on her claims against the defendant.[55]

The fact that I give these instructions does not mean that I think you should award any damages. That is entirely for you to decide. I am instructing you on damages only so that you will have guidance in the event you find in favor of the plaintiff.

---

[55] DeVitt, Blackmar & Wolff, § 74.02.

**Plaintiff's Proposed Instruction No. 7**

**Back Pay**

If you find in favor of the plaintiff on any of her claims, then you must determine the amount of damages that the defendant's actions have caused the plaintiff.

In particular, if you find in favor of the plaintiff on her failure to promote claim, you may award as actual damages the amount that reasonably compensates the plaintiff for any lost wages and benefits, plus interest,  taking into consideration any increases in salary and benefits, including pension, that the plaintiff would have received had plaintiff not been discriminated against..

**Plaintiff's Proposed Instruction No. 8**

**<u>Compensatory Damages</u>**

If you find the defendant liable on the plaintiff's claim, the plaintiff is entitled to recover an amount which will reasonably compensate her for the loss and damage she actually suffered as a result of the defendant's unlawful conduct. Conduct by the defendant that does not cause harm does not entitle the plaintiff to damages. By the same token, harm to the plaintiff which is not the result of unlawful conduct by the defendant does not entitle the plaintiff to damages.

If you find for the plaintiff on her discrimination claim against the defendant, and you also find that she actually suffered harm as a result,[56] you may award her reasonable compensation to the extent that she has proven that she suffered such emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses so as to entitle her to damages.[57]

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should award compensatory damages for only for those injuries which you find the plaintiff has proved, by a preponderance of the evidence, to have been the direct result of the defendant's unlawful conduct. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. You should only award compensatory damages for those injuries which the plaintiff has proven that she actually suffered or are reasonably likely to suffer in the future.

---

[56] <u>Price v. City of Charlotte</u>, 93 F.3d 1241, 1246 (4th Cir. 1996).

[57] Section 102(c) of the Civil Rights Act of 1991 prohibits the court from informing the jury of the limitations on damages described in Section 102(b)(3).

For emotional distress, humiliation, personal indignity, embarrassment, fear, anxiety and anguish, there is not, and cannot be, a fixed measurement. It is measured by the character, nature and extent of the injuries as shown by the evidence. It is not compensation from a sentimental or benevolent standpoint, but the amount that will be the most reasonable approximation that the circumstances admit. You will consider the nature, character and extent of the harm, and all the facts and circumstances in evidence, and give him the amount that from all the evidence you believe will equitably, fairly and justly compensate him for the emotional distress, humiliation, personal indignity, embarrassment, fear, anxiety and anguish that she has endured.

You may not award damages based simply on speculation or guesswork. Any award must fairly compensate plaintiff for her injury, but must have a basis in the evidence and be reasonable in light of that evidence.[58]

Respectfully submitted,

Dated: 6/1/06

s/ John R. Linkosky
Attorney for Plaintiff
**John R. Linkosky, Esquire**
**Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280
412 278-1282 (Fax)

Counsel for Plaintiff
Debora Novakowski

---

[58] Adapted from Devitt, Blackmar, and Wolff, § 104.06 (1987).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA C. NOVAKOWSKI,
     Plaintiff,

Civil Action No. 04-356E

v.

Judge Sean J. McLaughlin
**Electronically Filed**

ELAINE CHAO, SECRETARY, and the
UNITED STATES DEPARTMENT OF LABOR,

     Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing Plaintiff's Proposed Jury Instructions has

been *electronically filed* this 1st day of June, 2006.

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

s/ John R. Linkosky
John R. Linkosky, Esquire
Attorney for Plaintiff

-46-