IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, | CIVIL DIVISION |
|     Plaintiff, | NO.   04-356 ERIE |
| v. | Judge McLaughlin |
| ELAINE CHAO, SECRETARY OF LABOR, and the UNITED STATES DEPARTMENT OF LABOR, | **Electronically Filed** |
|     Defendants. | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE TESTIMONY REGARDING THE SEXUALLY
HOSTILE ENVIRONMENT**

AND NOW, comes the Plaintiff, Debora Novakowski, by and through her attorneys John R. Linkosky and John Linkosky & Assoc., and files the within Plaintiff's Response to Defendants' Motion in Limine to Exclude Testimony Regarding the Sexually Hostile Environment, (hereinafter "Defendants' Motion in Limine").

**I.  Background**

The issue in the within matter is whether Defendants have discriminated against Plaintiff due to her gender in selecting a less qualified male for promotion to a position with a higher grade level.

In support of her claim that her gender was a determining factor in her non-selection for promotion in favor of a male, Plaintiff seeks to introduce evidence that the selecting official, John Stranahan, Area Director of the Erie Area Office of the Occupational Safety and Health Administration of the United States Department of Labor, had, over a long period of time during

1

his tenure are Area Director, tolerated a sexually abusive atmosphere and abusive conduct suffered by the female employees of the Erie Area Office despite complaints from those employees about the atmosphere and abusive conduct.

Specifically, for a period of at least ten years, Mr. Stranahan was aware of and failed to take effective action to correct and prevent a male employee from viewing pornography on his computer so that women in the office observed the material, printing out pornographic material then leaving it where women could find it, and exposing himself on at least two occasions inside the Area Office.

In addition, this same individual was hostile and abusive to female employees. Mr. Stranahan was also aware that a supervisor subordinate to him was abusive and demeaning to women in the office. He was also aware of conduct by the selectee in this case involving an insinuation of sexual involvement by a female Compliance Officer who he was training with an employer representative who was being investigated by the pair.

Despite his knowledge of all of these incidents and others, Mr. Stranahan took no effective action regarding any of the incidents or hostile atmosphere despite being responsible for enforcement of a sexual harassment policy which was in effect. No only did Mr. Stranahan not enforce the sexual harassment policy, he failed to report the incidents to his superiors as the policy required.

Plaintiff contends, and authority supports, that the evidence of Mr. Stranahan's conduct in regard to the sexually hostile atmosphere and sexually abusive conduct against women is evidence of motive, that the reason given for the non-selection in favor of a male employee is pretextual, and that Plaintiff's gender was a determining factor in her non-selection for the promotion.

Defendants have filed a Motion in Limine attempting to prevent the introduction of evidence of Mr. Stranahan's bias on the bases that the evidence is irrelevant, prejudicial to the Defendant, and will tend to confuse the jury.

Plaintiff now files the within Response to Defendants' Motion in Limine.

## II.  Argument

**A.     The evidence Plaintiff proposes to introduce is relevant to the issue of sex discrimination in that it demonstrates a sexual bias on the part of the selecting official.**

In their Memorandum in Support of their Motion in Limine, Defendants correctly cite Rule 401 of the Federal Rules of Evidence in defining relevant evidence as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. By that Rule, the evidence of Mr. Stranahan's comments and conduct regarding his failure to protect the women in his office from a sexually hostile atmosphere and sexually abusive conduct by males is, "of consequence" to the issue of whether his non-selection of Plaintiff in favor of a male was motivated by his bias against women. Mr. Stranahan permitted and condoned the discriminatory culture in the Erie Area Office of OSHA and evidence of that culture is relevant in a discrimination analysis. In Abrams v. Lightolier, Inc., 50 F.3d 1204, 1214 (3rd Cir. 1995), the Court held that discriminatory statements by decision makers and non decision makers which indicated the discriminatory culture where employment decisions are made is relevant in a discrimination case.

In Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326 (3rd Cir. 1995), the Court held that a statement in the company newsletter by the company's Chairman of the Board indicated a

3

favorable attitude toward younger employees which was considered to be "probative evidence of the corporate culture in which a company makes its employment decisions.". The statement was used to build a circumstantial case of discrimination. Brewer at 72 F.3d 333. In Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), the United States Supreme Court held that age related comments by a person who was not even involved in the employment decision affecting the Plaintiff, were relevant, and evidence of an atmosphere in which the employment decision was carried out. Discriminatory comments by non decision makers or statements temporally remote from the decision at issue may be properly used to build a circumstantial case of discrimination. Abrams v. Lightolier, Inc., 50 F.3d at 214 (3rd Cir. 1995); Lockhart v. Westinghouse, 879 F.3d, 54 (3rd Cir 1989); Roebuck v. Drexell University, 852 F.2d 715, 733 (3rd Cir. 1988); Waldon v. Georgia Pacific Corp., 126 F.3d 506, 520 (3rd Cir. 1997). It is beyond question that evidence sufficiently reflecting harassing or discriminatory bias is admissible to prove intent or motive, the existence of a hostile environment and pretext. Lake, et al., v. AK Steel Corporation, 2006 U.S. Dist. LEXIS 25118 (W.D. Pa. 2006) citing Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3rd Cir. 1996). Such evidence can at times be critical to an interpretation of ambiguous treatment or the general harassment of an employee. Hurley v. Atlantic Police Dept., 74 F.3d 95 111-112 (3rd Cir. 1999). A supervisor's attitude toward members of a protected class (older workers) and the manner in which he treated them was relevant to whether the supervisor "harbored a discriminatory attitude toward the class and if credited, made the existence of an improper motive for the discharge (an employment decision) more probable." Abrams v. Lightolier, Inc., 50 F.3d 1214-15 (3rd Cir. 1995).

