IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, ) | |
| ) | Civil Action No. 04-356E |
| Plaintiff, ) | |
| ) | Judge McLaughlin |
| v. ) | |
| ) | Electronically Filed |
| ELAINE CHAO, SECRETARY, AND THE ) | |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE REGARDING AN ALLEGED
PATTERN AND PRACTICE OF DISCRIMINATION BY DEFENDANTS**

**I. Background**

In this employment discrimination case, Plaintiff alleges that Defendants failed to select her for a Compliance Assistant Specialist position because of her gender. In her Amended Pretrial Statement, Plaintiff has indicated that she intends to show a bias against women by introducing evidence that, in the entire Philadelphia region of OSHA, only "males were selected to fill the Compliance Assistant Specialist position in any office of the Region." (Pl.'s Am. Pretrial Statement at 6.)

For the reasons discussed below, the Court should not permit Plaintiff to introduce this irrelevant evidence.

**II. Argument**

By attempting to introduce evidence regarding the hiring/promotion process at various OSHA offices throughout the entire Philadelphia region, Plaintiff is attempting to assert an allegation that Defendants engage in a "pattern and practice" of discrimination. A pattern or

practice claim is not a separate and distinct cause of action under Title VII, but is "merely another method by which disparate treatment may be shown." Celestine v. Petroleos de Venezuella, 266 F.3d 343, 355 (5th Cir. 2001); see also Anderson v. Twitchell-A Tyco Int'l Ltd., 76 F. Supp. 2d 1279, 1292-93 (M.D. Ala. 1999). However, such evidence is almost exclusively used in class actions and involves proof not of isolated or sporadic discriminatory acts but of evidence that discrimination was the company's standard operating procedure--the regular rather than unusual practice. Celestine, 266 F.3d at 355-56 (holding that individual plaintiff cannot present pattern and practice evidence); Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 875-76 (1984). In order to make this showing, statistical evidence is critical. Lujan v. Franklin County Bd. of Educ., 766 F.2d 917, 929 (6th Cir. 1985); see also Cooper v. Southern Co., 390 F.3d 695, 716 (11th Cir. 2004).

      The present case is not a class action or disparate impact case, and Plaintiff's only statistical evidence is unsupported by background statistics, facts and/or details. Instead, Plaintiff has only vaguely and baldly alleged that only males were selected to fill the Compliance Assistant Specialist positions. Such a vague and bald allegation is simply not sufficient to sustain a pattern and practice allegation of discrimination. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1088-89 (11th 2004) (in a failure to promote based on gender claim, the court rejected statistical analysis that fewer women held higher positions, holding that the evidence was not probative of pretext because the plaintiff provided insufficient information, including the number of women who expressed interest in positions at issue, or the seniority and qualifications of the parties who actually were promoted); see also Radue v. Kimberly-Clark Corp., 219 F.3d 612, 616-17 (7th Cir. 2000)(stating that "[s]tatistical evidence which fails to properly take into

account nondiscriminatory explanations does not permit an inference of discrimination"); <u>Allen v. Sundstrand Corp.</u>, No. 97-C-50188, 2000 WL 1335738, at *2 (N.D. Ill. Sept. 5, 2000)(stating that the "problem with plaintiffs' statistics is their lack of analytical foundation. What is essential for these numbers to mean anything is the baseline against which the numbers should be measured;" plaintiff should have shown the number of minorities who applied for the position and how many were qualified. "Without this basis of comparison, the numbers tell the court nothing about the presence or absence of discriminatory practices.")

In the instant case, Plaintiff's assertion that only males were hired to fill the Compliance Assistant Specialist position is meaningless without all supporting statistics and explanations. For example, critical statistical evidence would include: 1) the number of males and females in the job pool for each of the positions; 2) the number of males and females who applied for the position at each office; and 3) the number of males and females who, ultimately, were certified as eligible for the position. Without this information, there is no basis for comparison and no inference of discrimination. Plaintiff fails to mention in her Amended Pretrial Statement that, in some offices, <u>only</u> males were certified as eligible. In other offices, the great majority of certified eligibles were males. Indeed, in the Erie office, the office at issue in this lawsuit, Plaintiff was the only female out of 5 applicants who were certified as eligible. Moreover, Plaintiff has no statistical evidence whatsoever regarding the education and/or work experience of male eligibles vs. female eligibles at each and every office in the entire Philadelphia region. In fact, Plaintiff does not even list the gender of the selecting official in each office in the Philadelphia region. Lastly, Plaintiff has no evidence regarding each selecting

official's legitimate, nondiscriminatory reason for each selection, let alone evidence to show that the legitimate reasons were pretext for discrimination.

Should this evidence be admitted, an extensive mini-trial will take place on each hire at each location. Defendant will be forced to call multiple witnesses, including all selecting officials, to justify the hire at each location. Mini-trials on these irrelevant selections will considerably lengthen the trial and likely confuse the jury. Accordingly, Plaintiff's bald and conclusory evidence must be excluded from this trial.

Moreover, Plaintiff fails to mention in her Amended Pretrial Statement that each office in the Philadelphia region had a different selecting official. In the instant case, John Stranahan made the selection at issue, and Plaintiff has repeatedly alleged throughout this litigation that Mr. Stranahan personally discriminated against Plaintiff by not selecting her. Mr. Stranahan, however, had no bearing whatsoever on any other decision at any other office. In the Philadelphia region, there are 10 area offices. Each office had its own selecting official who evaluated the candidates and made a decision. The decisions made at these other offices is irrelevant to the only issue in this trial - whether Mr. Stranahan considered gender when he made his decision to award the position to Mr. Chmielewski, the more qualified candidate.

### III. Conclusion

    For the foregoing reasons, the Court should preclude Plaintiff from introducing any evidence or testimony concerning an alleged pattern and practice of discrimination, including any evidence regarding hiring/promotion decisions at other OSHA offices.

Dated: June 2, 2006            Respectfully Submitted,

                    MARY BETH BUCHANAN
                    UNITED STATES ATTORNEY

                    s/ Paul E. Skirtich
                    PAUL E. SKIRTICH
                    Assistant U.S. Attorney
                    Western District of Pennsylvania
                    700 Grant Street, Suite 4000
                    Pittsburgh, PA 15219
                    (412) 894-7418
                    PA ID No. 30440

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Memorandum in Support of Motion in Limine was served electronically and/or via First-Class U.S. Mail on this 2nd day of June, 2006 on the following:

> John R. Linkosky, Esquire
> John Linkosky & Associates
> 715 Washington Avenue
> Carnegie, PA 15106

>                                                           s/ Paul E. Skirtich
>                                                           PAUL E. SKIRTICH
>                                                           Assistant U.S. Attorney