IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                    )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )    CIVIL ACTION NO. 04-356E
                                      )
ELAINE CHAO, SECRETARY, AND THE       )    JUDGE McLAUGHLIN
UNITED STATES DEPARTMENT              )
OF LABOR,                             )
                                      )    ELECTRONICALLY FILED
          Defendants.                 )

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

AND NOW, come the Defendants, Elaine Chao, Secretary, and the United States Department of Labor, by their undersigned attorneys, and respectfully submit the following Proposed Jury Instructions.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Paul E. Skirtich
PAUL E. SKIRTICH
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7418
PA ID No. 30440

**Defendants' Proposed Jury Instruction No. 1**

**Opening Instructions -- Nature of Case, General Instructions**

Members of the jury, you are about to begin the trial of the case about which you heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called a Plaintiff.  In this action, the Plaintiff is Debora Novakowski.  The party against whom the suit is brought is called a Defendant.  In this action, the Defendant is Elaine Chao, Secretary of the United States Department of Labor.

Your role in this trial will be to decide disputed issues of fact.  I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given his or her testimony.

During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedures that require consideration by the Court alone. On some

occasions, you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly at times.[1]

---

[1]  Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions § 70.01 (hereinafter designated as "Devitt, Blackmar & Wolff, §___").                    ").

**Defendants' Proposed Jury Instruction No. 2**

<u>**General Introduction**</u>

Members of the Jury, now that you have heard the all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law as stated by me.

I caution you that nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours. However, from time to time, I may refer to the parties' contentions. I do this only as an aid to the jury to place the evidence and arguments in perspective. You are not to read into either the fact that or in the manner in which I phrase the parties' contentions that I believe the factual predicate of those contentions has or has not been established. This is for you to determine.

You must perform your duties as jurors without bias or prejudice as to any party. Regardless of any opinion you may

5

have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.[2]

---

[2] 2 Devitt, Blackmar & Wolff § 71.01 (4th ed. 1987)

**Defendants' Proposed Jury Instruction No. 3**

<u>**Jurors' Duty to Deliberate**</u>

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your individual judgment.  To each of you I would say that you must decide the case for yourself, but you should do so only after discussing it with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  You should not be influenced to vote in any way on any question submitted to you by the single fact that a majority of the jurors, or any one of them, favor a particular decision or hold an opinion at variance with your own.  In other words, you should not surrender your honest convictions concerning the effect or weight of evidence for the mere purpose of returning a verdict or solely because of the opinion of the other jurors.[3]

---

[3]  Standardized Civil Jury Instructions for D.C., § 1-4.

**Defendants' Proposed Jury Instruction No. 4**

<u>**Court's Questions To Witnesses**</u>

During the course of a trial, I may have asked questions of a witness in order to obtain information or bring out some fact or facts not fully developed by the testimony.  You should not take my questions to witnesses as any indication of the Court's opinion as to how you should determine the issues of fact.  Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.[4]

---

[4]  Devitt, Blackmar & Wolff, § 70.13; Standardized Civil Jury Instructions for D.C., § 1-7.

**Defendants' Proposed Jury Instruction No. 5**

**<u>Jury Not To Take Cue From Judge</u>**

You are not to permit yourself to be influenced by anything the Court has said or done which you might think suggested to you that I am inclined to favor the claims or positions of either party.

I have not intended to express or to intimate any opinion as to what witnesses are worthy of belief or disbelief; what facts are established; which facts have not been established; or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard that seeming indication.[5]

---

[5] Standardized Civil Jury Instructions for D.C., § 1-8. <u>See</u> <u>also</u> Devitt, Blackmar & Wolff, § 71.11.

**Defendants' Proposed Jury Instruction No. 6**

**Defendant Status Does Not Infer Liability**

Simply because a Defendant is sued does not mean that the Defendant is liable.  In the United States of America, anyone can file a lawsuit or a discrimination charge.  The fact that the Plaintiff has filed this lawsuit does not, in itself, mean that the Defendants have done anything that the law prohibits.  That is for you to decide on the basis of the evidence.[6]

---

[6] Standardized Civil Jury Instructions for D.C., § 1-8. See also Devitt, Blackmar & Wolff, § 71.11.

