IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORA NOVAKOWSKI, | ) | |
| | ) | Civil Action No. 04-356E |
| Plaintiff, | ) | |
| | ) | Judge McLaughlin |
| v. | ) | |
| | ) | Electronically Filed |
| ELAINE CHAO, SECRETARY, and The | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF LABOR, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING A SEXUALLY HOSTILE ENVIRONMENT AND/OR IRRELEVANT BAD ACTS OF MISCELLANEOUS MALE EMPLOYEES**

Plaintiff's opposition to Defendants' Motion in Limine actually highlights and further supports Defendants' argument that evidence of bad acts and discipline of miscellaneous employees must be excluded in order to prevent extensive and irrelevant mini-trials. For example, with the sole motivation of prejudicing the jury, Plaintiff intends to present, among other "incidents," evidence that a male employee exposed himself "on at least two occasions inside the Area Office." Initially, it is important to note that this is the first time Plaintiff has mentioned <u>two</u> incidents of exposure. Notwithstanding this alleged additional incident, however, this male employee strongly denies that he ever exposed himself to anyone on any occasion, and there has never been any proof or determination that he engaged in this conduct. Accordingly, Defendant will be forced to call multiple witnesses to rebut this irrelevant evidence and, ultimately, the jury will be forced to determine a factual dispute that has absolutely no relevance whatsoever to the only issue in this lawsuit - whether Mr. Stranahan relied upon gender in making an employment decision. Moreover, this evidence is even more irrelevant considering

that the alleged "exposures" occurred sometime in the mid-1990s - several years before the employment decision at issue - and that Plaintiff does not even allege that she witnessed the "exposures." Similar issues are present with each isolated incident of alleged misconduct that Plaintiff intends to present and, accordingly, it should be excluded from this trial.

   Moreover, careful review of the case law cited in Plaintiff's brief reveals that the cases are not on point with the case at bar. For example, Plaintiff cites multiple cases where a decision maker made derogatory and discriminatory comments, which were admitted at trial. (For example, See <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995)) In the instant case, however, there has never been any allegation that Mr. Stranahan, the decision maker, made any inappropriate comments, and Plaintiff does not explain in the least how this line of cases - where there are direct discriminatory comments - relates to the alleged bad acts of one or two miscellaneous employees who have no relation whatsoever to this lawsuit.

   Plaintiff also relies upon and mischaracterizes several other cases. For example, in <u>Glass v. Phila Elect. Co.</u>, 34 F.3d 188 (3d Cir. 1994), the employer stated that its legitimate, nondiscriminatory reason for not promoting the plaintiff was because of his poor work performance. The plaintiff argued that his work performance had suffered because of a hostile work environment. The trial court admitted the employer's evidence of poor work performance but excluded plaintiff's evidence. The Third Circuit found this to be an abuse of discretion since plaintiff was not permitted to rebut the employers evidence and/or explain his poor work performance.

   The facts in the instant case are vastly different. Defendants do not, and have never, alleged that Plaintiff did not get promoted because of poor work performance. Moreover,

Plaintiff has freely admitted, at deposition and at the EEO hearing, that the alleged isolated bad acts of a miscellaneous co-employee did not affect her work. In fact, Plaintiff has never advanced any notion that Defendants considered her work product inferior. Accordingly, Plaintiff does not need to introduce this irrelevant evidence to rebut Plaintiff's legitimate nondiscriminatory reason. As stated previously, Plaintiff wishes to present this evidence for the sole purpose of obtaining shock value.

Plaintiff has not cited a single case that is on point with the instant set of facts. Rather, Plaintiff has stretched and mischaracterized the facts and holdings in an attempt to convince the Court to permit this irrelevant evidence. Accordingly, Defendants respectfully request that the Court exclude all evidence of bad acts and discipline of miscellaneous employees who have no bearing on this case.

Dated: June 2, 2006                                   Respectfully Submitted,

                                                      MARY BETH BUCHANAN
                                                      UNITED STATES ATTORNEY


                                                      s/ Paul E. Skirtich
                                                      PAUL E. SKIRTICH
                                                      Assistant U.S. Attorney
                                                      Western District of Pennsylvania
                                                      700 Grant Street, Suite 4000
                                                      Pittsburgh, PA 15219
                                                      (412) 894-7418
                                                      PA ID No. 30440

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Reply Memorandum in Support of Motion in Limine was electronically filed and/or served via First-Class U.S. Mail on this 2nd day of June, 2006, on the following:

>John R. Linkosky, Esquire
>John Linkosky & Associates
>715 Washington Avenue
>Carnegie, PA 15106

>s/ Paul E. Skirtich
>PAUL E. SKIRTICH
>Assistant U.S. Attorney