**Debora Novakowski**
**v.**
**Elaine Chao, Secretary, and the United States Department of Labor**

**CIVIL ACTION NO. 04-356 ERIE**

FINAL INSTRUCTIONS TO THE JURY

I.

(INTRODUCTION)

Ladies and gentlemen, it is now my duty to tell you about the law that is to be applied to this case in which you will be the finders of fact. You have heard all of the arguments and all of the evidence, and it is my function to charge you on the law which you are required to consider and which will govern your deliberations.

As you know already, plaintiff Debora Novakowski filed this lawsuit alleging that she was denied a promotion because of her gender. For convenience, in the course of these instructions, Debora Novakowski may be referred to as the plaintiff, which is just the legal name for the person filing the law suit. Elaine Chao may be referred to as the defendant, which is the legal name for the party against which a suit is filed. However, it is important to note that, under the law, when a Federal Agency is alleged to have discriminated against an employee, the head of that agency must be named as the defendant; it is for that reason that Elaine Chao is the named defendant in this action. Elaine Chao is a nominal party. It is the United States Department of Labor that is the real party in interest here.

The United States Department of Labor, as an agency, can act only through its officers, agents, and employees, and any act of an officer, agent, or employee of the

agency that is performed within the scope of his or her duties of employment would be considered to be the act of the agency.

In deciding these issues of fact, it is your duty, ladies and gentlemen, to follow these instructions. In doing so, you must take into consideration all of the instructions I give you, and not pick out any particular instruction and disregard another one. Your duty is to determine the facts from the evidence that has been produced in open court. You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

II.

(COURT IS NEUTRAL)

At the outset, you should understand that I am absolutely neutral in presenting these instructions to you. I will not give you my opinion about any issue of fact to be determined by you. Nothing in the way in which I give my instructions to you is intended as an expression of my opinion about any fact at issue in the case.

III.

(SUBSTANTIVE PRINCIPLES)

Ladies and Gentlemen, I will now instruct you on the substantive principles of law that govern the Plaintiffs' claims in this case.

In order to prevail on her claim of gender discrimination, the Plaintiff must prove each of the following facts by a preponderance of the evidence.

1. That she is a member of a protected class;

2. That she was qualified for the position for which she had applied;

3. That she suffered an adverse employment action (ie, that she did not get the position for which she applied); and

4. That a nonmember of the class was treated more favorably.

Here, it is undisputed that Plaintiff has satisfied each of these elements and has proven a *prima facia* case of discrimination. Therefore, in order to avoid liability, Defendant must demonstrate that it had a legitimate nondiscriminatory reason for its action and would have made the same decision without regard for Plaintiff's gender. You will note that Defendant's burden is to offer, or articulate, a legitimate nondiscriminatory reason for its action, not to prove it. This burden is satisfied if Defendant introduces evidence which, if true, would permit the conclusion that there was a nondiscriminatory reason for the failure to promote. In this case, the defendant has articulated a legitimate, non-discriminatory reason for the employment decision, namely, that the successful candidate was more qualified than the Plaintiff.

Having done so, the Plaintiff must establish by a preponderance of the evidence that the Defendant's articulated reason is not worthy of belief, and is simply a pretext for discrimination. By pretext, I mean that the reason given for a decision is not the real reason, but is a reason given to hide or to avoid disclosure of a true reason, which in this case is alleged by Ms. Novakowski to be because of her gender. However, Plaintiff cannot prove intentional discrimination by the Defendant simply by showing that its stated reasons for the challenged employment decisions are false. Rather, Plaintiff must show both that those stated reasons are false and that the real reason for the challenged employment decisions was because of her gender. In other words, it is not enough for you, the jury, to

disbelieve the reasons stated by the Defendant; you also must believe Ms. Novakowski's claim that the decisions were the result of intentional discrimination.

I will now outline some principles of law which will help you make your determination. The law recognizes that there are generally two ways in which Plaintiff can show that the Defendant's stated reason is pretext. The first is by demonstrating weaknesses, implausibilities, inconsistencies, incoherences or contradictions in the Defendant's stated reason. The second is by introducing evidence that discrimination was more likely than not the motivating cause of the Defendant's decision.

