IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA C. NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | Judge McLaughlin |
| ELAINE CHAO, SECRETARY, and the UNITED STATES DEPARTMENT OF LABOR, | **Electronically Filed** |
| Defendants. | |

## PLAINTIFF'S MOTION FOR NEW TRIAL

AND NOW, comes the Plaintiff Debora C. Novakowski, by and through her counsel John R. Linkosky, Esquire and John Linkosky and Assoc., and files this within Motion for New Trial pursuant to Fed. R. Civ. Pro. 59, upon the following statement:

1. At issue in the within matter is whether Defendants discriminated against Plaintiff due to her gender in selecting a less qualified male for promotion to a position with a higher grade level in violation of Title VII of the Civil Rights Act of 1964, as amended.

2. In support of her claim that her gender was a determining factor in her non selection for promotion in favor of the male, Plaintiff sought to introduce evidence at trial that the selecting official, John Stranahan, Area Director of the Erie Area Office of the Occupational Safety and Health Administration of the United States Department of Labor, had, over a long period of time during his tenure as Area Director, tolerated a sexually abusive atmosphere and abusive conduct suffered by the female employees of the Erie Area Office despite complaints from those employees about the atmosphere and abusive conduct.

3. On May 30, 2006, Defendants filed a Motion in Limine to exclude testimony

regarding a sexually hostile environment and/or irrelevant bad acts of miscellaneous male employees. In their Brief in Support of their Motion in Limine, Defendants argue that the evidence of a sexually hostile atmosphere and the failure of Mr. Stranahan to address the concerns of female employees in that regard was not relevant to the issue in this case. Defendant cited no authority to support their argument.

    4.    On June 1, 2006, Plaintiff filed her Response to Defendant's Motion in Limine, in which she cited 3rd Circuit authority in support of the relevance and admissibility of the evidence of sexually hostile atmosphere which she proposed to introduce. Specifically in <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204, 1214 (3d Cir. 1995), the Court held that discriminatory statements by decision makers and non decision makers would indicate a discriminatory culture where employment decisions are made is relevant to a discrimination case. In <u>Aman v. Cort Furniture Rental, Corp.</u>, 85 F.3d 1074 (3d Cir. 1996), the Court stated that such evidence can at times be critical to an interpretation of ambiguous treatment or the general harassment of an employee. Supervisor's attitude toward members of a protected class and the manner in which he treated them was relevant to whether the supervisor "harbored a discriminatory attitude toward the class and if credited, made the existence of an improper motive for the discharge more probable." <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1214-15 (3d Cir. 1995). Quoting <u>Estes v. Dick Smith Ford, Inc.</u>, 856 F.7th 1097 (8th Cir. 1998), the 3rd Circuit held in <u>Glass v. Phila. Elec. Co.</u>, 34 F.3d 188, 195 that, a Plaintiff's establishment of the hostile work environment might help a jury decide whether or not the reason for an employment action was pretextual.

    5.    On June 6, 2006, immediately prior to the beginning of the trial, this Honorable Court granted Defendants' Motion in Limine to exclude testimony regarding a Sexually Hostile Environment and/or Irrelevant Bad Acts of Miscellaneous Male Employees, and thereby

preventing Plaintiff from introducing such evidence at trial and severely prejudicing Plaintiff's case.

6. The holding of this Honorable Court in granting Defendants' Motion in Limine is directly contrary to authority in the 3rd Circuit Court of Appeals and is reversible error.

WHEREFORE, for all the above reasons, Plaintiff requests this Honorable Court to reconsider and reverse its decision to grant Defendants' Motion in Limine and grant Plaintiff a new trial on the issue of whether Defendants' failure to promote her in favor of a male was in violation of Title VII of the Civil Rights Act of 1964, as amended.

Respectfully submitted,

June 19, 2006
Date

s/ John R. Linkosky
John R. Linkosky, Esquire
Counsel for Plaintiff, Debora Novakowski

Pa. I.D. No. 66011
JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA C. NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | Judge McLaughlin<br>**Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the<br>UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion for New Trial was *electronically filed* on the ___19th___ day of June, 2006, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219


                s/ John R. Linkosky
                John R. Linkosky, Esquire
                Attorney for Plaintiff