IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA C. NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | Judge McLaughlin |
| | **Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

### BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION FOR NEW TRIAL

AND NOW, comes the Plaintiff Debora C. Novakowski, by and through her counsel John R. Linkosky, Esquire and John Linkosky and Assoc., and files this within Brief in Support of Plaintiff's Motion for New Trial pursuant to Fed. R. Civ. Pro. 59.

### I.  BACKGROUND

1. At issue in the within matter is whether Defendants discriminated against Plaintiff due to her gender in selecting a less qualified male for promotion to a position with a higher grade level in violation of Title VII of the Civil Rights Act of 1964, as amended.

2. In support of her claim that her gender was a determining factor in her non selection for promotion in favor of the male, Plaintiff sought to introduce evidence at trial that the selecting official, John Stranahan, Area Director of the Erie Area Office of the Occupational Safety and Health Administration of the United States Department of Labor, had, over a long period of time during his tenure as Area Director, tolerated a sexually abusive atmosphere and abusive conduct suffered by the female employees of the Erie Area Office despite complaints from those employees about the atmosphere and abusive conduct.

  3. On May 30, 2006, Defendants filed a Motion in Limine to Exclude Testimony Regarding a Sexually Hostile Environment And/Or Irrelevant Bad Acts of Miscellaneous Male Employees. In their Brief in Support of their Motion in Limine, Defendants argue that the evidence of a sexually hostile atmosphere and the failure of Mr. Stranahan to address the concerns of female employees in that regard was not relevant to the issue in this case. Defendants cited no authority to support their argument.

  4. On June 1, 2006, Plaintiff filed her Response to Defendant's Motion in Limine, in which she cited overwhelming Third Circuit authority in support of the relevance and admissibility of the evidence of a sexually hostile atmosphere in the Erie Area Office of OSHA that she proposed to introduce at trial.

  5. On June 2, 2006, Defendants filed a Reply Memorandum in Defendants' Motion in Limine to exclude evidence regarding a Sexually Hostile Environment And/Or Irrelevant Bad Acts of Miscellaneous Male Employees. (Hereinafter "Reply Memorandum").

  6. In their Reply Memorandum, Defendants once again cited no authority in support of their Motion in Limine but argued, contrary to the holdings in the authority cited by Plaintiff, that a sexually hostile atmosphere required inappropriate statements by a decision maker. Defendants further misstated holdings in the authority cited by Plaintiff in her Brief in Opposition to Defendants' Motion in Limine. Specifically, that the Third Circuit in <u>Glass v. Phila. Elect. Co.</u>, 34 F.3d 188 (3d Cir. 1988), held that hostile work environment evidence was admitted only so Plaintiff could rebuff the employers reason for the adverse personnel action.

  7. In their Reply Memorandum, Defendants also mischaracterized Plaintiff's intent in proposing to put forth the evidence in question as a "smear campaign" and that to present the evidence would require a mini trial. Again, Defendants did not support their repetitious argument in those regards with any authority.

## II. ARGUMENT

**1.     This Honorable Court erred in not permitting Plaintiff to introduce evidence that John Stranahan, the decision maker in the within case, tolerated an atmosphere hostile towards women in the Erie Area Office of OSHA.**

Evidence of a discriminatory culture in which employment decisions are made is relevant in a discrimination case. <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000). Comments made by a person not involved in the employment decision affecting Plaintiff were relevant and evidence of an <u>atmosphere</u> in which the employment decision was carried out. (emphasis added). The Third Circuit has made the admissibility and relevance of such evidence abundantly clear. <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204, 1214 (3d Cir. 1995); <u>Brewer v. Quaker State Oil Refining Corp.</u>, 72 F.3d 326 (3d Cir.). In <u>Glass v. Phila. Elec. Co.</u>, supra, the Third Circuit addressed the "judicial inhospitability to evidentiary exclusions in discrimination cases." The Court quoted the Eighth Circuit in <u>Estes v. Dick Smith Ford, Inc.</u>, 856 F.7th 1097, 1103 (8th Cir. 1984), in stating that:

> "The effect of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which Plaintiffs must face the difficult task of persuading the fact finder to disbelieve an employer's account of his own motives."
>
> "Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices. Evidence which in other kinds of cases may well unfairly prejudice a jury against the Defendant. In discrimination cases, however, such background evidence may be critical for a jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive."

In <u>Glass</u> the Third Circuit also quoted <u>Hunter v. Allis-Chalmers Corp.</u>, 797 F.2d 1417, 1421 (7th Cir. 1986), in which the Seventh Circuit upheld the District Court's decision to admit Plaintiff's evidence of harassment against black workers in a case alleging racially discriminatory discharge because "evidence was relevant both in showing that Allis-Chalmers

condoned racial harassment by its workers and in rebutting Allis-Chalmers' defense that it had fired Hunter for cause."  See also, Lake, et al. v. AK Steel Corporation, 2006 U.S. Dist. Lexis 25118 (W.D. Pa. 2006), citing Aman v. Cort Furniture, 85 F.3d 1074 (3d Cir. 1996), that it is beyond question that evidence sufficiently reflecting harassing or discriminating bias is admissible to prove intent or motive ... or pretext.  Aman, 85 F.3d at 1086.

