```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORA NOVAKOWSKI,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    CIVIL ACTION NO. 04-356E
                                  )
ELAINE CHAO, SECRETARY, AND THE   )    JUDGE McLAUGHLIN
UNITED STATES DEPARTMENT          )
OF LABOR,                         )    ELECTRONICALLY FILED
                                  )
            Defendants.           )
```

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL

AND NOW, come Defendants, Elaine Chao, Secretary, and the United States Department of Labor (DOL), by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said District, and file this Response in Opposition to Plaintiff's Motion for New Trial.

**I.   PLAINTIFF'S MOTION FOR NEW TRIAL**

**A.   Statement of the Original Claim of Discrimination**

Though this Court is quite familiar with this case after a four-day trial, Defendants provide the following as background to refresh the Court's memory.

This case involved one (1) issue concerning current employee Debora Novakowski of the Occupational Safety and Health

Administration ("OSHA"), Erie Area Office, U.S. Department of Labor ("DOL").  Ms. Novakowski claims that she was denied a promotion because of her gender.

DOL's defense was that although Ms. Novakowski can likely establish a prima facie case of unlawful discrimination, DOL could articulate legitimate non-discriminatory reasons for Ms. Novakowski's non-selection.  After a four-day trial, the jury returned a verdict for Defendants, determining that OSHA Area Director John Stranahan did not discriminate against Plaintiff when he selected Mr. Joseph Chmielewski as a Compliance Assistance Specialist in the Erie Office over Plaintiff and three other applicants.

**B.**    **The Motion in Limine**

On May 30, 2006, Defendants filed a Motion in Limine to Exclude Testimony Regarding a Sexually Hostile Environment and/or Irrelevant Bad Acts of Miscellaneous Employees.  In their brief, Defendants advanced that the evidence regarding bad acts of a miscellaneous male employee and the discipline he received was irrelevant to the nonselection case pursuant to Rules 401 and 402 of the Fed.R.Civ.P.  Specifically, Defendants advanced that alleged acts of a male employee who has no relation to the nonselection case is irrelevant since the instant matter was not a claim for disparate treatment with regard to discipline, and

evidence regarding the bad acts and discipline of a miscellaneous male employee does not make it more probable that Plaintiff was denied a promotion due to her gender.  Further, Defendants argued that long, separate mini-trials would take place on this irrelevant issue with Defendants having to call multiple witnesses to testify as to each time a woman violated an office policy, the type of discipline meted out and who was responsible for the decisions.  Finally, Defendants stated that the distinct and separate theory of recovery under Title VII, hostile work environment, is not a part of Plaintiff's district court complaint.

On June 6, 2006, this court heard arguments on the issue and granted the Motion in Limine of Defendants as it ruled that (1) the Plaintiff did not contend that she was subject to a sexually hostile environment and in fact, foreswore any such claim.  (See Transcript of Ruling of Judge McLaughlin, June 6, 2006, attached hereto as Exhibit 1, p. 2); (2) that the Novakowski case was not about disparate treatment relative to discipline since the plaintiff failed to contend that she suffered more severe discipline than her male counterparts at OSHA.  Additionally, this Court found that the alleged failure on the part of John Stranahan, selecting official and Area Director at the Erie office, to address the conduct of the miscellaneous male employee, is not relevant within the meaning of Rule 401 of

the Fed.R.Civ.P. insofar as the critical issue in the case, that is, did the decision-maker harbor a gender bias against Ms. Novakowski; and (3) this Court excluded the evidence, even if it was marginally relevant, under Rule 403 of the Fed.R.Civ.P. since it was confusing, prejudicial and extremely time-consuming. (See Exhibit 1, p. 3).

On June 19, 2006, Plaintiff filed a Motion for New Trial pursuant to Rule 59 of the Fed.R.Civ.P.  (See Plaintiff's Motion, introductory paragraph, unnumbered page 1).  Plaintiff claims that the holding of this Court on June 6, 2006, in granting Defendants' s Motion in Limine in excluding testimony regarding a sexually hostile environment and/or irrelevant bad acts of miscellaneous male employees, is directly contrary to legal authority in the Third Circuit and is grounds for reversible error.  (See Plaintiff's Motion for New Trial, para. 5, 6). Plaintiff failed to aver in either her Motion or the Brief in Support the specific basis pursuant to Rule 59 for her Motion.

## II.  ARGUMENT

### A.  Legal Standard

The District Court's decision regarding the admissibility of evidence is reviewed for abuse of discretion.  United States v. Serafini, 233 F.3d 758, 768 n. 14 (3d Cir. 2000).  In evaluating a motion for a new trial on the basis of trial error, the Court must first determine whether an error was made in the course of

trial, and then must determine "whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." Farra v. Stanley-Bostitch, Inc., 838 F.Supp. 1021, 1026 (E.D.Pa. 1993). The trial court has broad discretion in determining the admissibility of evidence and whether a new trial should be granted based on an erroneous evidentiary ruling. Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1370 (3d Cir. 1991).

