# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

OF WESTERN PENNSYLVANIA

| | |
|---|---|
| DEBORA NOVAKOWSKI, | CIVIL DIVISION |
| Plaintiff, | No. 04-0356 (Erie) |
| vs. | |
| SECRETARY ELAINE CHAO, et al., | |
| Defendants. | |

Transcript of EXCERPT OF JURY TRIAL
JUDGE'S RULING ON MOTION IN LIMINE
commencing on JUNE 6, 2006
United States District Court, Erie, Pennsylvania
BEFORE: HONORABLE SEAN J. McLAUGHLIN, DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:     John R. Linkosky, Esq.
                       715 Washington Avenue
                       Carnegie, PA 15106

For the Defendant:     Paul E. Skirtich, Esq.
                       US Attorney's Office
                       700 Grant Street
                       Pittsburgh, PA  15219

Court Reporter:        Karen M. Earley, RDR-CRR
                       619 U.S. Courthouse
                       700 Grant Street
                       Pittsburgh, PA  15219
                       412-201-2660

Proceedings reported by mechanical stenography.
Transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2   (June 6, 2006.  In open court, jury not present.)
 3   (The following is an excerpt of the above-entitled jury trial:)
 4            THE COURT:  Secondly, the plaintiff proposes to
 5   introduce evidence that a male employee of the Erie office had
 6   viewed pornography on his computer and at times had printed
 7   pornographic pictures from his computer, and that additionally,
 8   the same individual was reported on two occasions by cleaning
 9   personnel to have been observed after hours at the office either
10   disrobed or partially disrobed allegedly abusing himself.
11            I also note for the record that Ms. Merkaudo, a
12   witness who will be called by the plaintiff, proposed to
13   testify that this same individual, who was a co-employee, had
14   treated her harshly and rudely during her tenure there, but
15   that such conduct did not represent sexually derogatory
16   comments or sexual harassment.
17            Defendant moves to preclude this testimony on the
18   basis that it is irrelevant under 401, and in any event, it's
19   prejudicial.  Its probative value does not outweigh its
20   prejudicial effect under Rule 403.
21            As a preliminary matter, I first note that the
22   plaintiff in this case does not contend that she was subject
23   to a sexually hostile environment.  In fact, any claim based
24   upon a sexually hostile environment insofar as the plaintiff
25   is concerned has been specifically foresworn.
```

1        Secondly, it is significant, and I note that this
2   is not a disparate treatment case relative to discipline.  The
3   plaintiff in this case is not contending that she suffered
4   more severe discipline as a result of alleged disciplinary
5   infractions than her male counterparts at the office.
6        In my view, the alleged failure on the part of
7   Mr. Stranahan to address this from a disciplinary standpoint,
8   the previously described conduct of the male employee is not
9   relevant within the meaning of Rule 41 insofar as the critical
10  issue in this case is concerned, and that is whether or not
11  the decision-maker or decision-makers in this case harbored a
12  gender bias which played a substantial role in the decision
13  not to promote the plaintiff.
14       Once, again, I reiterate for the record.  This is
15  not a disparate treatment case relative to Flynn, and if, as
16  the plaintiff contends, the discipline was inadequate, it does
17  not necessarily raise an inference with respect to that
18  matter, that it was more likely than not that Mr. Stranahan's
19  handling of those two instances from a disciplinary standpoint
20  evidenced a gender bias against women.
21       Furthermore, even if it could be said that the
22  evidence had some marginal relevance, in my view, it would be
23  independently excludable under Rule 403 as confusing,
24  prejudicial, and extremely time-consuming.
25       In my view, we would have to conduct a separate

1   mini trial on the issue of, for instance, did the incidents
2   happen, what was the quality of Mr. Stranahan's knowledge, why
3   did he or did he not take the actions that he did, among many
4   others, all the while taking the jury's eye off the main ball.
5          The motions in limine are granted.  Bring the jury
6   out.
7          MR. LINKOSKY:  Your Honor, I would like to lodge my
8   objection to your granting the motion in limine to just the
9   sexual hostile atmosphere.
10         THE COURT:  You got it.  It's noted.  Bring the
11  jury out.  Please.
12         (Whereupon, the above requested excerpt was
13  concluded.)
14                        - - -
15         I hereby certify by my original signature herein
16  that the foregoing is a correct transcript from the record of
17  proceedings in the above-entitled matter.

                    s/ Karen Earley
                    Karen M. Earley, RDR-CRR
                    Official Court Reporter