    The relevance of admissibility of evidence of Mr. Stranahan's tolerance of the sexually hostile atmosphere and abusive treatment of women in the Erie Area Office is further supported

in other circuits. <u>Estes v. Dick Smith Ford, Inc.</u>, 856 F.2d 1097 (8th Cir. 1988) citing <u>Riordan v. Kepiner</u>, 831 F.2d 690 (7th Cir. 1987). Evidence of hostility toward a protected class in the workplace is relevant circumstantial evidence. Plaintiff's establishment of a hostile work environment might help a jury decide whether or not the reason for an employment action was pretextual. <u>Glass v. Phila. Elec. Co.</u>, 34 F.3d 188, 195 (3rd Cir. 1994) quoting <u>Estes</u> at 856 F.2d 1103.

     Without citing any authority, Defendants make the specious arguments that Plaintiff is attempting to "smear" Mr. Stranahan and question his discipline of an employee. Mr. Stranahan cannot be "smeared" by his own conduct and admissions and it is not the "discipline" of an offending employee that is at issue. What is at issue is whether Mr. Stranahan's "discipline" of the employee involved in pornography and exposing himself was effective to put an end to the sexually hostile atmosphere such conduct created and whether Mr. Stranahan's failure to act is an indication of his bias against women. Title VII is a remedial statute and its primary objective is to avoid harm. Consequently, the law and Regulations of Title VII recognize an employer's affirmative obligation to prevent violations. <u>Faragher v. City of Boca Raton</u> 524 U.S. 775 (1998). Mr. Stranahan did not meet his obligation pursuant to the law and Regulations.

     In addition, it is not only the ineffective actions taken by Mr. Stranahan in regard to the employee involved in pornography and exposing himself, but his total failure to take any action whatsoever in regard to that perpetrator and other males who were involved in abusive conduct toward women which is also part of Plaintiff's evidence of a sexually hostile culture in the Erie Area Office of OSHA.

     Defendants' assertion that "a long separate mini-trial will take place" is without a basis. Plaintiff's evidence consists of admissions by Mr. Stranahan of what he was aware and what he

did or failed to do about it. (Ex. A; Stranahan Depo., pp. 52 thru 72). His responsibility to enforce the extant Sexual Harassment Policy and his failure to do so is likewise a matter of admission by Mr. Soltan, his superior and Regional Administrator of OSHA (Ex. B; Soltan Depo., pp. 30-57).

Defendants ' unsupported argument that the evidence proposed by Plaintiff is not relevant is totally baseless and misleading and should not be credited in the least.

**B.     The evidence at issue is not prejudicial and will not confuse the jury.**

Defendants' argument that the evidence should be excluded pursuant to Fed. R. Evid. 403 relies on the assertion that some of the evidence is being asserted for "shock value". Defendants continually cite the evidence of the pornography in the workplace and the man exposing himself as the only evidence at issue, with full knowledge that Mr. Stranahan was confronted not only with those issues but other abusive conduct toward women and refused to act to protect the women. (Ex. A).

It is not the viewing of pornography in the workplace that is shocking, but that a supervisor condones it and it is inexplicable without a belief that he had no regard for the protests of the females that were exposed to it.

A proper charge to the jury citing the authority previously provided in support of the relevance and admissibility of the evidence abates and avoids any confusion in the jury that may occur.

**C.     Plaintiff does not propose to present the evidence at issue in a claim for damages due to a sexually hostile atmosphere.**

Plaintiff's purpose in proposing the evidence at issue is, as previously stated, to demonstrate a cultural bias against women in the Erie Area Office of OSHA as demonstrated by

6

the conduct of the selecting official. That purpose does not require a claim for damages related to a sexually hostile atmosphere. Defendants are well aware that they are not defending a claim for damages due to a sexually hostile atmosphere and Defendants' statement that Plaintiff did not conduct discovery of the circumstances in the Erie Area Office that <u>may</u> be construed as a sexually hostile atmosphere is inaccurate. Plaintiff sought discovery of the events in the Erie Area Office and conduct of Mr. Stranahan to gather the evidence of his bias against women and was successful in doing so.

Defendants' Argument in Support of their Motion in Limine consists only of misstatements of Plaintiff's intention in presenting the evidence at issue, and Defendants' opinion unsupported by any cited authority.

Respectfully submitted,

Dated: June 1, 2006

s/ John R. Linkosky
**John R. Linkosky, Esquire**
**Pa. I.D. No. 66011**

JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280
412 278-1282 (Fax)

Counsel for Plaintiff,
Debora Novakowski

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, | Civil Action No. 04-356E |
| Plaintiff, | Judge Sean J. McLaughlin |
| | **Electronically Filed** |
| v. | |
| ELAINE CHAO, SECRETARY OF LABOR, and the UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing Plaintiff's Response to Defendants'

Motion in Limine to Exclude Testimony Regarding the Sexually Hostile Environment has been

*electronically filed* this 1st day of June, 2006.

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219


                                                    s/ John R. Linkosky
                                                    John R. Linkosky, Esquire
                                                    Attorney for Plaintiff