10

**Defendants' Proposed Jury Instruction No. 7**

**All Persons Equal Before the Law - Organizations**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The head of a government entity, such as the Secretary of the United States Department of Labor, is entitled to the same fair trial at your hands as a private individual. That is, all parties, including government organizations, are to be dealt with as equals in a court of justice.[7]

---

[7] Adapted from Devitt, Blackmar & Wolff, § 71.04

**Defendants' Proposed Jury Instruction No. 8**

**Evidence to Be Considered**

It is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Statements, objections, and arguments made by the lawyers are not evidence in the case. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's statement is not evidence.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as seem justified in light of your own experience. An inference is a deduction or conclusion which reason and common sense lead you to make from facts which have been proved.[8]

---

[8] Devitt, Blackmar & Wolff, §§ 71.08, 71.12; Standardized Civil Jury Instructions for D.C., § 2-2.

**Defendants' Proposed Jury Instruction No. 9**

**Discrimination in Employment – Purpose of Statute**

Federal law prohibits an employer from discriminating against an employee on the basis of race, color, or sex.  Specifically, the law provides, in relevant part, that:

> It shall be an unlawful employment practice for an employer --
>
> (1) . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex . . . .[9]]

This law applies to federal agencies.[10]

---

[9]  42 U.S.C. §§ 2000e, et seq.; 42 U.S.C. § 2000e-2(a).

[10]  42 U.S.C. § 2000e-16.

13

**Defendants' Proposed Jury Instruction No. 10**

**The Nature of the Claim**

This case arises out of the Plaintiff's claim that officials of the Department of Labor, Erie Occupational Safety and Health Administration office (OSHA) intentionally discriminated against her during the course of her employment with the United States Department of Labor. In particular, the Plaintiff claims that the Department of Labor failed to select her for the position of Compliance Assistance Specialist at the Erie Area OSHA Office because of her gender.

The Defendants deny all of the Plaintiff's charges and assert that they had legitimate business reasons for all of their actions concerning the Plaintiff. In particular, the Defendants assert that the Plaintiff was not selected to the position of Compliance Assistance Specialist at the Erie OSHA office because she was not the most qualified applicant for the job.

It will be your responsibility to decide whether the Plaintiff has proven each and every essential element of her claims against the Defendants by a preponderance of the evidence.[11]

---

[11]   Adapted from Devitt, Blackmar & Wolff, § 104.01.

14

**Defendants' Proposed Jury Instruction No. 11**

**<u>Plaintiff's Sex Claim</u>**

In order for the plaintiff to recover on her claim against the defendant, the plaintiff must prove that the defendant intentionally discriminated against plaintiff, that is the plaintiff's sex must be proven to have been a motivating factor in defendant's employment decisions.

In that regard, she must prove by the preponderance of the evidence that defendant's actions were, more likely than not, motivated by the plaintiff's sex.  Plaintiff, however, is not required to prove that her sex was the sole motivation, or even the primary motivation, for defendant's decision.

The mere fact that the plaintiff is a woman and was not selected to the Compliance Assistance Specialist in Erie, Pennsylvania, is not sufficient, in and of itself, to establish plaintiff's claim under the law.

**Defendants' Proposed Jury Instruction No. 12**

**Intentional Discrimination - Definition**

Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or other innocent reason. You may consider statements made, acts done or omitted and all facts and circumstances which show whether or not defendant acted intentionally and not by accident or other innocent reason.[12]

---

[12] Adapted from Devitt, Blackmar, and Wolf, <u>Federal Jury Practice and Instructions</u> (1996 Pocket Part) § 106.07.

**Defendants' Proposed Jury Instruction No. 13**

**Burden of Proof Is Plaintiff's**

You must remember that the burden of proving discrimination is at all times on the plaintiff. The plaintiff must prove that she failed to receive the Compliance Assistance Specialist position in Erie because one or more supervisors intentionally discriminated against her because of her sex.

The defendant contends that decisions were made for other, non-discriminatory reasons. The Department of Labor has offered evidence which, if believed, would constitute non-discriminatory reasons for plaintiff's non-selection. Therefore, the plaintiff must prove to your satisfaction by a preponderance of the evidence both (1) that the reasons given by the Department of Labor were not the real reasons and (2) that the intentional discrimination based upon sex was the real reason for her non-selection to the Erie Compliance Assistance Specialist.