In determining whether Plaintiff has met her burden of proving pretext, you should take into consideration the reasons given by the Defendant in light of the evidence presented by both sides. You should evaluate the Defendant's stated reasons in light of the information which was known to those who participated in the decision making process. You should not consider information which was unknown to the decision makers at the time of the decision. Remember that the Defendant is not required to prove that its decision not to promote Plaintiff was ultimately correct as a matter of business judgment. Nor does the law require that the Defendant prove that the reasons for its decision were good reasons, or that they were justifiable reasons, or that they were ones with which you would agree. You may not substitute your judgment for the judgment of the Defendant on matters involving business decisions. An employer has broad discretion in the exercise of this business judgment concerning the organization of its business and the status of its employees. This discretion includes the latitude to make poor employment decisions, as long as those decisions are not motivated by unlawful factors.  Title VII is not a means to

review the propriety of an employer's business decisions, and a jury must not second-guess a management decision in the absence of evidence of unlawful motives.

If, after considering the evidence in light of the principles I have just outlined for you, you find that the reasons stated by the Defendant for its decision not to promote Plaintiff were the true reasons, you must return a verdict in favor of the Defendant. If you find by a preponderance that the reasons given by the Defendant were not the real reasons for its decision, you may, but are not required, to find in favor of Plaintiff. In order to satisfy her burden of proving intentional discrimination in connection with her claim that she was not promoted to the position that she sought because of her gender, Plaintiff must prove that "but for" her gender, these decisions and events would not have occurred. This means that Plaintiff must prove by a preponderance of the evidence that her gender actually played a role in the decision-making process and that her gender had a determinative effect on the outcome of the decision-making process.

I will now also give you a few guidelines on how to deliberate upon the evidence you have heard.

IV.

(EVIDENCE)

As I told you at the beginning of this case, the evidence which you are to consider consists of the testimony of the witnesses and the exhibits offered and received into evidence. The proceedings during the trial have been governed by rules of law, and we have had a number of conferences to determine what evidence should be allowed to be submitted to you.

From time to time, it has been my duty to rule on evidence to be submitted, and you should not concern yourselves with the reasons for those rulings. You are not to consider any testimony or any exhibit to which I have sustained an objection, or any exhibit which may have been ordered stricken from the record, or which has not been introduced into evidence.

The attorneys and parties have argued very ably and thoroughly, and they have been well prepared; but their remarks, that is, what they said to you, is not evidence. They have argued to help you understand the facts and their respective theories of the case, but their arguments, again, are not evidence. You must consider as evidence only the testimony and exhibits. If you find that any argument, statement or remark of counsel has no basis in the evidence, then you should disregard that argument, statement or remark. Similarly, if you find that anything I tell you about the facts is not based on the evidence, you should disregard that, too, because you are the finders of fact. It is up to me only to tell you what the law is.

V.

(BURDEN OF PROOF)

The next matter about which I will now instruct you is the applicable burden of proof. The burden of proof is a concept which you must understand in order to give the case proper consideration because a verdict cannot be based on speculation, guess or conjecture.

In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle her to relief by a preponderance of the evidence. Thus, the

6

Plaintiffs carry the burden of proving, by a preponderance of the evidence, each of the elements that I have previously set forth for you.

The fair weight or preponderance of the evidence means evidence which has more convincing force when it is weighed against the evidence opposed to it so that the greater probability of truth lies therein. If we visualize evidence as something weighed on an ordinary balance scale, and if the evidence admitted in support of a claim made by the party having the burden of proof is more weighty in probative value than the evidence offered in opposition so that it tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance of the evidence.

If, on the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in support of the claim, it can be said that there has been a failure to carry the burden of proof imposed by law.

It is important to note here that we speak of the quality of evidence, not necessarily its quantity. Also, all of the evidence admitted in support of, and in opposition to, a claim must be considered, and not just the evidence offered by the party having the burden of proof. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses and which evidence you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to their testimony.