In the within case, evidence of Mr. Stranahan's attitude toward women in the Erie Area Office is relevant in showing that he condoned a sexually hostile atmosphere toward women and can be used to rebut his reason for selecting a male for promotion in lieu of Plaintiff.

In Glass the Third Circuit held that, "we conclude that the District Court abused its discretion by repeatedly barring Glass at trial from introducing evidence about the hostile work environment at Eddystone...".

The holdings of the Third Circuit in regard to the relevance and admissibility of the evidence in question is clear and overwhelming.  In Aman v. Cort Furniture Rental, Corp., 85 F.3d 1074 (3d Cir. 1996), the Court stated that a supervisors attitude toward members of protected class and the manner in which he treated them was relevant to whether the supervisor "harbored a discriminatory attitude toward the class and if credited, made the existence of an improper motive for the [employment decision] more probable."

The exclusion of the evidence that Mr. Stranahan harbored and condoned a sexually hostile atmosphere toward women in the Erie Area Office of OSHA was critical to Plaintiff's case and its exclusion severely prejudiced Plaintiff's ability to prove that her gender was a factor in the failure to promote her.  At trial, Plaintiff produced substantial evidence that Plaintiff was the superior candidate for the job in question and that Defendants' reason for selecting the male as the "better qualified" candidate was pretextual.  However, on that evidence alone, the jury had to conclude that the evidence of pretext was sufficient for them to determine that Plaintiff's

gender was a "determining factor" in her non selection for the position. The evidence of Mr. Stranahan's bias toward women and a jury instruction that such bias was evidence of motive and pretext could have made a substantial difference in assisting the jury to determine that Plaintiff's gender was a factor in her non-promotion.

**2.     The evidence in question was not proposed for shock value or smear purposes.**

Defendants' argument that the evidence was proposed to be introduced solely for "shock value" and as a "smear campaign" are not reasons for the exclusion of the evidence.

Plaintiff never had an intention to "smear" Mr. Stranahan. What was proposed to be introduced as evidence was the true description of his conduct in regard to the abusive atmosphere toward women in the Erie Area Office of OSHA. Mr. Stranahan must bear responsibility for his own actions and inactions. Whether he is embarrassed after the fact about what he failed to do and how he failed to protect women is not the concern of this Honorable Court. Neither Defendants' or Mr. Stranahan's belief that evidence of his conduct "smears" him should not be a factor in whether the evidence is relevant and admissible.

Defendants' assertion that the evidence Plaintiff proposes to introduce is to be introduced only for "shock value" is likewise baseless. It is true that some of the evidence of the conduct of one man does have a very lurid connotation. Defendants can cite no authority which would exclude evidence of sexual harassment or a sexually hostile atmosphere simply because it is explicitly sexual or lurid. See <u>Suders v. Easton, et al.</u>, 325 F.3d 432 (3d Cir. 2003), in which the evidence of the discriminatory conduct experienced by Suder is extremely graphic, sexual and lurid, but it was not excluded from evidence for that reason.

3.	**The evidence of sexually hostile atmosphere at the Erie Area Office of OSHA should not be excluded because it would require a "mini trial".**

Defendants also argued that the evidence should be excluded because it would require a "mini trial" and presumably take up the time of the Court. That this Honorable Court should hear <u>all</u> the evidence regardless of the time it takes to efficiently present it is without question. In fact, had Plaintiff been able to present the evidence, it would have been presented with three or four witnesses including Mr. Stranahan and would not have taken substantial time nor would it have caused any undue delay in the progress of the trial.

4.	**The evidence in question would not confuse the jury.**

As in all jury trials, the parties must assume that the jury, once selected, is fully capable of not being confused by the evidence and with the aid of a proper jury instruction and the opportunity to question the Court about any doubts or confusion, as to the applicability of the evidence to the law, the jury can avoid confusion. Defendants' reason for excluding the evidence on this basis is not credible.

WHEREFORE, for all the above reasons, Plaintiff respectfully requests that this Honorable Court grant Plaintiff Debora Novakowski a new trial in which she will be allowed to present evidence of the sexually hostile atmosphere at the Erie Area Office that was condoned by John Stranahan.

Respectfully submitted,

<u>June 26, 2006</u>                                      <u>s/ John R. Linkosky</u>
Date                                                              John R. Linkosky, Esquire
                                                                      Counsel for Plaintiff, Debora Novakowski
                                                                      Pa. I.D. No. 66011
                                                                      JOHN LINKOSKY & ASSOC.
                                                                      715 Washington Avenue
                                                                      Carnegie, PA 15106
                                                                      412 278-1280

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA C. NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | NO.   04-356 ERIE |
| v. | Judge McLaughlin<br>**Electronically Filed** |
| ELAINE CHAO, SECRETARY, and the<br>UNITED STATES DEPARTMENT OF LABOR, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief in Support of Plaintiff's Motion for New Trial

was *electronically filed* on the ＿＿26th＿＿day of June, 2006, to the following:

Paul E. Skirtich, Esquire
Assistant U.S. Attorney
United States Department of Justice
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219


                                                      s/ John R. Linkosky
                                                    John R. Linkosky, Esquire
                                                    Attorney for Plaintiff