To be entitled to a new trial pursuant to Rule 59(a) of the Fed.R.Civ.P., the movant must clearly establish either a manifest error of law or fact or must present newly discovered evidence. Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260 (7th Cir. 1986); United States v. Schiffer, 836 F.Supp. 1164 (E.D.Pa. 1993), aff'd., 31 F.3d 1175 (3d Cir. 1994).

**B.   This Court Correctly Excluded Irrelevant Evidence.**

This Court did not abuse its discretion in granting Defendants' Motion in Limine. Initially, this Court found that this case did not involve a claim of a hostile work environment (HWE), which is well-supported by the record. It is critical to note that, in her Motion for New Trial, Plaintiff failed to acknowledge her omission of a claim of HWE in her district court complaint. Clearly, the Novakowski district court pleading did not contain a claim for hostile work environment. (See, generally, Plaintiff's Complaint). This omission of Plaintiff's

5

is critical since a claim of hostile work environment is a distinct and separate theory of recovery under Title VII. (See AMTRAK v. Morgan, 536 U.S. 101, 115 (2002)). Moreover, the Court found that Plaintiff agreed in her federal lawsuit that she was not subject to a sexually hostile work environment. (Exhibit 1, p. 2). Plaintiff's counsel admitted at the initial pretrial conference and a subsequent pretrial conference with the Court that this civil action is not about a hostile work environment. (Defendants' Memorandum in Support of Motion in Limine to Exclude Evidence Regarding a Sexually Hostile Environment, p. 5).

As such, this Court's exclusion of the alleged evidence of the conduct of the miscellaneous employee, which Plaintiff sought to admit at trial, does not offend any precedent in this or any other circuit. (See Martin v. Port Authority, 2004 U.S. App. LEXIS 21856 *5, 6, 3d Cir., October 21, 2004) (evidence excluded as to allegedly racial statement and poster in complaint of race discrimination only and **not** of a hostile work environment); Suders v. Easton, 325 F.3d 432, 435 (3d Cir. 2003) (evidence admitted by district court in a discrimination claim including a hostile work environment claim); Robinson v. Runyon, 149 F.3d 507 (6th Cir. 1998) (documentary evidence of racially discriminatory atmosphere admitted by district court in a termination case which also included a claim of **hostile work environment**).

This Court next found and, Plaintiff failed to refute in her Motion, that her district court lawsuit is not about disparate treatment concerning a disciplinary issue. (See Exhibit 1, p. 3). At no time did Plaintiff allege that she or any other female at the Erie OSHA Office was disciplined more severely than a male for the same alleged infraction of OSHA rules. Consequently, this Court found that Plaintiff's argument that the alleged failure of the selecting official, Mr. Stranahan, to discipline the allegedly perverted conduct of the miscellaneous employee is not relevant in determining whether or not Mr. Stranahan harbored a gender bias in the nonselection of Plaintiff.

The record and case law plainly support the Court's ruling. Initially, Plaintiff failed to allege that Mr. Stranahan made any gender-biased comments at any time during his tenure as Area Director; rather, at trial, Plaintiff admitted that she never possessed any evidence, direct or indirect, of any such comments by Mr. Stranahan. Not having evidence of comments eviscerates Plaintiff's reliance on cases in this Circuit, such as Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995) [age discrimination case where evidence of comments by supervisor ('old fogies' and 'dinosaurs') was admitted]; Aman v. Cort Furniture, 85 F.3d 1074, 1082 (3d Cir. 1996) [race discrimination case claiming hostile work environment, constructive discharge, and retaliation where

7

district court admitted evidence of several comments made by management-level employees]; <u>Brewer v. Quaker State Oil Refining Corp.</u>, 72 F.3d 326 (3d Cir. 1995) [district court admitted article by CEO concerning age in company newsletter]; and others where evidence of discriminatory statements by supervisors was adduced, and thus, allowed courts to rule that Plaintiff could use those statements to show a discriminatory animus.  Those cases are substantially different from the facts of this one, and continued reliance upon them is simply erroneous.

Additionally, this Court's ruling was also correct since Plaintiff could not show that Mr. Stranahan personally engaged in any sexual harassment.  (See <u>DeLaski v. Merrill Lynch</u>, 65 Fed. Appx. 368, 2002 U.S. App. LEXIS 23397 *14 (3d Cir. 2002).

Moreover, this Court's ruling should be upheld for Plaintiff's failure to provide any other nexus between the alleged failure to discipline the miscellaneous employee by John Stranahan and his nonselection of Plaintiff.  (See <u>EEOC v. Clay Printing Co.</u>, 13 F.3d 813 (4th Cir. 1994).  Plaintiff has no evidence of any disciplinary action taken against her or any other female at OSHA by Mr. Stranahan; she has none because there is none.  Again, Plaintiff chose not to charge this case as one of a disparate claim concerning discipline, and thus, the exclusion of evidence by this Court was proper.