**Defendants' Proposed Jury Instruction No. 14**

**Burden of Proof**

As indicated, in a civil case such as this, the Plaintiff, Debora Novakowski, has the burden of proving every essential element of her claims by a preponderance of the evidence. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by the Plaintiff.[13]

To establish by "preponderance of the evidence" means to prove that something is more likely than not so. In other words, a preponderance of the evidence in the case means evidence that, when considered and compared with the evidence opposed to it, has more convincing force. It should produce in your minds the belief that what is sought is more likely true than not true. If we visualize evidence as something weighed in an ordinary balance scale, and if the evidence admitted in support of a claim made by the party having the burden of proof has so much more weight in probative value than the evidence offered in opposition to it that it tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance of the evidence. If, on the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in support of

---

[13]   Adapted from Eighth Circuit Model Civil Jury Instruction, West Publishing Co., § 3.04 (1995).

the claim, it can be said there has been a failure to carry the burden of proof imposed by law.[14]

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless I instruct you otherwise, consider the testimony of all witnesses, regardless of which party may have called them, and all exhibits received in evidence, regardless of which party produced them.

If a preponderance of the evidence does not support each essential element of a claim, then you should find against Plaintiff as to that claim.[15]

Again, it is Plaintiff, Debora Novakowski, who at all times bears the ultimate burden of persuasion in this lawsuit.[16]

---

[14]    Adapted from jury instructions in <u>Spangle v. United States Postal Service</u>, C.A. No. 91-1479 (W.D. Pa. 1993)(Standish, J.).

[15]    Devitt, Blackmar & Wolff, § 72.01.

[16]    <u>St. Mary's Honor Center v. Hicks</u>, ___ U.S.___, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

**Defendants' Proposed Jury Instruction No. 15**

In order to prove her claim that the Department of Labor was responsible for unlawful discrimination against her, the plaintiff must establish by a preponderance of the evidence that (1) she is a member of a protected group because of her sex; and that (2) she was treated less favorably than similarly situated employees who were not members of her protected class on the basis of an impermissible criterion, in this case her sex.

**Defendants' Proposed Jury Instruction No. 16**

**<u>Comparisons With Other Employees</u>**

Differences between the defendant's treatment of the plaintiff and the defendant's treatment of another employee is probative of discrimination only if the other employee was so similarly situated to the plaintiff that the most likely reason for defendant's treating the plaintiff differently was her sex.

It is the plaintiff's burden to demonstrate that similarly situated employees were not treated equally. In order to demonstrate that an employee was "similarly situated," the plaintiff must first establish that the other employee's acts or omissions were of "comparable seriousness" to her own acts or omissions.

A difference in the seriousness in employee conduct demonstrates a nondiscriminatory reason for different treatment.

**Defendants' Proposed Jury Instruction No. 17**

The defendant denies plaintiff's claim that her sex was a motivating factor in the non-selection. Defendant contends that decisions were made for other, non-discriminatory reasons, and has offered evidence which, if believed, would constitute non-discriminatory reasons.

If you believe that the Department of Labor's explanations are more likely to be false, or mistaken, than they are to be true, you must decide if the true explanation for the Department of Labor's decisions are because of plaintiff's sex. You cannot find for plaintiff just because you believe that the Department of Labor's explanation is more likely to be false, or mistaken, than true, because it is not a violation of Title VII to give an explanation which is false or a mistake.[17] You may, however, infer from the fact that the employer gave an explanation which was false or mistaken that he was trying to conceal discrimination, although you may also infer that the employer gave the explanation for some

---

[17] <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742, 2752 (1993) ("But a reason cannot prove to be 'a pretext <u>for discrimination</u>' unless it is shown <u>both</u> that the reason was false <u>and</u> that discrimination was the real reason."); <u>Hicks</u>, 113 S. Ct. at 2754 ("It is not enough, in other words, to <u>dis</u>believe the employer; the fact finder must <u>believe</u> the plaintiff's explanation of intentional discrimination.") (emphasis in original).

other reason, or find that you do not know why the employer gave the explanation.[18]

To find for Ms. Novakowski, she must prove to you __both__ that the reasons given by the supervisors for their actions were false __and__ that discrimination was the real reason for those actions.[19] That is, it is not enough for you simply to disbelieve the reasons offered by the supervisors.  Rather, you must believe plaintiff's explanation of intentional discrimination.[20]

---

[18] Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not, in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination."); St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742, 2749 n.4 (1993).