VII.

(DIRECT & CIRCUMSTANTIAL EVIDENCE, INFERENCES)

In deciding the facts of this case, members of the jury, you should consider all of the evidence presented by the parties. Consideration of all of the evidence, however, does not mean that you must accept all of the evidence as true or accurate. In this connection, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated by the parties.

While you may consider only the evidence in the case in arriving at your findings of fact, you are permitted to draw such reasonable inferences from the testimony and exhibits of counsel, as you feel are justified in the light of common experience. An inference is not a suspicion or guess. A suspicion is a belief based on circumstances which do not amount to proof. A guess is speculation or conjecture. An inference, on the other hand, is a reasoned logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. In other words, you may reach conclusions which reason and common sense lead you to reach from the facts which have been established by a preponderance of the evidence in the case.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence. Plaintiff will ask you to draw one set of inferences, while the Defendant will ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

VIII.

(DETERMINING CREDIBILITY)

Now, in deciding this case, members of the jury, you are required to pass on the credibility of witnesses. Credibility simply means believability. Your function is to decide

what is believable, who is believable and how much weight to give it. In doing this, you use your common sense, your varied backgrounds and experiences, the usual indicators of truth that you use in your daily lives.

A witness's testimony depends on the witness's observation and perception of what he or she testifies to. It also depends on the witness's memory and what he or she experienced at the time, and the witness's ability to create that experience in court.

You may consider the degree of the witness's intelligence, the demeanor and appearance of the witness, the witness's frankness, his or her candor, the evasiveness or responsiveness, as well as the reasonableness or unreasonableness of the witness's testimony in light of all of the circumstances. You may also consider any interest or bias that might lead a witness to exaggerate, understate or otherwise color his or her testimony, such as a witness's interest in the outcome of the case or a bias or prejudice that a witness might have in favor of or against a party. This is not to suggest that the interest or bias of a witness would lead the witness to tell you a falsehood or color his or her testimony one way or the other, but bear these factors in mind in passing on the credibility or believability of every witness.

I charge you that if you find a witness has lied to you in any material portion of his or her testimony you may disregard that witness's testimony in its entirety. I say that you may disregard that testimony, not that you must. If you choose to disregard the testimony of any witness because you believe that the witness has been untruthful with you, it must have been untruthfulness in a material portion of that witness's testimony. You must be careful, though, that the untrue part of the testimony was not a result of a mistake or inadvertence, but was, rather, willful and stated with a design or intent to deceive.

Regardless of whether a witness's testimony is untruthful by design or inadvertence, however, you may reject all or any portion of the testimony, as in the case of any witness, if the testimony is not believable by you. On the other hand, you may be convinced that, despite the falsity of a part of the witness's testimony, he or she, in other parts, testified truthfully.

Now, you may find inconsistencies in the evidence, even actual contradictions in the testimony of witnesses, although it does not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets. Sometimes he or she remembers incorrectly. It is also true that two persons witnessing the same incident may see it or hear it differently. If different parts of the testimony of any witness or witnesses appear to you to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily. If, however, you find that there is a genuine and irreconcilable conflict in the testimony, it is your function and your duty to determine which, if any, of the contradictory statements you will believe.

IX.

(DAMAGES - TITLE VII)

I will now instruct you on the law as it relates to damages. The fact that I am instructing you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiff from a preponderance of the evidence in this case in accordance with the other instructions. Plaintiff is not required to prove her damages by

mathematical certainty, but they do have the burden of proving their entitlement to damages by a preponderance of the evidence.

You may award damages on Plaintiff's Title VII claim only if you find in favor of the Plaintiff as to that claim. You will not consider damages unless you find that the Defendant is liable to the Plaintiff. If you find for the Plaintiff on her gender discrimination claim , you may award her damages as follows.

First, you may award as actual damages the amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the Plaintiff would have received had Plaintiff not suffered discrimination.