Finally, this Court correctly held that admission of Plaintiff's evidence would lead to separate mini-trials, confusion, and prejudice to the Defendant. The nature of Plaintiff's proposed evidence is rife with all of the problems as pronounced by this Court: bare allegations; scant facts; non-involved perpetrators; non-involved victims; and no evidence of the culpability of Mr. Stranahan. The Court would not only have to flesh out each and every allegation of sexual harassment but would also have to determine: (i) whether or not the incident occurred; (ii) whether or not John Stranahan was aware of each incident; (iii) the factors John Stranahan used to take or not take any action; and (iv) whether or not Defendants would present witnesses to refute the allegations made by Plaintiff, all of which are not connected with the nonselection decision in this case.

For example, Plaintiff alleges that the miscellaneous co-employee was seen abusing himself by a cleaning lady. The cleaning lady allegedly told her supervisor, who told the building manager. The manager relayed the complaint to John Stranahan. Mr. Stranahan confronted the miscellaneous worker, who denied the charges and gave a plausible answer explaining his undress (i.e., changing his clothes). Mr. Stranahan then consulted his human resource officer, who determined there was inadequate evidence to take any disciplinary action. If

Plaintiff would have been allowed to present this evidence, the end result (no grounds for discipline) could easily be overlooked once the jury heard the employee was abusing himself.  This example best depicts why the Court found the proposed evidence irrelevant.

Relevance is always a guide for a trial court to allow a jury to hear evidence which tends to prove or disprove material elements of a case.  Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994).  Without a nexus to John Stranahan, the conduct of the miscellaneous employee would lead to a runaway-from-the-issues jury, that is, one which would be duped from focusing on the nonselection issue to considering evidence of office misconduct on a lurid subject matter allegedly committed by an employee without any connection to the case at issue.  No rule of federal evidence, no case supports Plaintiff's accusation that this Court erred.  Simply, this Court did not abuse its discretion in excluding that evidence.

C.  **Even If This Court Abused Its Discretion in Excluding Evidence, This Court Did Not Commit Manifest Error Requiring a New Trial**.

Alternatively, even if this Court did abuse its discretion, it was not manifest error.  Whether or not evidence is incorrectly admitted, it is not manifest error if the record shows other sufficient evidence to support the same outcome. Goodman v. Pennsylvania Turnpike Comm'n., 293 F.3d 655, 676 (3d Cir. 2002).

The record is replete with evidence that supports the jury's verdict for the defense. Selecting Official Stranahan worked for many years with four of the five candidates for the position and was quite familiar with their work product, strengths, and weaknesses. Mr. Stranahan reviewed each candidate's application and attached documents. He interviewed each in the same manner and fashion, focusing on how each would perform the duties of this new position. Mr. Stranahan knew that Joe Chmielewski had more than twice as many years of OSHA experience as Plaintiff. Further, Mr. Stranahan knew that Mr. Chmielewski had conducted many hundreds of inspections as Plaintiff had; this number confirmed that Mr. Chmielewski had more exposure to industries, their specific machines, attendant hazards, and risks of that industry. Mr. Stranahan also knew that Mr. Chmielewski cited more violations of OSHA standards than Plaintiff, evincing a greater knowledge of the standards. Faced with the initial selection for this new position in Erie, Mr. Stranahan believed Mr. Chmielewski's better, salesman-like communication skills with employers and employees would make him the best choice for the job. Mr. Stranahan felt Plaintiff had good credentials but was not the best choice. In fact, Mr. Stranahan selected Plaintiff in 1999 as his choice, over all out-of-Erie OSHA applicants, including two males, for the first Compliance Assistance Specialist in OSHA Region III. But, in the 2001 applicant pool, Plaintiff was not the best choice.

11

WHEREFORE, based upon the above, this Court should summarily deny Plaintiff's Motion for New Trial.

>Respectfully submitted,
>
>MARY BETH BUCHANAN
>UNITED STATES ATTORNEY
>
>s/Paul E. Skirtich
>PAUL E. SKIRTICH
>Assistant U.S. Attorney
>Western District of PA
>U.S. Post Office & Courthouse
>700 Grant Street, Suite 4000
>Pittsburgh, PA 15219
>(412) 894-7418
>PA ID No. 30440

Dated:  July 28, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2006, a true and correct copy of the within Defendants' Response in Opposition to Plaintiff's Motion for New Trial was electronically filed and/or served by postage-paid U.S. Mail, to and upon the following:

>John R. Linkosky, Esquire
>John Linkosky & Associates
>715 Washington Avenue
>Carnegie, PA 15106

>s/Paul E. Skirtich
>PAUL E. SKIRTICH
>Assistant U.S. Attorney