[19] Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (quoting St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742, 2754 (1993)).

[20] Id.

**Defendants' Proposed Jury Instruction No. 18**

**<u>Evidence - Direct, Indirect, or Circumstantial</u>**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence--such as the testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As an example, if you look out the window and see that it is raining, that would be direct evidence that it is raining. If someone walks into the Courtroom wearing a raincoat and carrying a dripping umbrella, that would be circumstantial evidence that it is raining.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[21]

---

[21]    Devitt, Blackmar & Wolff, § 72.03.

**Defendants' Proposed Jury Instruction No. 19**

**Inadmissible and Stricken Evidence**

It is the duty of counsel on each side of a case to object when the other side offers testimony or other evidence which counsel believes is not properly admissible.

If, during the course of the trial the Court sustained an objection by one counsel to a question asked by the other counsel, you are to disregard the question, and you must not speculate as to what the answer would have been. If, after a question was asked and an answer given by the witness, the Court ruled that the answer should be stricken from the record, you are to disregard both the question and the answer in your deliberations.

Likewise, exhibits to which the Court has sustained an objection, or which the Court has ordered stricken, are not evidence, and you must not consider them.[22]

---

[22]  Standardized Civil Jury Instructions for D.C., § 2-4.

### Defendants' Proposed Jury Instruction No. 20

**<u>Number of Witnesses</u>**

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your mind's belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.[23]

---

[23] Adapted from Devitt, Blackmar & Wolff, § 5.03.

**Defendants' Proposed Jury Instruction No. 21**

**<u>Single Witness</u>**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.[24]

---

[24]  Devitt, Blackmar & Wolff, § 72.14.

### Defendants' Proposed Jury Instruction No. 22

**<u>Witness Credibility</u>**

You have had an opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true, and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness's testimony.

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor--that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experience.[25]

---

[25]  Modern Federal Jury Instructions, Sand, Siffert, Volume 3, § 76-1.

**Defendants' Proposed Jury Instruction No. 23**

**Proper Party**

Under the law, when a Federal Agency is alleged to have discriminated against an employee, the head of that agency must be named as the Defendant; it is for that reason that Elaine Chao is the named Defendant in this action.[26]  Elaine Chao is a nominal party.  It is the United States Department of Labor that is the real party in interest here.

The United States Department of Labor, as an agency, can act only through its officers, agents, and employees, and any act of an officer, agent, or employee of the agency that is performed within the scope of his or her duties of employment would be considered to be the act of the agency.

---

[26]  See Brown v. General Service Admin., 425 U.S. 820 (1976) See also Forbes v. Reno, 893 F. Supp. 476, 481 (W.D. Pa. 1995)(Ambrose, J.), aff'd, 91 F. 3d 123 (1996); Bertha v. United States Postal Service, 729 F. Supp. 31 (E.D. Pa. 1990); McCoin v. Secretary of Veterans Affairs, No. 96-4104-SAC, 1996 WL 772602 (D. Kan. Dec. 20, 1996); King v. Dalton, 895 F. Supp. 831, 843 (E.D. Va. 1995).

**Defendants' Proposed Jury Instruction No. 24**

**<u>Business Judgment</u>**

In considering the evidence in this case, you may not substitute your judgment for the judgment of the Defendants. In other words, the issue is not whether you would have made a different decision than the Defendants did in this case. Rather, the issue you are to decide is whether the Plaintiff was discriminated against because of her gender. That is, even if you believe that the Defendants' business judgment was incorrect or arbitrary, you may find for the Plaintiff only if you find she has proved by the preponderance of the evidence the elements of her case as I have explained them to you in the foregoing instructions.[27]

---

[27] <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 366 (4th Cir. 1985); <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 259 (1981); <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989); <u>Rizzo v. Goode</u>, 423 U.S. 362, 378-79 (1976); <u>McNairn v. Sullivan</u>, 929 F.2d 974 (4th Cir. 1991).