Secondly, you may also award compensatory damages. Compensatory damages include compensation for any emotional pain, suffering, inconvenience, mental anguish, and loss of the enjoyment of life that Plaintiff suffered as a result of the alleged gender discrimination by the Defendant. Of course, for items such as these, there is not, and cannot be, a fixed measurement. It is measured by the character, nature and extent of the injuries as shown by the evidence. It is not compensation from a sentimental or benevolent standpoint, but an amount that would be the most reasonable amount of compensation under the circumstances shown by the evidence. You should consider all of the facts and circumstances in evidence, and give to Plaintiff the amount that you believe will equitably, fairly and justly compensate her for these damages.

Ladies and gentlemen, in determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the

facts and evidence. You may not award damages based on sympathy, speculation or guess work.

X.

(COURT IS NEUTRAL; JURY AS FINDER OF FACTS)

As I mentioned at the beginning of the case, the court is entirely neutral about the outcome of the case. I do not want you to think that anything I have said, any instruction I have given you, any ruling I may have made on the evidence, or any statement I have made either to counsel or to you, implies that I have any position in this case at all, other than to give you fairly the law that you are required to apply, and to rule fairly and impartially on the evidence that has been submitted to you. I have absolutely no interest in how this case resolves itself, only in the procedure by which it is done.

As I told you before, it is for you, and you alone, to determine the facts of the case and the credibility of each witness. If your recollection of the testimony varies with any statements that are inadvertently made by me or counsel for any party in reviewing the testimony, you have to be guided by your own memory and your recollection of the testimony. You determine the facts from all of the testimony that you have heard, and the other evidence which has been received during the trial. Neither I nor anyone else may infringe on your responsibility as the sole judges of the facts. On the other hand, and of equal importance, you must accept the rules of law as I give them to you and apply those rules to the facts of the case.

XI.

(JURY'S CONDUCT DURING DELIBERATIONS)

Ladies and gentlemen, I am going to instruct you on your deliberations, what you are to do when you retire to the jury room. First, the attitude and conduct of the jury at the outset of the deliberations are matters of considerable importance. When you retire to the jury room for your deliberations, they should proceed in an orderly way. The first order of business in the jury room will be to select one of you to act as foreperson. You are free to select any one of you to act in that capacity. The foreperson will preside over your deliberations and will speak for you here in court, should that become necessary. One more thing about the foreperson. The fact that somebody is a foreperson does not mean that his or her vote is entitled to any greater weight than the vote of any other juror.

Now, in the course of your deliberations, if you should find yourself in doubt concerning any part of my instructions to you about the law, you may request further instructions. In that event, you should transmit a note, signed by the foreperson, to me through my courtroom deputy. Nobody should try to communicate with the court by means other than a signed writing. I will not communicate with any juror on any subject relating to the merits of the case except in writing or orally here in court with all counsel present.

You should not, at any time, reveal, even to the court, how you stand numerically until you have reached a verdict. Your responsibility to reach a fair conclusion from the evidence and the applicable law is an important one. Your verdict should be reached only after careful and thorough deliberations during which you should consult with each other and discuss the evidence and the reasonable inferences to be drawn from the evidence freely and fairly in a sincere effort to arrive at a just verdict.

It is your duty to consider the evidence with a view toward reaching agreement on a verdict if you can do so without violating your individual judgment and conscience. You

must decide the case for yourself, examining the issue in evidence with candor and frankness, and with proper deference to and with regard to the opinion of each other. Mature consideration requires that you be willing to re-examine your own views and to change your opinions if you are convinced that your opinions lack merit or validity. On the other hand, while you may maintain this flexibility, no juror is required to surrender his or her honest conviction as to the weight or effect of the evidence because another juror's opinion differs from his or hers, or for the mere purpose of returning a verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

Keep in mind that the dispute between the parties in this case is for them a most serious matter. They and the court rely on you to give full and conscientious deliberation and consideration to the issues and evidence before you. You should not allow prejudice or sympathy to influence your deliberations. You should not be influenced by anything other than the law and the evidence in the case. All of the parties stand equal before this Court, and each is entitled to the same fair and impartial treatment at your hands.