**Defendants' Proposed Jury Instruction No. 25**

**<u>Management Decisions</u>**

You may also not find for the Plaintiff on her gender discrimination claim simply because you believe that the Defendants made unwise or unfair management decisions regarding Plaintiff. Title VII does not require that employment decisions be impeccable or always correct. The mere fact that you may believe that the Defendants misjudged the Plaintiff does not in and of itself expose the Defendants to Title VII liability.[28] An employer has the right to make business decisions for good reasons, bad reasons, or no reason at all, so long as the reason is not due to intentional discrimination.[29] Title VII only prohibits employment decisions made by an employer that are based on impermissible factors, such as gender. As a result, in order to recover in this case, the Plaintiff must demonstrate that intentional discrimination had a determinative impact on her non-selection as a CAS in the Erie OSHA office.[30]

---

[28] <u>Burdine</u>, 450 U.S. at 259.

[29] <u>Walker v. AT & T Technologies</u>, 995 F.2d 846, 849-50 (8th Cir. 1993).

[30] <u>See Winston v. Smithsonian Science Info. Exchange, Inc.</u>, 437 F. Supp. 456, 473 (D.D.C. 1977); <u>Milton v. Weinberger,</u> 696 F.2d 94, 100 (D.C. Cir. 1982).

**Defendants' Proposed Jury Instruction No. 26**

**<u>Requirement of a Determinative Effect</u>**

Whatever the Defendants' decision-making process, the Plaintiff's claims that she was discriminated against because of retaliation for having filed a prior EEO claim cannot succeed unless that fact actually played a role and had a determinative influence on the outcome.[31]

Whatever the decision-making process of the Defendant, the Plaintiff's claims that she was discriminated against because of her gender cannot succeed unless that fact actually played a role and had a determinative influence on the outcome.

---

[31] <u>Hazen Pier Co. v. Biagens</u>, 507 U.S. 604, 610 (1993); <u>Reeves</u>, 430 U.S. at 141; <u>Hill</u>, 354 F.3d at 286.

**Defendants' Proposed Jury Instruction No. 27**

**<u>Personal Animosity</u>**

A supervisor's personal animosity or dislike of an employee is not the equivalent of unlawful discrimination. Unless the personal animosity was motivated by a discriminatory factor, such as gender discrimination, personal friction between an employee and a supervisor is not discrimination under Title VII.[32]

If you find that the adverse employment action alleged by the Plaintiff was due to some personal friction or animosity (unrelated to gender discrimination) between the Plaintiff and her supervisor, you should find in favor of the Defendants because the Plaintiff is not entitled to a recovery under Title VII if the

---

[32] <u>Gomez</u>, 71 F.2d at 104-86; <u>Miller v. CIGNA Corp.</u>, 47 F.3 586, 597 (3d Cir. 1995)("If the district court inferred that personal animosity was the cause of the demotion and discharge, that, too, was permissible."); <u>Molnar v. Ebasco Constructors, Inc.</u>, 986 F.2d 115, 119 n. 3 (5th Cir. 1993); <u>Hicks v. St. Mary's Honor Center</u>, 90 F.3d 285 (8th Cir. 1996)(personal animosity is discriminatory only if it was motivated by a discriminatory factor); <u>McCollum v. Bolger,</u> 794 F.2d 602, 610 (11th Cir. 1986), cert. denied, 479 U.S. 1034 (1987)(Title VII prohibits discrimination; it is not a shield against harsh treatment at the workplace. Personal animosity is not the equivalent of sex discrimination and is not proscribed by Title VII. The Plaintiff cannot turn a personal feud into a sex discrimination case by accusation."); <u>Reed v. Shepard</u>, 939 F. 2d 484, 490-91 (7th Cir. 1991) (disparate treatment based on factors other than an employee's status as a male or female is not prohibited under Title VII); <u>Benzies v. Illinois Dept. of Mental Health & Developmental Disabilities</u>, 810 F. 2d 146, 148 (7th Cir.), <u>cert. denied</u>, 483 U.S. 1006 (1987) (denial of a promotion to person of a particular gender is not a violation of Title VII if motivated by personal favoritism or grudge).

employment action at issue is the result of a personality conflict that was not motivated by unlawful discrimination.[33]

---

[33] <u>Padana-Fay v. Washington Suburban Sanitary Com'n</u>, 797 F. Supp. 462, 473 (D. Md. 1992).

**Defendants' Proposed Jury Instruction No. 28**

**Effect of Instruction As To Damages**

The fact that I will instruct you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff on her claim against the Defendants.[34]

The fact that I give these instructions does not mean that I think you should award any damages. That is entirely for you to decide. I am instructing you on damages only so that you will have guidance in the event you find in favor of the Plaintiff, from a preponderance of the evidence in the case, in accordance with the other instructions.

---

[35]    DeVitt, Blackmar & Wolff, § 74.02.

36

**Defendants' Proposed Jury Instruction No. 29**

<u>**Back Pay**</u>

If you determine that the Defendants discriminated against the Plaintiff, then you must determine the amount of damages that the Defendants' actions have caused the Plaintiff.

You may award as actual damages the amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the Plaintiff would have received had Plaintiff not been discriminated against.

**Defendants' Proposed Jury Instruction No. 30**

**<u>Compensatory Damages</u>**

If you find the Defendants liable on any of the Plaintiff's claims, the Plaintiff is entitled to recover an amount which will reasonably compensate her for the loss and damage she actually suffered as a result of the Defendants' unlawful conduct. Conduct by the Defendants that does not cause harm does not entitle the Plaintiff to damages. By the same token, harm to the Plaintiff which is not the result of unlawful conduct by the Defendants does not entitle the Plaintiff to damages.

If you find that the Defendants intentionally discriminated against Plaintiff, and that the she actually suffered harm as a result,[35] you may award her reasonable compensation to the extent that she has proven that she suffered such emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses so as to entitle her to damages.[36] Inconvenience is defined as serious hardship or injustice. You may not award damages for mere vexation or annoyance.[37]

---

[36] <u>Price v. City of Charlotte</u>, 93 F.3d 1241, 1246 (4th Cir. 1996).

[37] Section 102(c) of the Civil Rights Act of 1991 prohibits the court from informing the jury of the limitations on damages described in Section 102(b)(3).

[38] Black's Law Dictionary 689 (5th ed. 1979); 25 C.J.S. Damages § 70 (1955).

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should award compensatory damages only for those injuries which you find the Plaintiff has proved, by a preponderance of the evidence, to have been the direct result of the Defendants' unlawful conduct. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.  You should only award compensatory damages for those injuries which the Plaintiff has proven that she actually suffered or are reasonably likely to suffer in the future.

For emotional distress, humiliation, personal indignity, embarrassment, fear, anxiety, and anguish, there is not, and cannot be, a fixed measurement.  It is measured by the character, nature, and extent of the injuries as shown by the evidence.  It is not compensation from a sentimental or benevolent standpoint, but the amount that will be the most reasonable approximation that the circumstances admit.  You will consider the nature, character, and extent of the harm, and all the facts and circumstances in evidence, and give him the amount that from all the evidence you believe will equitably, fairly, and justly compensate her for the emotional distress, humiliation, personal indignity, embarrassment, fear, anxiety, and anguish that she has endured.

You may not award damages based simply on speculation or guesswork.  Any award must fairly compensate Plaintiff for her

injury, but must have a basis in the evidence and be reasonable in light of that evidence.[38]

---

[39]   Adapted from Devitt, Blackmar, and Wolff, § 104.06 (1987).

**Defendants' Proposed Jury Instruction No. 31**

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to the Court, how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.[39]

---

[40]   DeVitt, Blackmar & Wolff, § 74.08.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2006, a true and correct copy of the within Defendants' Proposed Jury Instructions has been served by electronic filing and/or first-class mail to the following:

John R. Linkosky, Esquire
John Linkosky & Associates
715 Washington Avenue
Carnegie, PA 15106

s/Paul E. Skirtich
PAUL E. SKIRTICH
Assistant U.S. Attorney